Ashley M. McDow (245114)
Fahim Farivar (252153)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:   310.820.8800
Facsimile:    310.820.8859
Email:          amcdow@bakerlaw.com
                    ffarivar@bakerlaw.com

Attorneys for Debtor
SOUTHERN INYO HEALTHCARE DISTRICT

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re | Case No.: 2016-10015 FEC |
| SOUTHERN INYO HEALTHCARE DISTRICT, | Chapter 9 |
| | Doc. No.: BH-15 |
| Debtor. | ***EX PARTE* MOTION TO CONTINUE DEADLINE TO FILE PLAN OF READJUSTMENT; DECLARATIONS OF ALAN GERMANY AND BRIAN S. WEISS IN SUPPORT THEREOF** |

SOUTHERN INYO HEALTHCARE DISTRICT ("SIHD" or the "Debtor"), the debtor in the above-captioned bankruptcy case (the "Bankruptcy Case"), hereby moves *ex parte* to continue the deadline within which to file a plan of readjustment from January 31, 2017 to February 28, 2017.  In support of the within motion (the "Motion"), the Debtor respectfully submits as follows:

///

///

## I. BACKGROUND

1. On or about June 29, 2016, the Court held a status conference to consider the status of the Bankruptcy Case. During the hearing, the Court ordered the Debtor to file a plan of readjustment on or before January 31, 2017, which was memorialized by a minute order entered on or about June 29, 2016 (the "Scheduling Order"). *See* Docket Entry ("D.E.") 198.

2. Thereafter, the Debtor continued making preparations for the plan of readjustment. Among other things, the Debtor retained Eide Bailly, LLP to conduct an independent audit of the financial information and records. The Debtor also began its search to retain a new controller to oversee the audit and assist in the preparation of the necessary financial statements to support the envisioned plan of readjustment. In addition, the Debtor continued its pursuit of additional revenue from public funding, including, without limitation, the Medi-Cal waiver program, for which the Debtor has since qualified. Concurrently, the Debtor began evaluating the executory contracts and leases to which SIHD was a party pre-petition, the business operations and equipment necessary to carry-out the operations during the terms of the envisioned plan, and the claims against the Debtor, including, without limitation, the purposed secured claim asserted by Everbank Commercial Finance, Inc. ("Everbank").

3. In or about October 2016, the Debtor lost key employees responsible for the maintenance of the financial records—individuals that were instrumental to the evaluation of the Debtor's financial condition and the preparation of the supporting financial documents and projections for the plan of readjustment. Although the Debtor had retained a controller in July 2016 to assist in preparation of the financial documents necessary to prepare a plan of debt readjustment, the status of the books and records of the Debtor were such that additional time was needed to analyze, evaluate, and in some instances, recreate the historical financial data — a process that was also slowed by a concurrent Medi-Cal audit and the preparation of certain Medicare reports, which subsumed a significant amount of her time.

4. As a result, on or about October 28, 2016, the Debtor filed its first *Ex Parte Motion to Continue Deadline to File Plan of Readjustment* (the "First Motion") [D.E. 222]. On or about October 31, 2016, the Court entered an order granting the First Motion, thereby

1  continuing the deadline for the Debtor to file a plan of readjustment from November 2, 2016 to
2  January 31, 2017 (the "First Order") [D.E. 225].

3       5.     Although the Debtor has made significant progress towards formulating a plan of
4  readjustment and has compiled the majority of the financial documents need to do so, an
5  independent financial advisor has been retained to assist the Debtor with preparing the financial
6  projections to be submitted in support of the plan of readjustment in order to alleviate the
7  administrative burden that has previously been placed on the Debtor's management in detriment
8  to the Debtor's operation.

9       6.     To this end, in early January 2017, Force 10 Partners, LLC (the "Firm") was hired
10 as financial advisors to assist the Debtor with preparing the plan of readjustment.  Currently, the
11 Firm is in the process of reviewing, analyzing, evaluating, and in some instances, recreating the
12 Debtor's historical financial data in order to formulate financial projections in support of the plan
13 of readjustment—a process that has proven to be more time consuming than originally anticipated
14 given, among other things, the draconian systems in place at SIHD.

