Ashley M. McDow (245114)
Michael T. Delaney (261714)
Fahim Farivar (252153)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:    310.820.8800
Facsimile:     310.820.8859
Email:           amcdow@bakerlaw.com
                    mdelaney@bakerlaw.com

Attorneys for Debtor,
SOUTHERN INYO HEALTHCARE DISTRICT

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>            Debtor. | Case No.: 2016-10015<br><br>Chapter 9<br><br>FEC-002<br><br>**CHAPTER 9 STATUS REPORT**<br><br>Status Conference:<br>Date:    April 12, 2017<br>Time:   1:30 p.m.<br>Place:  Dept. A, Ctrm 11<br>          U.S. Bankruptcy Court<br>          2500 Tulare Street<br>          Fresno, CA 93721 |

SOUTHERN INYO HEALTHCARE DISTRICT ("SIHD" or the "Debtor"), the debtor in the above-captioned bankruptcy case (the "Bankruptcy Case"), respectfully submits the within *Chapter 9 Status Report*.

/ / /

/ / /

610570197.2

# STATUS REPORT

**I.     BANKRUPTCY CASE**

    **A.     Petition and Schedules**

        1.     On January 4, 2016, SIHD commenced the instant Bankruptcy Case by filing a voluntary petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code").

        2.     On or about January 19, 2016, the Debtor filed its schedules and statement of financial affairs. On or about February 5, 2016, the Debtor filed an amended summary of schedules as well as amended versions of Schedule D, Schedule E and Schedule F. On or about February 9, 2016, the Debtor filed an amended version of Schedule G. On or about March 3, 2016, the Debtor filed a second amended version of Schedule G.

        3.     On or about July 12, 2016, the Court entered an *Order for Relief under Chapter 9* in the Bankruptcy Case.

    **B.     Appointment of Patient Care Ombudsman**

        4.     On or about January 6, 2016, the Court issued the *Order to Appear and Show Cause Why a Patient Care Ombudsman Should Not Be Appointed*. On or about January 25, 2016, SIHD filed the *Debtor's Motion to Excuse the Appointment of a Patient Care Ombudsman*. On or about February 3, 2016, the Debtor filed the *Declaration of Colleen Wilson, Chief Nursing Officer, in Support of the Motion to Excuse the Appointment of a Patient Care Ombudsman*. A hearing to consider the appointment of a patient care ombudsman was held on February 10, 2016, at 1:30 p.m. On or about February 16, 2016, the Court entered an order denying the *Debtor's Motion to Excuse the Appointment of a Patient Care Ombudsman*. On or about February 17, 2016, the Court entered an order directing the appointment of a patient care ombudsman. On or about March 4, 2016, the Office of the United States Trustee filed a notice regarding the appointment of Joseph Rodriques as patient care ombudsman. *See* Docket Entry 93.

        5.     On or about April 8, 2016, the ombudsman filed the *First Report of the Patient Care Ombudsman*, which indicated, among other things, that no complaints have been made

regarding the services provided by the Debtor. Accordingly, the ombudsman had no recommendations for the Court.

6. On or about June 7, 2016, the ombudsman filed the *Second Report of the Patient Care Ombudsman*, which indicated, among other things, that patients were comfortable and receiving adequate care. Accordingly, the ombudsman had no recommendations for the Court.

7. On or about August 5, 2016, the ombudsman filed the *Third Report of the Patient Care Ombudsman*, which indicated, among other things, that patients were comfortable and presented no complaints regarding the facility or the treatment they were receiving. Accordingly, the ombudsman had no recommendations for the Court.

8. On or about October 4, 2016, the ombudsman filed the *Fourth Report of the Patient Care Ombudsman*, which indicated, among other things, that patients were comfortable and presented no complaints regarding the facility or the treatment they were receiving. Additionally, the ombudsman did not note any issues with the operations of the facility. Thus, the ombudsman had no recommendations for the Court.

9. On or about December 2, 2016, the ombudsman filed the *Fifth Report of the Patient Care Ombudsman*, which indicated, among other things, that the patients were comfortable and that SIHD expeditiously addressed the few minor issues that arose. Accordingly, the ombudsman had no recommendations for the Court.

