# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Southern Inyo Healthcare District | **Case No :**<br>**Date :**<br>**Time :** | 16–10015 – A – 9<br>03/22/2017<br>01:30 |

| | |
|---|---|
| **Matter :** | [247] – Motion/Application to Compromise Controversy/Approve Settlement Agreement with Southern Inyo Healthcare District and EverBank Commercial Finance, Inc. [BH–16] Filed by Debtor Southern Inyo Healthcare District (tjof) |

| | | | |
|---|---|---|---|
| **Judge :**<br>**Department :** | Fredrick E. Clement<br>A | **Courtroom Deputy :**<br>**Reporter :** | Rosalia Estrada<br>Electronic Record |

**APPEARANCES for :**
**Movant(s) :**
(by phone)     Debtor(s) Attorney – Ashley M. McDow
**Respondent(s) :**
(by phone)     Creditor's Attorney –  Lisa M. Peters, Peter E. Tracy, Kenneth J. MacArthur

Motion: Approve Compromise or Settlement of Controversy
Notice: LBR 9014–1(f)(2); no written opposition required
Disposition: Granted
Order: Civil minute order

Parties to Compromise: Southern Inyo Healthcare District and EverBank Commercial Finance
Dispute Compromised: Debt re Medical Equipment
Summary of Material Terms: Debtor to pay EverBank Commercial Finance $150,000 for transfer/release of medical equipment

Unopposed motions are subject to the rules of default. Fed. R. Civ. P. 55, incorporated by Fed. R. Bankr. P. 7055, 9014(c). The default of the responding party is entered. The court considers the record, accepting well–pleaded facts as true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987).

APPROVAL OF COMPROMISE

In determining whether to approve a compromise under Federal Rule of Bankruptcy Procedure 9019, the court determines whether the compromise was negotiated in good faith and whether the party proposing the compromise reasonably believes that the compromise is the best that can be negotiated under the facts. In re A & C Props., 784 F.2d 1377, 1381 (9th Cir. 1982). More than mere good faith negotiation of a compromise is required. The court must also find that the compromise is fair and equitable. Id. "Fair and equitable" involves a consideration of four factors: (i) the probability of success in the litigation; (ii) the difficulties to be encountered in collection; (iii) the complexity of the litigation, and expense, delay and inconvenience necessarily attendant to litigation; and (iv) the paramount interest of creditors and a proper deference to the creditors' expressed wishes, if any. Id. The party proposing the compromise bears the burden of persuading the court that the compromise is fair and equitable and should be approved. Id.

The movant requests approval of a compromise that settles a debt pertaining to medical equipment. The compromise is reflected in the settlement agreement attached to the motion as an exhibit and filed at docket no. 249. Based on the motion and supporting papers, the court finds that the compromise presented

for the court's approval is fair and equitable considering the relevant A & C Properties factors. The compromise or settlement will be approved.

VIOLATION OF LBR 9014–1

LBR 9014–1(c)(3) permits a docket control number to be used but a single time in each case. Here, SIDH has used BH–16 twice: Objection to Claims, January 26, 2017, ECF # 234, and Motion to Approve Compromise, March 7, 2017, ECF # 247. Future violations may result in summary denial of the motion.

CIVIL MINUTE ORDER

The court shall issue a civil minute order that conforms substantially to the following form:

Findings of fact and conclusions of law are stated in the civil minutes for the hearing.

Southern Inyo Healthcare District's motion to approve a compromise has been presented to the court. Having considered the motion, oppositions, responses and replies, if any, and having heard oral argument presented at the hearing,

IT IS ORDERED that the motion is granted. The court hereby approves the compromise that is reflected in the settlement agreement attached to the motion as Exhibit A and filed at docket no. 249.