# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Southern Inyo Healthcare District | **Case No :**<br>**Date :**<br>**Time :** | 16–10015 – A – 9<br>03/22/2017<br>01:30 |

| | |
|---|---|
| **Matter :** | [234] – Omnibus Objection to Claims [BH–16] Filed by Debtor Southern Inyo Healthcare District (isaf) |

| | | | |
|---|---|---|---|
| **Judge :**<br>**Department :** | Fredrick E. Clement<br>A | **Courtroom Deputy :**<br>**Reporter :** | Rosalia Estrada<br>Electronic Record |

**APPEARANCES for :**
**Movant(s) :**
(by phone)    Debtor(s) Attorney – Ashley M. McDow
**Respondent(s) :**
(by phone)    Creditor's Attorney – Lisa M. Peters, Peter E. Tracy, Kenneth J. MacArthur

Objection: Objection to Claim
Notice: LBR 3007–1(b)(1); written opposition required
Disposition: overruled without prejudice
Order: Civil minute order

Unopposed objections are subject to the rules of default. Fed. R. Civ. P. 55, incorporated by Fed. R. Bankr. P. 7055, 9014(c); LBR 9001–1(d), (n) (contested matters include objections). Written opposition to the sustaining of this objection was required not less than 14 days before the hearing on this objection. None has been filed. The default of the responding party is entered. The court considers the record, accepting well–pleaded facts as true. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987).

DISCUSSION

Southern Inyo Healthcare District ("SIHD") presents an omnibus objection to Claim 2 (Covidien), Claim No. 20 (Action Capital Corporation), Claim No. 28 (Dean Vander Wall), and Claim No. 38 (GE HFS, LLC). The objection to each claim is the same "the claim should be disallowed for failure to provide any documentation in support of their respective claims which would allow the debtor to determine the validity of such claims." Motion 4:26–5:1, January 26, 2017, ECF # 237. The only evidence offered in support of the objection is the Declaration of Fahim Farivar, an associate at Baker & Hostetler, LLP, counsel for the debtor.

The crux of SIHD'a argument is that the absence of supporting documentation, Fed. R. Bankr. P. 3001(c), coupled with its objection shifts the burden of persuasion to the claimant to demonstrate the validity of their claim. According to SIHD, absent further evidence, the objection must be sustained.

This court disagrees. Such an argument is foreclosed by the sibling cases of In re Heath, 331 B.R. 424 (9th Cir. BAP 2005), and In re Campbell, 336 B.R. 430 (9th Cir. BAP 2005). In Campbell, debtors filed Chapter 13 cases and, after claims were filed, objected to each claim. The objection stated, that the creditor had not provided "proper documentation to support its claim." Each objection conceded that the debt was scheduled as undisputed. The objection were supported by check box declarations that stated the proof of claim failed to attach supporting documentation. But the debtors did not provide evidence that the debt on

which the claim was based. The bankruptcy court overruled the objection and the debtors appealed. Citing Heath, the bankruptcy appellate panel stated, "We recently held that a claim objection that does not actually contest the debtor's liability or the amount of the debt is not enough to disallow a proof of claim, even if the proof of claim lacks the documentation required by Rule 3001(c)." This case is directly on point as to this objection.

Moreover, SIHD's has admitted the validity of two of the four debts by scheduling the debtors without disputing their validity. See Schedule E/F § 3.92, February 5, 2016, ECF #53 (Covidien debt scheduled as undisputed); Schedule E/F § 3.99 (Vander Wall debt scheduled as undisputed).

As a consequence, the objection will be overruled.

VIOLATIONS OF REVISED GUIDELINES FOR PREPARATION OF DOCUMENTS

SIHD has not complied with the Revised Guidelines for Preparation of Documents, EDC 2–901.

Aggregating Documents

SIHD has aggregated the notice, objection, memorandum, declaration and exhibits. See Objection, January 26, 2017, ECF # 237.

Revised Guideline § III(A) requires that each component part of a motion be filed separately.

Exhibits

SIHD has not proffered its exhibits in the form required by the Revised Guidelines for Preparation of Documents, EDC 2–901. Particular problems include: (1) appending the exhibits to the objection, Id. at § IV(A); (2) failing to include an index, which identifies exhibit by number/letter and states the page number at which the exhibit is found, Id. at § IV(B); and (3) omitting page numbers from the exhibit, Id. at § IV(C).

Future violations of local rules and/or guidelines for preparation of documents may result in summary overruling of the objection.

CIVIL MINUTE ORDER

The court shall issue a civil minute order that conforms substantially to the following form:

Findings of fact and conclusions of law are stated in the civil minutes for the hearing.

SIHD's omnibus objection has been presented to the court. Having entered the default of respondent for failure to appear, timely oppose, or otherwise defend in the matter, and having considered the well–pleaded facts of the objection,

IT IS ORDERED that the objection is overruled without prejudice.