XAVIER BECERRA, State Bar No. 118517
Attorney General of California
MOLLY K. MOSLEY, State Bar No. 185483
Supervising Deputy Attorney General
HUTCHISON MELTZER, State Bar No. 217166
CRAIG D. RUST, State Bar No. 273774
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7359
  Fax: (916) 323-7095
  E-mail: Craig.Rust@doj.ca.gov
*Attorneys for California Department of Public Health*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **In re:** <br><br> **SOUTHERN INYO HEALTHCARE DISTRICT,** <br><br> Debtor. | Case No. 16-10015 <br><br> Chapter 9 <br><br> DCN: BH-19 <br><br> **CALIFORNIA DEPARTMENT OF PUBLIC HEALTH'S RESPONSE TO DEBTOR'S EMERGENCY MOTION (1) FOR AUTHORITY TO IMMEDIATELY TERMINATE HCCA MANAGEMENT AGREEMENT OR, IN THE ALTERNATIVE, FOR AUTHORITY TO MODIFY THE TERMS OF THE HCCA MANAGEMENT AGREEMENT IN ORDER TO DESIGNATE THE BOARD AS THE SOLE SIGNATORY ON ALL DISTRICT BANK ACCOUNTS AND (2) TO CONTINUE HEARING ON SECOND AMENDED DISCLOSURE STATEMENT AND ASSOCIATED FILING DEADLINES** <br><br> Date: November 8, 2017 <br> Time: 11:00 a.m. <br> Place: 510 19th Street <br>       Bakersfield, CA 93301 <br> Judge: Hon. Fredrick Clement |

1

The California Department of Public Health (the "Department") submits this response to the motion filed by the Debtor Southern Inyo Healthcare District seeking to, among other things, immediately terminate its management agreement with HealthCare Conglomerate Associates, LLC ("HCCA") (the "Motion," ECF No. 325). Specifically, the Department takes no position on the Debtor's ability to reject various agreements with HCCA under applicable bankruptcy law. Rather, in its role as the state regulator, the Department seeks to protect the health and safety of the patients in the Debtors' health care facilities by requesting that the court require a transition plan ensuring that the facilities are operated by an approved management company that can provide adequate patient care.

The Department is the state agency responsible for inspecting and licensing health care facilities in California, and the Debtor is licensed by the Department to operate the facilities in question—specifically, an emergency and acute care facility, a skilled nursing facility, and an out-patient clinic. (Hickman Decl. ¶ 3.) The Department's duties include, among other things, reviewing and approving the use of any management company that the Debtor seeks to utilize in HCCA's place. To date, the Department has not approved the use of any new management company to run the Debtor's health care facilities as required by California law. Therefore, the Department has serious concerns about the transition plan articulated in the Motion, as the Debtor has not shown that there will be an approved management company in place at all times with no lapses in care, nor has the Debtor established that all applicable state laws will be complied with.

Except as otherwise articulated in this response, the Department currently takes no position on the factual or legal issues raised in the Motion.

**BACKGROUND**

As noted above, the Department is responsible for inspecting and licensing all of the health facilities[1] in California. Cal. Health and Safety Code § 1254(a). The top priority of the Department is to protect patient safety and to ensure quality care for all patients and residents of the health facilities it regulates.

---

[1] "Health facility" is statutorily defined and included numerous types of hospitals, skilled nursing and intermediate care facilities, and various other treatment and convalescent type facilities. Cal. Health & Safety Code § 1250.

2

The California Legislature has established high standards for health facilities, and enforcement mechanisms to protect the rights of the patients cared for by those facilities. *See id.* § 1250, et seq. California's licensing and approval requirements are a major component of California's oversight over general acute care hospitals and skilled nursing facilities. No health facility in California may operate without being licensed by Department, nor can any management company operate a licensed general acute care hospital or a skilled nursing facility without being vetted and approved by the Department beforehand. *Id.* §§ 1253(a), 1265.

Specifically, any person "desiring a license for a health facility . . . or approval to manage a health facility currently licensed as a health facility" must submit an application and provide extensive information for the Department's review. *Id.* § 1265. "Manage" means "to assume operational control of the facility." *Id.* § 1265(1). Among other required information, the prospective management company must provide "[e]vidence satisfactory to the department that the applicant is of reputable and responsible character" and that the applicant has the ability to "comply with this chapter of rules and regulations." *Id.* §§ 1265(e)-f). The applicant must also provide any other information sought by the Department "for the proper administration and enforcement of this chapter." *Id.* § 1265(i).

