7
WALTER WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
Danielle J. Bethel #315945
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@w2lg.com

Counsel for Tulare Local Healthcare District

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re<br><br>SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>Debtor. | CASE NO. 16-10015 FEC<br><br>Chapter 9<br><br>DC NO. BH-20<br><br>**OBJECTION OF TULARE LOCAL HEALTHCARE DISTRICT TO DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT FOR PLAN OF ADJUSTMENT**<br><br>Date: February 28, 2018<br>Time: 1:30 p.m.<br>Place: 2500 Tulare Street<br>        Fresno, CA 93721<br>        Courtroom 11<br>Judge: Honorable Fredrick E. Clement |

Tulare Local Healthcare District, dba Tulare Regional Medical Center ("TRMC") hereby objects ("Objection") to the proposed *Second Amended Disclosure Statement for Plan of Adjustment* ("Disclosure Statement"), filed by the Debtor ("Debtor" or "SIHCD") on January 17, 2018. The Disclosure Statement contains information related to the *Second Amended Plan of Adjustment* ("Plan"), also filed on January 17, 2018.

## I.

## INTRODUCTION

TRMC, which is also a California healthcare district, objects to the Disclosure

OBJECTION OF TULARE HEALTHCARE DISTRICT TO DEBTOR'S DISCLOSURE STATEMENT FOR PLAN OF ADJUSTMENT     -1-     00171129-gaa-02.13.2018.9:25am

Statement because it contains inadequate information about the treatment of creditors and the means for implementation of the Plan. See 11 U.S.C. § 943(b)(7). As a result, until the Disclosure Statement is amended and supplemented, the Plan is not yet ready to circulate to creditors for voting[1]. Even assuming the Disclosure Statement could be readied for solicitation, TRMC has serious doubts whether the Plan, as proposed, is confirmable under applicable Chapter 9 standards. TRMC questions the wisdom of expending further scarce funds to pursue confirmation of a Plan that may be opposed and rejected by creditors, especially one entirely dependent upon the vagaries of a public election. Instead, the confirmation process should be slowed to see what the votes do.

## II.

## BASIS OF OBJECTION

TRMC is a debtor in its own Chapter 9 case filed on September 30, 2017 bearing case number 17-13797.

TRMC and SIHCD were both managed by Healthcare Conglomerate Associates, LLC ("HCCA") and represented by same law firm.

Shortly after TRMC filed its Chapter 9 case it sought an order rejecting a Management Services Agreement and other executory contracts with HCCA which was granted on November 1, 2017.

On October 17, 2017 counsel for SIHCD[2] alerted this Court that SIHCD was concerned about transfer of assets of SIHCD to TRMC and TRMC may owe SIHCD $418,000.

Prior to receipt of the declaration of counsel, TRMC was generally unaware of dealings between SIHCD and TRMC and TRMC was not being kept fully informed by HCCA nor its own counsel.

Immediately after being apprised that HCCA had transferred TRMC's money,

---

[1] TRMC has other objections and concerns about the overall adequacy of the Disclosure Statement, particularly related to the proposed treatment of post-petition claims and administrative expense claims, but has narrowed its Objection to the key issues contained herein.

[2] Counsel for SIHCD was also counsel for TRMC as well as counsel for HCCA and related entities.

OBJECTION OF TULARE HEALTHCARE DISTRICT TO DEBTOR'S DISCLOSURE STATEMENT FOR PLAN OF ADJUSTMENT

00171129-gaa-02.13.2018.9:25am

supplies and equipment ("Transfers") to SIHCD, TRMC sought to determine what had transpired. Were these unlawful gifts of public money? Had there been some loan agreement between the healthcare districts? How had these Transfers been documented? Had the Transfers been authorized? These, and other questions, were subject of investigation, which continues.[3] [4]

Accordingly, on November 17, 2017 TRMC filed ECF #355 asserting an Administrative Expense Claim against SIHCD asserting a claim for $2,500,000+ on account of the Transfers.[5]

On December 18, 2017, TRMC issued a subpoena for documents relating to the Transfers. While SIHCD has cooperated and supplied some of the requested documents on a "rolling basis" it is clear that not all of the needed documents have yet been produced and the production is slowly continuing.

Thus, at the present time TRMC has not yet been able to fully assess the value of the Transfers however it believes itself to be owed significant sums by SIHCD and/or that SIHCD has possession of physical assets belonging to TRMC. Notably, common (former) counsel for common (former) management of both districts is in a horrible conflict position making it cumbersome to exchange production. There are significant legal and factual issues as to what the boards of TRMC and SIHCD were told by former management, if anything. The files are less than helpful.

As such, TRMC raises its Objection to the SIHCD Disclosure Statement to preserve its rights. In doing so it must be noted that TRMC does not wish harm to its sister district. However, the Objection is raised to protect the rights and assets of TRMC. TRMC believes the respective claims of the districts can be resolved, or at least narrowed, if there are meaningful communications between the districts, which

---

[3] Further complicating matters, the Tulare County District Attorney has seized records of both TRMC and SIHCD and these records are believed to contain information on these Transfers.

[4] Counsel for SIHCD previously represented TRMC until terminated in August 2017. TRMC is evaluating its claims for legal malpractice against former counsel. The existence of these claims puts SIHCD's counsel in a very difficult position. TRMC believes it is necessary that SIHCD employ conflicts counsel so that there can be fruitful exchanges between the districts. SIHCD used such counsel in responding to SIHCD's motion to reject its executory contract with HCCA. These conflicts also bear on the entitlement to compensation.

[5] It is noted that the Plan and Disclosure Statement discusses other Administrative Claims and Post-Petition Claims, but treats them separately and differently, but without explanation.

