ASHLEY M. MCDOW (245114)
FAHIM FARIVAR (252153)
**FOLEY & LARDNER LLP**
555 S. Flower Street, Suite 3500
Los Angeles, Ca 90071
Telephone: 213.972.4615
Facsimile: 213.486.0065
E-mail: amcdow@foley.com
           ffarivar@foley.com

Attorneys for Debtor,

SOUTHERN INYO HEALTHCARE DISTRICT

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| IN RE:<br><br>SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>        DEBTOR.<br><hr><br>SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>        PLAINTIFF,<br><br>V.<br><br>HEALTHLAND INC.,<br><br>        DEFENDANT. | CASE NO. 2016-10015-FEC<br><br>CHAPTER 9<br><br>ADV. PROC. NO.: _____<br><br>FL - 1<br><br>**COMPLAINT FOR:**<br><br>(1) **AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS [11 U.S.C. § 547(b) AND 550];**<br><br>(2) **PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551]; AND**<br><br>(3) **DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT(S) [11 U.S.C. § 502(d)]**<br><br>**[SUMMONS TO BE ISSUED]**<br><br><u>**STATUS CONFERENCE:**</u><br>**DATE: [TBD]**<br>**TIME: [TBD]**<br>**PLACE: Dept. A, Ctrm. 11**<br>           **U.S. Bankruptcy Court**<br>           **2500 Tulare Street**<br>           **Fresno, CA 93721** |

Plaintiff, Southern Inyo Healthcare District ("Plaintiff" or "Debtor") files this complaint (the "Complaint") against Healthland Inc. (the "Defendant"), and in support thereof, respectfully represents and alleges as follows:

### INTRODUCTION

1. Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the petition date pursuant to sections 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), which are made applicable in this proceeding by and through section 901 of the Bankruptcy Code.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502 of the Bankruptcy Code, any claim that the Defendant has filed or asserted against the Plaintiff or that has been scheduled for the Defendant. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

### JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334(b). This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. §§ 157. The Court may enter final orders for matters contained herein.

4. The statutory and legal predicates for the relief sought herein are sections 502, 547, 550, and 551 of the Bankruptcy Code, and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This adversary proceeding arises out of and relates to the above-captioned bankruptcy case (the "Bankruptcy Case"). The Bankruptcy Case is currently pending in the this Court before the Honorable Fredrick E. Clement. Pursuant to 28 U.S.C. § 1409(a), a proceeding in a case under the Bankruptcy Code may be commenced in the bankruptcy court in which the bankruptcy case is pending. Venue in this Court is therefore proper.

4834-2205-8605.2

## THE PARTIES

6.     Plaintiff is the debtor in the Bankruptcy Case pending under chapter 9 of title 11 of the Bankruptcy Code.

7.     Upon information and belief, Defendant may be served at 2345 Rice Street, Suite 230, Roseville, MN, 55113, through its registered agent, Corporation Service Company.

## FACTS

8.     On January 4, 2016 (the "Petition Date"), the Plaintiff initiated the Bankruptcy Case by filing a voluntary petition for relief under chapter 9 of the Bankruptcy Code. The Plaintiff commenced the Bankruptcy Case to readjust its debts.

9.     On July 12, 2016, the Court entered an order for relief. [Docket No. 195].

10.     Upon information and belief, during the ninety (90) day period prior to the Petition Date (the "Preference Period"), the Debtor made transfers (the "Avoidable Transfers") to the Defendant on the dates and in the amounts listed on **Exhibit 1**, which is expressly incorporated by reference into the Complaint.

11.     During the course of this adversary proceeding, the Plaintiff may learn of additional transfers made to the Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of the Defendant or any other transferee. The Plaintiff reserves the right to amend this original Complaint to include: (i) further information regarding the Avoidable Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (e.g., but not exclusively, 11 U.S.C. § 544, 545, 548, and/or 549(a)(c) and/or (d)) (collectively, the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## COUNT I
### AVOID PREFERENTIAL TRANSFERS PURSUANT TO
### 11 U.S.C. § 547(b) OF THE BANKRUPTCY CODE

12.     The Plaintiff alleges and incorporates the allegations contained above in paragraphs 1–11 as though fully set forth herein.

