4

HAGOP T. BEDOYAN, CSB NO. 131285
**KLEIN, DENATALE, GOLDNER,**
　**COOPER, ROSENLIEB & KIMBALL LLP**
5260 N. Palm Avenue, Suite 205
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (661) 326-0418
E-mail: hbedoyan@kleinlaw.com

Attorneys for Healthcare Conglomerate Associates, LLC
and VI Healthcare Finance, Inc.

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>　　　　　Chapter 9 Debtor. | Case No.: 16-10015-A-9<br><br>Chapter 9<br><br>Doc. No.<br><br>Date:　October 16, 2018<br>Time:　1:30 p.m.<br>Place:　5th Fl, Ct Rm.: 11, Dept. A,<br>　　　　U.S. Bankruptcy Court<br>　　　　2500 Tulare St.<br>　　　　Fresno, CA 93721<br><br>Judge:　HON. FREDRICK E. CLEMENT |

### CHAPTER 9 STATUS CONFERENCE REPORT OF HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, AND VI HEALTHCARE FINANCE, INC.

HEALTHCARE CONGLOMERATE ASSOCIATES, LLC, AND VI HEALTHCARE FINANCE, INC. ("HCCA" AND "VI"), creditors in the above-captioned bankruptcy case (the "Case"), respectfully submit their *Chapter 9 Status Conference Report*.

　　　　1.　　On December 2, 2017, the Court made its *Order Approving Stipulation Re Rejection of HCCA Management Agreement* [Dkt. No. 382] (the "Rejection Order"). The Rejection Order approved that certain *Stipulation Re Rejection of HCCA Management Agreement* [Dkt. No. 377], which specifically preserved HCCA's right to contest allegations made in the

*Debtor's Emergency Motion (1) for Authority to Immediately Terminate HCCA Management Agreement* [Dkt. No. 325], including the Debtor's allegations that the MSA is a prepetition contract.

2. On January 30, 2018, HCCA filed its *Request for Payment of Administrative Expense Claim of Healthcare Conglomerate Associates, LLC Arising Out of Rejection of Executory Contract (11 U.S.C. §§ 503(b) and 507(a)(2)* (the "HCCA Claim") in the total amount of $2,524,054.00 [Dkt. No. 406]. This claim arises out of the rejection of that certain Management Services Agreement ("MSA") dated sometime in January of 2016, between HCCA and Southern Inyo Healthcare District (the "Debtor"). HCCA did not set a hearing on the HCCA Claim.

3. On February 23, 2018, the Debtor filed the *Debtor's Opposition to Request for Payment of Administrative Expense Claim of Healthcare Conglomerate Associates, LLC Arising Out of Rejection of Executory Contract (11 U.S.C. §§ 503(b) and 507(a)(2))* [Dkt. No. 413]. The Debtor did not set a hearing on its opposition to the HCCA Claim.[1]

4. On June 8, 2018, Vi filed its *Request for Payment of Administrative Expense Claim of Vi Healthcare Finance, Inc. (11 U.S.C. §§ 503(b) and 507(a)(2)* (the "VI Claim") in the total amount of $1,423,418.72 [Dkt. No. 447]. Vi did not set a hearing on the Vi Claim.

5. On May 30, 2018, the Debtor commenced an adversary proceeding against HCCA and Vi entitled, Complaint for: (1) Avoidance of Unauthorized Post-Petition Transfers; (2) Breach of Contract; (3) Accounting; (4) Negligence; (5) Concealment; (6) Breach of Fiduciary Duty; (97) Declaratory Relief; (8) Equitable Subordination; (9) Violation of Government Code § 8314. Adv. Pro. No. 18-01031 (the "Complaint") [Dkt. No. 1].[2] HCCA and Vi have responded to the Complaint and the status conference has been continued to October 16, 2018 at 1:30 p.m. The parties to the Complaint are discussing mediation options for the early part of 2019, but any decision on mediation dates and a choice of mediator have been delayed due to the Debtor's

---

[1] Due to allegations of conflict of interest against Ms. McDow and her former law firm, Baker Hostetler, the Debtor was forced to retain special counsel, Sam Maizel of Dentons US LLP, to file opposition to the HCCA Claim.
[2] Due to allegations of conflict of interest against Ms. McDow, Baker Hostetler and Foley & Lardner, the Debtor was forced again to retain yet another special counsel to prosecute the Complaint, Jeffrey Shinbrot.

former attorneys not having fully turned over their files to the malpractice attorneys retained by HCCA and Vi. Conversations are ongoing.

6. Further complicating efforts to mediate the disputes among the parties is the demand by HCCA and Vi that the current attorneys for the Debtor (Ashley Ms. McDow and Foley & Lardner) withdraw from representing the Debtor due to alleged conflicts of interest. HCCA and Vi believe that these conflicts of interest are particularly highlighted in the context of mediating claims against Debtor's counsel, as well as those asserted in the Complaint. On September 17, 2018, counsel for HCCA and Vi wrote to Ms. McDow and various partners in the Foley & Lardner firm demanding that both Ms. McDow and her firm withdraw from representing the Debtor (the "Demand Letter"). The Demand Letter requested a response no later than September 30, 2018. As of October 9, 2018, Defendants have not received any substantive response to the Demand Letter. Consequently, HCCA and Vi are preparing a motion to disqualify Ms. McDow and the Foley & Lardner firm and expect to have that motion on file before the October 16th status conference in the Case with a hearing scheduled for either November 14, 2018 or December 12, 2018 at 2:00 p.m.

7. The Debtor filed Chapter 9 almost three years ago, yet almost nothing has been accomplished to date. The Debtor has filed three separate plans of adjustment, but no plan confirmation hearing has ever occurred. In fact, the Debtor withdrew its Second Amended Disclosure Statement at the February 28, 2018 hearing on its approval [Dkt. No. 422]. At that same hearing, the Debtor was ordered by the court to "file redlined copies of any amended plan and disclosure statement filed." [Dkt. 425]. The Status Conference in this Case has been continued three more times since the February 28, 2018 Status Conference (May 30th, August 29th and October 16th), but still the Debtor has been unable to file another plan. HCCA has not managed the Debtor's hospital since the Fall of 2017. Each time the Debtor comes before the Court arguing it needs more time, an election must occur, circumstances have changed, etc.

8. A multi-party mediation is still being discussed by the Debtor, HCCA and Vi, but in any such mediation the alleged professional negligence of Ms. Dow and others will be front and center and Ms. McDow and her former partner at Baker Hostetler, Bruce Greene, will likely

be key witnesses for HCCA and Vi. Unless Ms. McDow resigns from the case or this Court has had the opportunity to rule on a disqualification motion to be filed in the next few days, mediation efforts will be stymied, and this Case will remain on "life support."

9. HCCA and Vi request an order setting a "bar date" for the Debtor to file its Third Amended Plan and Third Amended Disclosure Statement. Alternatively, dismissal of the case on a *sua sponte* base seems warranted under the circumstances.

Dated: October 9, 2018

KLEIN, DeNATALE, GOLDER, COOPER, ROSENLIEB & KIMBALL, LLP

By: _____
HAGOP T. BEDOYAN, Attorneys for
Healthcare Conglomerate Associates, LLC
and VI Healthcare Finance, Inc.