15      7.     The Debtor believes that the Firm will be able to complete its analysis in the next
16 thirty (30) days, and that it will then take an additional two to three weeks to finalize the plan of
17 readjustment.

18      8.     In addition, the Debtor has recently reached an agreement with Everbank that will
19 significantly impact the plan of readjustment.  In short, the Debtor and Everbank have reached an
20 agreement by and through which the Debtor has agreed to purchase the assets purportedly secured
21 by a lien in favor of Everbank for a sum certain in full and complete satisfaction of the Everbank
22 claim, which is $602,845.62 according to the proof of claim filed by Everbank.  By and through
23 the agreement, the Debtor will settle one of the largest obligations of the Debtor.  The Debtor and
24 Everbank are currently finalizing the settlement agreement, which will be brought to the Court for
25 approval (even though such approval is not required).  The Debtor believes that the parties will be
26 able to finalize the agreement within the next fifteen (15) days.

27      9.     The Debtor is also in the process of finalizing omnibus motions to disallow a
28 number of claims, which the Debtor intends to set for a hearing on March 22, 2017 at 1:30 p.m.,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1 or as soon thereafter is convenient for the Court. The rulings on these motions will have a direct

2 impact on the plan of readjustment and the treatments of the claims therein.

## II. DISCUSSION

Pursuant to FRBP 9006(b)(1), the Court has the authority to alter the deadline for filing the plan of readjustment which was set in the First Order. FRBP 9006(b)(1) provides, in pertinent part, that:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order….

FRBP 9006(b)(1). "[I]n order to effectuate the purposes of chapter 9 to rehabilitate financially distressed municipal debtors, the court should permit ample time for the debtor to negotiate and file a plan…" *See 6-491 Collier on Bankruptcy,* P 941.04 (16th ed.). "[T]he debtor may not have had time even to organize its own affairs or its creditors sufficiently to begin negotiations at early stages of the case." *Id.*

The Debtor respectfully submits that cause exists to continue the deadline for filing a plan of readjustment from January 31, 2017 to February 28, 2017. Since the entry of the First Order, the Debtor has been working diligently to evaluate the financial condition and prospects of the Debtor, maximize the operations and profitability of the Debtor to ensure the continued operation of the hospital and its associated services and, thus, the greatest return for creditors, and, thereby, establish a viable plan of readjustment. In order to ensure that these efforts are not hampered, the Firm will assist the Debtor with the preparation of the financial documents to be submitted in support of the plan of readjustment.

The Firm is in the process of finalizing the cash flow projections to be submitted in support of the plan of readjustment. Once these are completed, the Debtor will be able to finalize the plan of readjustment. The Debtor has secured additional funds from the new Medi-Cal waiver program—funds that will provide additional source of funding for the plan of readjustment. The Debtor has also resolved the dispute with Everbank regarding the asserted security interest and the disposition of the related equipment through an agreement that will permit the Debtor to retain

1  the equipment (thereby avoiding any disruption in operations) and satisfy the Everbank claim in

2  exchange for a reduced payment to Everbank without any deficiency liability.  The Debtor is also

3  in the process of finalizing the omnibus motions to disallow and/or reclassify certain claims,

4  which will directly impact the treatments of certain creditors under the plan of readjustment.

5  　　　　Through its concerted efforts, the Debtor believes that it has laid the foundation for a

6  successful plan of readjustment.  Once the financial projections are completed, the Debtor will be

7  able to expeditiously finalize, file, and seek approval of its plan of readjustment.  Accordingly,

8  the Debtor respectfully submits that adequate cause exists to continue the deadline for the

9  submission of the plan of readjustment established by the First Order for a period of

10  approximately thirty (30) days.