10. On or about January 31, 2017, the ombudsman filed the *Sixth Report of the Patient Care Ombudsman*, which indicated, among other things, that the facility appeared to be clean, patients were comfortable and that SIHD expeditiously addressed and/or was working to resolve the few minor issues that arose. Accordingly, the ombudsman had no recommendations for the Court.

11. On or about March 28, 2017, the ombudsman filed the *Seventh Report of the Patient Care Ombudsman*, which indicated, among other things, that the patients were comfortable and satisfied with the services, the facility staff assisted residents routinely with daily activities, and that SIHD expeditiously addressed a minor complaint that arose. Accordingly, the ombudsman had no recommendations for the Court.

**C.      Adequate Assurance Stipulations**

12.     SIHD has negotiated stipulations regarding the provision of adequate assurances pursuant to 11 U.S.C. § 366 with the following utility providers: (a) the Los Angeles Department of Water and Power; (b) Preferred Septic and Disposal; (c) Eastern Sierra Propane; (d) Thomas Petroleum; (e) California Broadband; (f) ATI Medical Waste Management; (g) the County of Inyo Town and Water Systems; and (h) Bishop Welding.  The Court has entered orders approving the stipulations.

**D.      Executory Contracts/Unexpired Leases**

13.     On or about March 17, 2016, SIHD and BETA Risk Management Authority ("BETA") entered into a stipulation to assume certain insurance agreements by and between SIHD and BETA.  On or about March 22, 2016, the Court entered an order approving the stipulation between SIHD and BETA and the assumption of the subject agreements.

14.     SIHD has rejected an unexpired lease with Everbank Commercial Finance, Inc. ("Everbank") for certain medical equipment.  Following the rejection of the Everbank agreement (the "Everbank Agreement"), SIHD agreed to purchase the equipment subject to the Everbank Agreement.  On or about March 7, 2017, SIHD and Everbank filed a motion for an order pursuant to Rule 9019 of Federal Rule of Bankruptcy Procedure seeking approval of the settlement and mutual release agreement by and between SIHD and Everbank (the "Settlement Agreement"), which the Court approved on or about March 22, 2017.  In sum, SIHD has agreed to pay Everbank the sum of One Hundred Fifty Thousand Dollars ($150,000.00) within thirty (30) days of the effective date of the Settlement Agreement in exchange for the withdrawal of the proof of claim no. 43-1 filed by Everbank in the Bankruptcy Case, and a transfer or release, as applicable, from Everbank to SIHD of any and all right(s), title and interest in various medical equipment that was the subject of the Everbank Agreement.  The Settlement Agreement also provides for mutual and general releases by and between SIHD and Everbank.

15.     SIHD shall identify the treatment of additional executory contracts and unexpired leases in the forthcoming plan for the adjustment of debts.

- 4 -

610570197.2

**E.     Relief from Stay**

16.     On or about March 29, 2016, J.M.H., II, a minor, moved for relief from stay to proceed with pending litigation relating to alleged medical malpractice and recover any judgment resulting from such litigation from any insurance coverage.  Thereafter, SIHD entered into a stipulation to grant J.M.H., II, relief from the automatic stay to proceed with the pending litigation and seek to recover any judgment from any insurance coverage.  The Court entered an order approving the stipulation on or about April 15, 2016.

17.     On or about June 7, 2016, Everbank filed a motion for relief from the automatic stay in order to record a UCC-3 financing statement indicating the assignment of a security interest in certain medical equipment utilized by the hospital.  The motion also requested that the Court set a deadline by which SIHD either assume or reject the purported lease agreement between Everbank and SIHD.  SIHD opposed the motion and, more specifically, the characterization of the agreement as an unexpired lease or executory contract.  The Court ultimately granted in part and denied in part Everbank's motion and set a deadline for SIHD to assume or reject the Everbank Agreement.  However, as noted above, SIHD and the Debtor entered into the Settlement Agreement.

**F.     Case Administration**

18.     On or about March 1, 2016, the California Department of Public Health (the "CDPH") reinstated SIHD's license to operate the hospital.  Following the reinstatement of the license, SIHD commenced operations at the hospital and the associated clinic and skilled nursing facility.