To determine whether a management company seeking approval to manage a health facility is of reputable and responsible character, the Department considers whether the applicant has a pattern and practice of violating state or federal laws and regulations. *Id.* § 1265.3(a)(1). The Department gives particular consideration to violations that affect the applicant's ability to deliver safe patient care. *Id.* The Department also reviews the applicant's prior history of operating in California or in other states. *Id.* §§ 1265.3(a)(2)(A)-(C).

California's regulatory system therefore oversees both health facilities and the management companies that may operate those facilities. Section 1265 allows the Department to review the regulatory compliance history of companies that wish to manage licensed health facilities, and to approve or disapprove of them as warranted based on that compliance history.

**JURISDICTION AND STANDING**

This court has jurisdiction under 28 U.S.C. § 1334.  Venue is proper under 28 U.S.C. § 1409.  The Department has standing to file a response to the motion as a state regulator of the Debtor under 11 U.S.C. § 903.  As a local health care district formed under Health and Safety Code § 32000, et seq., the Debtor is obligated to comply with all California requirements, and is subject to the State's regulatory oversight.  *See* 11 U.S.C. § 903 (stating that chapter 9 "does not limit or impair the power of the State to control . . . a municipality of or in such State"); 28 U.S.C. § 959(b) (requiring that a debtor in possession "manage and operate the property in his possession . . . according to the requirements of the valid laws of the State in which such property is situated"); *see also In re New York City Off-Track Betting Corp.*, 434 B.R. 131, 151 (Bankr. S.D.N.Y. 2010) (noting that the Racing and Wagering Board established under applicable New York law retained authority to regulate the chapter 9 debtor's horse racing and pari-mutuel businesses).

**ARGUMENT**

The Debtor's Motion asks the court for authorization to terminate or modify the Debtor's management agreement with HCCA, the management company currently responsible for the day-to-day operations at the Debtor's health facilities.  (Mot. at 11-12.)  The Motion contends this relief "is necessary to protect the assets of the District from further dissipation by HCCA and, thus, safeguard the health, safety and welfare of the community served by the District by ensure [sic] the District has sufficient funds to continue operations during the pendency of the Bankruptcy Case."  (*Id.* at 12.)  Ms. Hickman's declaration states that the Debtor anticipates that it "will be able to retain new management and replace HCCA" within 60 days.  (Hickman Decl. ¶ 11.)  However, it is not clear at this stage that the Debtor's proposed plan for the continued operation of the health facilities sufficiently provides for patient safety and quality care by a Department-approved management company at all times and complies with all applicable law.

As discussed above, any management company hired to run the Debtor's health facilities must be vetted and approved by the Department.  Cal. Health and Safety Code §§ 1253(a), 1265.  However, while Ms. Hickman states that the Debtor has "interviewed numerous candidates" to

1　replace HCCA, she does not identify any of those candidates by name, nor does the Debtor claim
2　that those candidates have been vetted and approved by the Department to run the Debtor's health
3　facilities. (Hickman Decl. ¶ 10.) While the Department is willing and able to work with the
4　Debtor to ensure all of these requirements are ultimately met, the Debtor's proposed plan lacks
5　any specific details about how the transition will be accomplished, and therefore the proposed
6　plan is currently insufficient.

7　　The Department's interest in these proceedings is to ensure that adequate patient care
8　continues to be provided at the Debtor's hospital on an ongoing basis, in compliance with all
9　applicable California law. To the extent HCCA is ultimately relieved of its management duties,
10　patient care needs must still be met. The Department requires a detailed plan for the Debtor's
11　continued compliance with California health and safety laws, regardless of which management
12　company is operating the hospital. In the event a new management company is installed, it must
13　have prior approval from the Department. And finally, even if the Debtor intends to close or
14　suspend operations during the transition, Department approval is required and adequate notice
15　must be provided to the Department and to the public under California law.

16　　The Debtor may have a plan for fulfilling these obligations, but to date it has not articulated
17　that plan to the Department. Accordingly, the Department requests that the court require the
18　Debtor to demonstrate that its plan to operate its health facilities complies with applicable state
19　law.

20　///
21　///
22　///
23　///
24　///
25　///
26　///
27　///
28　///

**CONCLUSION**

For the reasons set forth above, the Department requests that the court require the Debtor to show that there will be an approved management company in place at all times with no lapses in care, and that the Debtor can comply with applicable state laws during its continued operation of its health facilities. Otherwise, the Department takes no position on the factual or legal arguments raised by the Debtor its Motion.

Dated: October 30, 2017      Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MOLLY K. MOSLEY
Supervising Deputy Attorney General

*/s/ Craig D. Rust*

CRAIG D. RUST
HUTCHISON MELTZER
Deputy Attorneys General
*Attorneys for*
*California Department of Public Health*