OBJECTION OF TULARE HEALTHCARE DISTRICT TO DEBTOR'S DISCLOSURE STATEMENT FOR PLAN OF ADJUSTMENT

-3-

00171129-gaa-02.13.2018.9:25am

apparently cannot occur due to SIHCD's counsel's conflicts, hence the need for independent conflicts counsel.

### III.

### SPECIFIC OBJECTIONS

TRMC asserts the following specific objections to the Disclosure Statement.

1. The law is clear that the Disclosure Statement must clearly and succinctly inform the average creditor what it is going to get, when and what contingencies. TRMC does not believe the Disclosure Statement does this and absent a clear and succinct statement the reader is faced with the impossible test of figuring out what the Plan actually means for it.

2. There is no mention or discussion of the Transfers, SIHCD's assertion of a claim against TRMC, nor the conflicts of interest between SIHCD's counsel and former management, HCCA, and TRMC, which may bear on approval of the Disclosure Statement and allowance of compensation to counsel.

3. The Disclosure Statement makes no mention of TRMC anywhere, and the existence of the filed Cost of Administration Expenses of both TRMC and HCCA is not mentioned.[6]

4. The Disclosure Statement does not classify Post Petition Claims and does not address, distinguish or explain the differences between these claims and administrative claims. This creates ambiguity as to what is actually being proposed.

5. The Disclosure Statement should disclose the connection of ViF to HCCA and Dr. Benzeevi.

6. The sources of funding for the litigation against HCCA and affiliates should be disclosed as this bears on the ability to pursue such recoveries.

7. While feasibility is typically a confirmation issue, cases are legion holding that if the Plan is patently unfeasible it should be killed off at the disclosure

---

[6] HCCA filed a Request for Payment on January 30, 2018 asserting a right to $2,524,054.

statement stage. Here the Plan is entirely dependent upon an election and until the election is conducted the Plan is entirely unfeasible and the process should be delayed until after the election so all creditors know there is community support of the SIHCD Plan.

8. Similarly, until the asserted claims of Administrative Expense Claims of HCCA and TRMC are addressed it is impossible to know if the Plan has any chance of being feasible.

## IV.

## ARGUMENT

Section 1125(b) of the Bankruptcy Code as incorporated by Section 901(a) provides that a disclosure statement must contain "adequate information" -- "information of a kind, and in sufficient detail…that would enable a hypothetical investor of the relevant class to make an informed judgment about the plan."

The purpose of a disclosure statement "is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan." *In re California Fidelity, Inc.*, 198 B.R. 567, 571 (9th Cir. BAP 1996). Therefore, "[a] proper disclosure statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). Emphasis added. A debtor's obligation to file a disclosure statement containing "candid disclosure" is a "pivotal" and "critical step" in a bankruptcy case. *Oneida Motor Freight, Inc., v. United Jersey Bank*, 848 F.2d 414, 417 (3rd Cir. 1988). As noted by the Court of Appeals for the Third Circuit:

> The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court. Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of "adequate information."

*Id.* SIHCD bears the burden of proof as to whether the Disclosure Statement contains adequate information.

As discussed below, the Disclosure Statement lacks sufficient analysis to enable a creditor to determine if voters will approve a tax increase. In the current political climate this cannot be assumed.

The District seeks to disseminate the Plan to creditors based on its belief that there is a high likelihood that the tax increase will be successful. No polling data is supplied to support this hope.

The failure to even discuss the conflicts of counsel and disputes with TRMC render the Disclosure Statement inadequate.

The absence of discussion of the costs of Administrative Expenses as compared to Post Petition claims serves to mislead creditors as to their rights or prospects for payment.

SIHCD does not adequately discuss whether the Plan is in the best interests of creditors as required by Section 943(b)(7). The best interests standard in Chapter 9 (unlike a Chapter 11 case which compares the distributions under a plan to a Chapter 7 liquidation alternative), generally requires that SIHCD demonstrate that the Plan provides a superior outcome for creditors than the dismissal of the case. *In re Mount Carbon Metropolitan Dist.*, 242 B.R. 18, 35 (Bankr. D. Co. 1999) ("The 'best interests' requirement of §943(b)(7) is generally regarded as requiring that a proposed plan *provide a better alternative for creditors than what they already have*. This is often easy to establish. Since creditors cannot propose a plan; cannot convert to Chapter 7; cannot have a trustee appointed; and cannot force sale of municipal assets under state law, their only alternative to a debtor's plan is dismissal."). "However, since the test is designed to protect the dissenting minority of a class that has accepted the plan, one must not be so carried away with the potentially adverse consequences of the alternative to a chapter 9 plan that one reaches the conclusion that *any* plan is better than the alternative. A plan that makes little or no effort to repay creditors over a reasonable period of time may not be in the best interest of creditors." 6 *Collier on Bankruptcy* ¶ 943.03[7][a], at 943-31 (15th 19 rev. ed. 2004).

OBJECTION OF TULARE HEALTHCARE
DISTRICT TO DEBTOR'S DISCLOSURE
STATEMENT FOR PLAN OF ADJUSTMENT

-6-

## V.

## CONCLUSION

The Disclosure Statement contains several omissions and inadequacies that must be corrected before it can be disseminated to creditors. The court should direct SIHCD to revise the Disclosure Statement once the election is actually held.

For the foregoing reasons, TRMC requests that the Court deny the approval of the Disclosure Statement or condition it on further and clearer disclosures.

Dated: February 14, 2018

WALTER WILHELM LAW GROUP
a Professional Corporation

By: _____
Riley C. Walter, Attorneys for
Tulare Local Healthcare District

OBJECTION OF TULARE HEALTHCARE DISTRICT TO DEBTOR'S DISCLOSURE STATEMENT FOR PLAN OF ADJUSTMENT   -7-   00171129-gaa-02.13.2018.9:25am