4834-2205-8605.2

13.     Pursuant to section 547(b) of the Bankruptcy Code, a debtor may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor; (b) for or on account of an antecedent debt owed by the debtor before such transfer was made; (c) made while the debtor was insolvent; (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

14.     During the ninety (90) day period prior to the Petition Date, the Debtor made the Avoidable Transfers to the Defendant on the dates and in the amounts listed on **Exhibit 1**.

15.     Each of the Avoidable Transfers was made from an account of the Debtor and constituted a transfer of an interest in property of the Debtor.

16.     The Avoidable Transfers were made to or for the benefit of the Defendant, a creditor of the Debtor.

17.     The Avoidable Transfers were for or on account of an antecedent debt owed by the Debtor to the Defendant before such transfers were made.

18.     The Avoidable Transfers were made at a time when the Debtor was insolvent. The Plaintiff is entitled to the presumption of insolvency for each Avoidable Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code. Each of the Avoidable Transfers were made during the Preference Period.

19.     The Avoidable Transfers enabled the Defendant to receive more in satisfaction of its claim against the Debtor than it would have received in a hypothetical case under chapter 7 of the Bankruptcy Code had the payment not been made. As evidenced by the Debtor's schedules filed in the Bankruptcy Case, as well as the proofs of claim that have been filed to date, the Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive payment in full on an account of their claims against the Debtor.

20.     By reason of the foregoing, Plaintiff is entitled to an order and judgment under section 547 of the Bankruptcy Code avoiding the Avoidable Transfers.

## COUNT II
### RECOVER AVOIDED TRANSFERS PURSUANT TO
### SECTION 550(a) OF THE BANKRUPTCY CODE

21.     The Plaintiff alleges and incorporates the allegations contained above in paragraphs 1–20 as though fully set forth herein.

22.     The Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

23.     The Plaintiff is entitled to recover from Defendant the Avoidable Transfers pursuant to section 550(a) of the Bankruptcy Code, to the extent they are avoided pursuant to section 547 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

## COUNT III
### PRESERVATION OF AVOIDED TRANSFERS
### PURSUANT TO SECTION 551 OF THE BANKRUPTCY CODE

24.     The Plaintiff alleges and incorporates the allegations contained above in paragraphs 1–23 as though fully set forth herein.

25.     Pursuant to 11 U.S.C. § 551, the Plaintiff is entitled to preserve any of the Avoidable Tranfers avoided under the First and/or Second Counts alleged herein for the benefit of the Debtor.

26.     The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 551 that the Avoidable Transfers that are avoided are preserved for the benefit of the Debtor.

## COUNT IV
### DISALLOWANCE OF CLAIMS PURSUANT TO
### SECTIONS 502(d) AND (j) OF THE BANKRUPTCY CODE

27.     The Plaintiff alleges and incorporates the allegations contained above in paragraphs 1–26 as though fully set forth herein.

28.     Defendant is a transferee of transfers avoidable under section 547 the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

29.     Defendant has not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

4834-2205-8605.2

30.      Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant against the Debtor must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

31.      Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendant which have been deemed allowed against the Debtor, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows:

a.      On Plaintiff's First and Second Counts, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action;

b.      On Plaintiff's Third Count, judgment in favor of Plaintiff preserving the avoided Avoidable Transfers for the Debtor pursuant to 11 U.S.C. § 551; and

c.      On Plaintiff's Fourth Count, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtor until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

d.      Granting the Plaintiff such other and further relief as this Court may deem just and proper.

Date:  July 12, 2018

                 **FOLEY & LARDNER LLP**

                 */s Ashley M. McDow*
                 Ashley M. McDow
                 Fahim Farivar

                 **Attorneys for Southern Inyo Healthcare District**

4834-2205-8605.2

# Exhibit 1

| Name | Invoice Date | Payment Date | Payment Amount |
|------|-------------|-------------|----------------|
| Healthland Inc. | 9/11/2015 | 10/30/2015 | $ 4,243.27 |
|  | 10/14/2015 | 11/30/2015 | $ 4,243.27 |
|  | 10/31/2015 | 12/31/2015 | $ 4,349.34 |