11  **III.　　CONCLUSION**

12  　　　　WHEREFORE, the Debtor respectfully requests that the Court enter an order (1) granting

13  this Motion, (2) continuing the deadline for filing a plan of readjustment establishing in the First

14  Order from January 31, 2017 to January 21, 2017, and granting any further or additional relief the

15  Court deems just and appropriate.  A copy of the proposed order is attached hereto as **Exhibit A.**

17  Dated:    January 25, 2017             Respectfully submitted,

19  　　　　　　　　　　　　　　　　　　　　**BAKER & HOSTETLER LLP**

20  　　　　　　　　　　　　　　　　　　　　By:     */s/Ashley M. McDow*
21  　　　　　　　　　　　　　　　　　　　　         Ashley M. McDow
                                                     Fahim Farivar

22  　　　　　　　　　　　　　　　　　　　　Attorneys for Debtor
23  　　　　　　　　　　　　　　　　　　　　SOUTHERN INYO HEALTHCARE DISTRICT

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

*EX PARTE* MOTION TO CONTINUE DEADLINE TO FILE PLAN OF READJUSTMENT

# EXHIBIT A

Ashley M. McDow (245114)
Fahim Farivar (252153)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:    310.820.8800
Facsimile:     310.820.8859
Email:          amcdow@bakerlaw.com
                    ffarivar@bakerlaw.com

Attorneys for Debtor
SOUTHERN INYO HEALTHCARE DISTRICT

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>Debtor. | Case No.: 2016-10015 FEC<br><br>Chapter 9<br><br>Doc. No.: BH-15<br><br>**ORDER GRANTING *EX PARTE* MOTION TO CONTINUE DEADLINE TO FILE PLAN OF REREADJUSTMENT** |

Having reviewed and considered the *Ex Parte Motion to Continue Deadline to File Plan of Readjustment* filed by Southern Inyo Healthcare District (the "Debtor"),

**IT IS HEREBY ORDERED** that:

1. The deadline for the Debtor to file a plan of readjustment is continued from January 31, 2017, to March 31, 2017;

2. Not later than March 31, 2017, the Debtor shall set the disclosure statement for hearing on at least 42 days' notice and that the notice of the hearing shall indicate that any opposition to the disclosure statement must be filed and served no less than fourteen (14) days prior to the hearing;

3. The status conference is continued to March 2, 2017, at 1:30 p.m.;

4. No later than seven (7) days after entry of this order, the Debtor shall serve this order on the Office of the United States Trustee, all creditors, parties in interest and their counsel of record and shall file a certificate of service so indicating; and

5. Failure to comply with this order may result in dismissal of this bankruptcy case.

Dated: January ___ , 2017    _____
                                        Hon. Fredrick E. Clement
                                        United States Bankruptcy Judge

# DECLARATION OF ALAN GERMANY

I, Alan Germany, hereby declare:

1.  I am the duly appointed Chief Restructuring Officer of Southern Inyo Healthcare District. I submit the within declaration in support of the *Ex Parte Motion to Continue Deadline to File Plan of Adjustment* (the "Motion") filed by SIHD in the above-captioned bankruptcy case.[1]

2.  Except as otherwise stated, I have personal knowledge of the matters set forth herein and, if called as a witness, could competently testify to the same.

3.  Since the entry of the Scheduling Order, the Debtor has continued making preparations for the plan of readjustment. Among other things, the Debtor retained Eide Bailly, LLP to conduct an independent audit of the financial information and records. The Debtor also began its search to retain a new controller to oversee the audit and assist in the preparation of the necessary financial statements to support the envisioned plan of readjustment. In addition, the Debtor continued its pursuit of additional revenue from public funding, including, without limitation, the Medi-Cal waiver program, for which the Debtor has since qualified. Concurrently, the Debtor began evaluating the executory contracts and leases to which SIHD was a party pre-petition, the business operations and equipment necessary to carry-out the operations during the terms of the envisioned plan, and the claims against the Debtor, including, without limitation, the purposed secured claim asserted by Everbank.