19.     The Debtor has been tracking revenues from the operations and evaluating the performance of the hospital, clinic and skilled nursing facility.  The Debtor has engaged a financial advisory firm to assist with the analysis of the data and creation of financial projections.  The Debtor is in the process of finalizing the financial projections that will be filed in support of the forthcoming plan for the adjustment of debts.

20.     SIHD has completed its analysis of potential avoidance actions.  Based on its findings, the Debtor sent demand letters to a number of potential defendants and, since then, has

- 5 -

610570197.2

begun negotiating with several of these individuals and entities in an effort to amicably resolve the disputes. Such avoidance actions and any potential recoveries therefrom shall be accounted for in any plan of adjustment.

21. The Debtor has also fixed the deadline for filing claims. Pursuant to the *Order Granting Motion to Set Claims Bar Date Pursuant to Fed. R. Bankr. P. 3003(c)(3)*, the deadline to file claims was September 30, 2016.

### G. Pending and Prior Litigation

22. As of the commencement of the Bankruptcy Case, the Debtor was party to certain pending lawsuits, including the following: *Perez v. Kibler, et al.*, case no. SICV CV 1457395, pending in the California Superior Court for the County of Inyo (the "Perez Litigation"); *Anderson v. Southern Inyo Healthcare District*, case no. 30-2015-00817277-CL-CL-CJC (the "Anderson Litigation"); and *Craneware, Inc. v. Southern Inyo Healthcare District*, 15CV04309, pending in the District Court of Johnson County, Kansas (the "Craneware Litigation").

23. On or about February 1, 2016, the Anderson Litigation was dismissed.

24. On or about March 30, 2016, the Debtor removed the Craneware Litigation to this Court. On or about August 29, 2016, the Court dismissed the Craneware Litigation for failure to prosecute. On or about January 27, 2017, the underlying state court action was dismissed without prejudice.

25. Based on the nature of the Perez Litigation, the Debtor did not remove the action.

26. In addition to the actions pending on the petition date, on or about January 13, 2016, the Debtor filed a complaint against the CDPH and Karen Smith—thereby commencing the adversary proceeding styled *Southern Inyo Healthcare District v. California Department of Public Health, et al.*, adv. no. 2016-01008 (the "CDPH Adversary"). By and through the CDPH Adversary, the Debtor sought a determination that the suspension or revocation of the Debtor's hospital licensure violated the automatic stay. Following the reinstatement of SIHD's licenses, the Debtor and the defendants in the CDPH Adversary reached an agreement to dismiss the CDPH Adversary without prejudice. On or about March 9, 2016, SIHD filed a stipulation to

dismiss the CDPH Adversary without prejudice, which the Court approved by order entered on or about March 10, 2016.

## II. MEDIATION

27. The Debtor does not believe that there are any pending disputes that require mediation at this time.

## III. SECTION 923 NOTICE

28. On or about February 12, 2016, SIHD filed the *Debtor's Motion for Entry of an Order (1) Approving Form of Notice, and (2) Setting Deadline for Filing Objections to Petition*. On or about March 15, 2016, the Court entered an order approving the motion and proposed manner in which to provide notice via publication in accordance with 11 U.S.C. § 923. The Debtor has completed all publications required under the order.

## IV. FIXING DATE TO FILE PLAN OF ADJUSTMENT

29. On or about January 27, 2017, the Court entered the *Order Granting Ex Parte Motion to Continue Deadline to File Plan of Adjustment*. Through the order, the Court extended the deadline to file a plan for the adjustment of debts from January 31, 2017 through and including March 31, 2017. The Debtor's Board of Directors has already approved a proposed strategy for restructuring SIHD's obligations, and the Debtor is presently finalizing the plan for the adjustment of debts and the related financial projections and other supporting documents. The Debtor anticipates filing the plan for the adjustment of debts on or before March 31, 2017.

Dated:   March 29, 2017                    Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:   /s/ Ashley M. McDow
       Ashley M. McDow
       Fahim Farivar

Attorneys for Debtor,
SOUTHERN INYO HEALTHCARE DISTRICT