4.  In or about October 2016, the Debtor lost key employees responsible for the maintenance of the financial records—individuals that were instrumental to the evaluation of the Debtor's financial condition and the preparation of the supporting financial documents and projections for the plan of readjustment. Although the Debtor had retained a controller in July 2016 to assist in preparation of the financial documents necessary to prepare a plan of debt readjustment, the status of the books and records of the Debtor were such that additional time was needed to analyze, evaluate, and in some instances, recreate the historical financial data — a process that was also slowed by a concurrent Medi-Cal audit and the preparation of certain

---

[1] Any capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

Medicare reports, which subsumed a significant amount of her time.

5. Although the Debtor has made significant progress towards formulating a plan of readjustment and has compiled the majority of the financial documents need to do so, an independent financial advisor has been retained to assist the Debtor with preparing the financial projections to be submitted in support of the plan of readjustment in order to alleviate the administrative burden that has previously been placed on the Debtor's management in detriment to the Debtor's operation.

6. To this end, in early January 2017, Force 10 Partners, LLC (the "Firm") was hired, as financial advisors to assist the Debtor with preparing the plan of readjustment. Currently, the Firm is in the process of reviewing, analyzing, evaluating, and in some instances, recreating the Debtor's historical financial data in order to formulate financial projections in support of the plan of readjustment—a process that has proven to be more time consuming than originally anticipated given, among other things, the draconian systems in place at SIHD.

7. It is my understanding that the Firm will be able to complete its analysis in the next thirty (30) days, and that it will then take an additional two to three weeks to finalize the plan of readjustment.

8. In addition, the Debtor has recently reached an agreement with Everbank that will significantly impact the plan of readjustment. In short, the Debtor and Everbank have reached an agreement by and through which the Debtor has agreed to purchase the assets purportedly secured by a lien in favor of Everbank for a sum certain in full and complete satisfaction of the Everbank claim, which is $602,845.62 according to the proof of claim filed by Everbank. By and through the agreement, the Debtor will settle one of the largest obligations of the Debtor. The Debtor and Everbank are currently finalizing the settlement agreement, which will be brought to the Court for approval (even though such approval is not required). It is my understanding that the parties will be able to finalize the agreement within the next fifteen (15) days.

9. The Debtor is also in the process of finalizing omnibus motions to disallow a number of claims, which the Debtor intends to set for a hearing on March 22, 2017 at 1:30 p.m., or as soon thereafter is convenient for the Court. The rulings on these motions will have a direct

impact on the plan of readjustment and the treatments of the claims therein.

10. Through its concerted efforts, the Debtor believes that it has laid the foundation for a successful plan of readjustment. Once the financial projections are completed, the Debtor will be able to expeditiously finalize, file, and seek approval of its plan of readjustment.

11. I believe a continuation of the deadline to file a plan of adjustment from January 31, 2017 to March 31, 2017 will provide sufficient time to finish the preparation of the financial projections and propose a viable plan of adjustment.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of January, 2017, at ___Tulare___, California.

_____
Alan Germany

## DECLARATION OF BRIAN S. WEISS

I, Brian S. Weiss, hereby declare:

1. I am a co-founder and a partner of Force 10 Partners, LLC (the "Firm") located at 20341 SW Birch Suite 220, Newport Beach, CA 92660.[2]

2. I submit the within declaration in support of the *Ex Parte Motion to Continue Deadline to File Plan of Readjustment* (the "Motion") filed by SIHD in the above-captioned bankruptcy case.

3. I know each of the following facts to be true of my own personal knowledge or information and belief, and if called as a witness, I could and would competently testify with respect thereto.

4. In early January 2017, the Firm was hired as financial advisors to evaluate the Debtor's financial condition and documents, and formulate the financial projections to be submitted in support of the plan of readjustment (collectively, the "Project").

5. The Firm and I have advised and worked closely with numerous companies and boards of directors, and have successfully guided them through both external challenges and internal challenges in and out of bankruptcy, including evaluating their financial condition, improving and updating their financial documents, and properly formulate their financial projections. True and correct copies of my resume as well as a summary of the Firm's experience are attached hereto as **Exhibit 1** and incorporated herein and in the Motion by reference.

6. The Firm and I have a broad range of experience in a number of industries. A number of my engagements have been to serve as Chief Restructuring Officer or Financial Advisor to the Board of Directors, often through formal bankruptcy court appointment. My engagements have also included acting as a both a permanent and provisional director board member.

7. In early January 2017, the Debtor hired the Firm as financial advisors to assist the Debtor with preparing the plan of readjustment. Currently, the Firm is in the process of reviewing, analyzing, evaluating, and in some instances, recreating the Debtor's historical

---

[2] Any capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

- 9 -

financial data in order to formulate financial projections in support of the plan of readjustment—a process that has proven to be more time consuming than originally anticipated given, among other things, the draconian systems in place at SIHD.   In this process, I have become very knowledgeable regarding the Debtor's operating.

8. Based on my general qualifications and experience, as well as my specific knowledge of and experience, I believe the Debtor needs additional time to complete its analysis in the next thirty (30) days, and that it will then take an additional two to three weeks to finalize the plan of readjustment.

9. I believe a continuation of the deadline to file a plan of readjustment from January 31, 2017 to February 28, 2017 will provide sufficient time to finish the preparation of the financial projections and propose a viable plan of readjustment.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 25th day of January, 2017, at Newport Beach, California.

_____
Brian S. Weiss

# EXHIBIT 1

Case 16-10015    Filed 01/25/17    Doc 232



# Overview

While Force 10 is a new entity, its professionals have extensive experience and national reputation in providing the type of services required by debtors and creditors. With a breadth of experience in complex restructuring matters, litigation support, and finance, its professionals advise debtors, shareholders, equity committees, lenders, and creditors in bankruptcy proceedings, compiling an impressive track record of debtor and creditor advisory assignments. Force 10 has professionals with the ability to act as expert witnesses in litigation matters on such issues as solvency, valuation, plan feasibility, interest rate opinions, preference/avoidable transactions, economic damages, fraud examination and accounting issues.

## Expertise

### Corporate Restructuring Services

Force 10's professionals have substantial experience and thoroughly understand the restructuring process. We advise clients through complex corporate restructurings, including both in and out-of-bankruptcy court matters. Many of our clients have complex capital structures, cross-collateralization issues, owner/shareholder fiduciary/conflict of interest concerns, and other issues.

### Creditor Representation

Force 10 also represents Secured Creditors and Creditor Committees. We have assisted in evaluation of Plans of Reorganization and have prepared Plans to compete with a Debtor's Plan to maximize the recovery to our clients by evaluating the Debtor's business operations, key metrics, and business viability. Further we assess the feasibility of the Debtor's proposed Plan of Reorganization; going concern and forced liquidations under Section 363; investigate preference actions; and analyze insider compensation, prepetition asset transfers/sales, and other actions of directors and officers.

### Fiduciary Services

Force 10's breadth of skills and experience with operating businesses, financial discipline, forensic accounting, and litigation support have been widely recognized as an excellent fit for being appointed and serving in fiduciary capacities. Generally, Force 10 is appointed as a fiduciary in situations involving complex litigation, financial disputes, breaches of fiduciary duties, and general supervision.

### Forensic Accounting

Force 10 professionals have an investigative mindset, deep analytical skills, and extensive experience in performing investigative and forensic accounting services. Our clients include boards of directors/special committees, creditors' committees, plaintiff's legal counsel, and trustees. These services encompass fraud investigation, financial disputes, fraudulent transfers and avoidable transactions, and the application of complex accounting issues.

### Expert Testimony

Force 10 professionals are competent and credible expert witnesses with experience testifying about solvency, valuation, interest rates, securities, and accounting, as well as professional duty of care standards including financial advisors and investment bankers.

### Business Turnaround & Crisis Management

Force 10's team works closely with our clients' management teams, board of directors, and investors to develop and implement turnaround plans through significant improvement in financial and operating performance. We have extensive operating experience and know-how to quickly stabilize a crisis. We provide an independent evaluation of the key business drivers, operating infrastructure, competitive landscape, and strategy to reduce losses, increase liquidity, and improve the performance of the business.

### Investment Banking

Force 10 professionals hail from leading investment banks (Oppenheimer, CIBC World Markets and Jefferies) and have decades of experience advising on mergers, acquisitions, divestitures, and corporate finance for distressed and healthy companies. Our leading market share in transactions taking advantage of section 363 of the bankruptcy code is well known.



# Representative Engagements

We extend our track record of success with each new engagement. The following represents Force 10 professionals' successes:

## Debtor FA

- Freedom Communications (OC Register) ($175mm Revenue)
- The Signature Towers (MGM/Turnberry JV) ($800mm claims)
- Blue Bee, Inc.
- AirFasttickets, Inc. ($100mm debt)
- Bacchus Development (30 office buildings, $70mm in debt)
- Breckenridge Food Systems & Related Debtors (20+, 209 legal entities, $300mm+ in debt, (John Gantes))
- In re: Randall Blanchard (individual Ch. 11)
- In re: Hamilburg (individual Ch. 11)
- In re: Shirley McClure (individual Ch. 11)
- Metropolitan Automotive
- RCR Plumbing & Mechanical ($250mm in sales)
- IS West
- CyberDefender
- Renaissance Surgical Arts

## Creditor FA

- Carl's Furniture
- AGE Refining
- Crystal Cathedral Ministries (Mega Church $50mm in debt)
- Background Images
- Isayan (Individual)

## Valuation Related

- Freedom Communications (The Orange County Register newspaper)
- Internet Specialties West
- United Prosperity Group
- CTC Corporation
- CyberDefender
- CIR Restaurant Holdings Group
- Aletheia Research and Management
- AirFast Tickets
- Morgan Drexen
- Aloojian Enterprises
- WallDesign Incorporated

## Fudiciary Roles

- Delaware Chancery Court Receiver for AirFastTickets, Inc., a Delaware corporation with subsidiaries in Greece, Germany and the UK.
- AFT Responsible Party, Debtor in Possession, (1:15-bk-11951) in New York Southern District Bankruptcy Court.
- Receiver for Professional Healthcare Billing Services, California, Virginia and Wyoming LLCs (3 entities)
- TreFratelli, LLC, a Wyoming LLC
- Federal Court Appointed Receiver for John Wallace (individual)
- Bacchus Development & Related Debtors
- Internet Specialties West
- Breckenridge Food System (John Gantes)
- SR Restaurant Holdings Group (John Gantes)
- CIR Restaurant Holdings Group (John Gantes)
- Evantix
- Sendio
- Active Wallace Group

## Plan Agent/Trustee

- Walldesign Liquidation Trust
- Auarsound Liquidating Trust
- Composite Technology Corporation & Related Debtors (4 entities)
- Internet Specialties West
- W/C Imports

## Investment Banking

- Internet Specialties West
- Aloojian Enterprises
- Medical Capital remnant assets
- GSP Precision
- CyberDefender
- Evantix
- Novistar
- PetroleumPlace
- Caminus



# FORCE 10
PARTNERS

## Adam Meislik



Adam leverages his accomplished career, spanning twenty-five years in restructuring and corporate finance, into various roles for his clients, including financial advisor, investment banker, CRO, expert witness, and fiduciary. His clients have run the gamut, including companies, bank lenders and other secured and unsecured creditors, buyers, sellers, bankruptcy counsel, and litigators, all in the context of workouts, insolvency proceedings, fundraising, M&A, and litigation. He provides expert testimony concerning transactions, intangible/intellectual assets, valuation, solvency, and reasonably equivalent value issues. Adam has a proven record in advising, structuring, and executing in excess of 100 mergers, acquisitions, capital transactions, restructurings, and litigation support assignments.

Prior to co-founding Force 10 Partners in 2016, Adam was a Senior Managing Director at GlassRatner Advisory & Capital Group and Co-President of GlassRatner Securities. Adam was also a Principal with XRoads Solutions Group. He spent half his career at CIBC World Markets and its predecessor, Oppenheimer & Company, where he led numerous multi-disciplinary teams on large capital markets, M&A, and restructuring assignments. He also co-established CIBC's Houston-based energy practice and helped establish CIBC's software practice. Prior to CIBC, Adam worked in the energy groups at Jefferies and Howard Weil.

Adam also serves as a director of public and private companies. Currently, he is board director of the twelve-year-old Orange County-based Sendio, an email security provider, and Evantix (business and assets sold to Optiv, May 2016).

Adam majored in finance and graduated with a bachelor of science degree in management from Tulane University in 1993. He holds FINRA Series 24, 79, and 62 licenses.

**Adam Meislik**
**Direct:** 949.357.2359
**Mobile:** 949.281.6458
**Email:** ameislik@force10partners.com



# Nicholas Rubin



Nicholas is a co-founder of Force 10 Partners. Prior, he was a Senior Managing Director with GlassRatner Advisory & Capital Group. Nicholas has over 20 years of combined leadership experience in capital markets, financial planning, commercial real estate, and corporate finance. He began his career at a leading international public accounting and auditing firm, where he worked with clients providing accounting, management accounting, and auditing services. In addition to his experience in accounting, he has served in many executive interim leadership roles as well as team leader in many business consulting assignments with a specialization in dispute resolution.

Nicholas has experience developing and leading teams that implement solutions designed to ensure optimal performance through financial planning, budgeting, profitability, and needs analysis. Nicholas's experience includes restructuring and corporate finance, including roles as a financial advisor and investment banker.

Nicholas works closely with clients to build comprehensive and strategic plans incorporating financial planning, consolidation, infrastructure, management reporting, and business intelligence to support growth. He has managed clients and businesses in the U.S., China, Hong Kong, Israel, and South Africa. His clients include corporations, banks, lenders and other secured and unsecured creditors, buyers, sellers, bankruptcy counsel, and litigators.

Nicholas holds a bachelor of commerce degree in financial and management accounting, auditing, business management, marketing, and finance from the University of Port Elizabeth, South Africa.

**Nicholas Rubin**

**Direct:** 949.357.2364

**Mobile:** 949.633.1628

**Email:** nrubin@force10partners.com

**Force Ten Partners LLC** 20341 SW Birch Street, Suite 220, Newport Beach, CA 92660
**Phone:** (949) 357-2360 **Web:** http://force10partners.com **Email:** info@force10partners.com



# Brian Weiss



Brian specializes in advising public and private companies with complex transactions including busness restructuring, crisis management, and acquisitions/divestitures. Brian focuses on in- and out-of-court business restructuring serving in various capacities, including financial advisor to both debtors and creditors, chief restructuring officer, plan/liquidating trustee, and expert witness.

**Brian Weiss**

**Direct:** 949.357.2368

**Mobile:** 949.933.7011

**Email:** bweiss@force10partners.com

Prior to co-founding Force 10 Partners in 2016, Brian was the principal of BSW & Associates, a firm he founded in 2006. Prior to 2006, Brian served as Vice President of Finance, North America for Tomy Co. Ltd. with consolidated revenues in excess of $1 billion. Brian successfully led the financial turnaround of the North America business unit prior to its merger with its largest competitor. Brian also served as Financial Controller for Jazz Semiconductor, a spin-off of Conexant Systems' semiconductor manufacturing operations through a joint venture with The Carlyle Group. Brian was responsible for preparing the company for an initial public offering, leading the acquisition due diligence process, structuring joint ventures/strategic investments, oversight of all finance, accounting, and reporting functions, and the company-wide implementation of the Sarbanes-Oxley Act.

Brian has also served in senior finance capacities for Avamar Technologies (acquired by EMC Corporation) and Flashcom, Inc. At Flashcom, Brian was responsible for preparing the company for an initial public offering, financial planning, leading the due diligence process for proposed strategic transactions, and managing the accounting department. Brian was also employed at PricewaterhouseCoopers LLP. He is a Certified Public Accountant and received his master's degree in business administration from the University of Southern California.