1   Ashley M. McDow (245114)
    Fahim Farivar (252153)
2   **FOLEY & LARDNER LLP**
    555 S. Flower Street, Suite 3300
3   Los Angeles, Ca 90071
    Telephone:  213.972.4500
4   Facsimile:  213.486.0065
    Email:      amcdow@foley.com
5               ffarivar@foley.com

6   Attorneys for Plaintiff and Cross-Defendant
    SOUTHERN INYO HEALTHCARE DISTRICT
7

8                  **UNITED STATES BANKRUPTCY COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10                          **FRESNO DIVISION**

11
    In re                                | Case No.: 2016-10015 FEC
12
    SOUTHERN INYO HEALTHCARE             | Chapter 9
13  DISTRICT,
                                         |
14          Debtor.
                                         | Honorable Fredrick E. Clement
15
                                         | **[AMENDED]** *EX PARTE* **MOTION TO**
16                                       | **CONTINUE THE HEARING DATE ON**
                                         | **MOTION TO DISQUALIFY ASHLEY M.**
17                                       | **MCDOW AND FOLEY & LARDNER AS**
                                         | **ATTORNEYS FOR THE DEBTOR;**
18                                       | **DECLARATION OF FAHIM FARIVAR**
                                         | **IN SUPPORT**
19
                                         | [RELATED TO DKT NO. 484]
20
                                         | DC NO.: KDG-4
21
                                         | Hearing:
22                                       | Date:    [TBD]
                                         | Time:    [TBD]
23                                       | Place:   Dept. A, Ctrm. 11
                                         |          U.S. Bankruptcy Court
24                                       |          2500 Tulare Street, Suite 2501
                                         |          Fresno, California 93721
25

26

27

28

1  **TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY**

2  **JUDGE, ALL INTERESTED PARTIES AND/OR THEIR COUNSEL OF RECORD:**

3       PLEASE TAKE NOTICE THAT the debtor SOUTHERN INYO HEALTHCARE

4  DISTRICT ("SIHD" and/or the "Debtor") hereby submits the within *Ex Parte Motion* (the "*Ex*

5  *Parte* Motion") *to Continue the Hearing Date on Motion to Disqualify Ashley M. Mcdow and*

6  *Foley & Lardner LLP as Attorneys for the Debtor* (the "DQ Motion") [Dkt. No. 484], in the

7  above-captioned bankruptcy case (the "Bankruptcy Case").  The *Ex Parte* Motion seeks to

8  continue the hearing date on the DQ Motion (the "Hearing Date") from November 14, 2018 at

9  1:30 p.m. to December 19, 2018 at 1:30 p.m.  In support thereof, the Debtor respectfully submits

10 as follows:

11 **I.       INTRODUCTION AND FACTUAL BACKGROUND**

12      On January 4, 2016, SIHD commenced the instant Bankruptcy Case by filing a voluntary

13 petition for relief (the "Petition") under chapter 9 of title 11 of the United States Code (the

14 "Bankruptcy Code").

15      On or about July 12, 2016, the Court entered an *Order for Relief under Chapter 9* in the

16 Bankruptcy Case.

17      On or about October 15, 2018, Healthcare Conglomerate Associates, LLC ("HCCA") and

18 Vi Healthcare Finance, Inc. ("ViHF," and hereinafter collectively with HCCA, the "Movant")

19 (the "HCCA Management Agreement") filed the DQ Motion (Dkt. No. 484).

20      By and through the DQ Motion, the Movant seeks an order of the Court disqualifying

21 Ashley M. McDow ("Ms. McDow") and Foley & Lardner LLP ("Foley") as attorneys for the

22 Debtor in the Bankruptcy Case. More specifically, the DQ Motion claims that Ms. McDow and

23 Foley have a disqualifying conflict of interest because from 2009 through at least September 29,

24 2017, Ms. McDow's former firm, Baker Hostetler LLP ("Baker") represented HCCA, ViHF,

25 Medflow, P.C., Dr. Benzeevi, and Tulare Asset Management (collectively, the "Disqualifying

26 Parties") in multiple matters including the drafting and implementation of the Management

27 Service Agreement, which the Debtor rejected in the Bankruptcy Case.

28      On or about October 26, 2018, the Debtor sent a correspondence to the Movant, in which

---

1   the Debtor, among other things, informed the Movant of its intention to serve a subpoena on

2   Baker for production of any and all invoices from January 1, 2009 relating to the services

3   provided for the Disqualifying Parties (the "Invoices").  *See* **Exhibit 1** to the Declaration of

4   Fahim Farivar (the "Farivar Decl.") appended hereto.  The Debtor believes that the Invoices are

5   crucial in preparing its brief in response to the DQ Motion.

6        On or about October 29, 2018, the Debtor served on the Movant and Baker the Notice and

7   the Amended Notice of Subpoena to Produce Documents, Information, or Objects or to Permit

8   Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) relating to the Invoices

9   (the "Subpoena"). *See* the Farivar Decl., **Exhibit 2.**

10       On the same date, the Movant informed the Debtor that it intended to, among other things,

11  move to quash the Subpoena (the "Motion to Quash"), because, among other things, the

12  Subpoena seeks attorney-client privilege information.  *See* the Farivar Decl., **Exhibit 3.**

13       Immediately thereafter, the parties engaged in exchanges of meet and confer

14  correspondences to set a briefing schedule for the the Motion to Quash, and depending on the

15  outcome of the Motion to Quash, the production of the documents pursuant to the Subpoena, and

16  the continued Hearing Date (the "Briefing Schedule"). *See* the Farivar Decl., **Exhibit 4.**

17       The parties have yet to finalize the dates of the agreed upon Briefing Schedule, but it

18  appears that the parties are in agreement to have the Hearing Date continued from November 14,

19  2018 to December 19, 2018, so that the parties would have sufficient time to address the Motion

20  to Quash, the possible production of documents pursuant to the Subpoena, and the responsive

21  briefs to the DQ Motion.

22       Accordingly, the Debtor respectfully requests that the court enter an order granting the *Ex*

23  *Parte* Motion in its entirety and continue the Hearing Date to December 19, 2019, or such other

24  date as the Court deems appropriate, so that the Debtor will have sufficient time to address the

25  Subpoena and the Motion to Quash, and thereafter, prepare and file its responsive brief to the DQ

26  Motion.

27       Given the amount of time the Movant has had to prepare and file the DQ Motion (per their

28  own admission, since at least September 29, 2017), the Debtor's request herein is reasonable, and

1  the Debtor is not aware of any prejudice to any party for granting the relief being sought herein.

2  **II.      CONCLUSION**

3           For the reasons set forth herein, the Debtor respectfully requests that the Court grant the

4  *Ex Parte* Motion in its entirety and continue the Hearing Date from November 14, 2018 at 1:30

5  p.m. to December 19, 2018 at 1:30 p.m. and/or enter such other relief as Court deems appropriate.

6

7  Dated:    October 31, 2018                     Respectfully submitted,

8
                                                  **FOLEY & LARDNER LLP**
9

10                                                By:    */s/ Ashley M. McDow*
                                                         Ashley M. McDow
11                                                       Fahim Farivar

12                                                Attorneys for Debtor,
                                                  SOUTHERN INYO HEALTHCARE DISTRICT
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF FAHIM FARIVAR

I, Fahim Farivar, hereby declare:

1. I am an attorney duly admitted to practice before this Court. I am an associate with the law firm of Foley & Lardner LLP, counsel for SIHD (the "Firm").[1]

2. I submit this declaration in support of the *Ex Parte* Motion.

3. Unless otherwise stated, I have personal knowledge of the facts set forth below, and if called to testify, would and could competently testify thereto.

4. On or about October 26, 2018, I sent a correspondence to the Movant's counsel, in which I, among other things, informed the Movant's counsel of the Debtor's intention to serve a subpoena on Baker for production of any and all invoices from January 1, 2009 relating to the services provided for the Disqualifying Parties (the "Invoices"). A true and correct copy of the foregoing correspondence is attached hereto as **Exhibit 1**, and incorporated herein and in the *Ex Parte* Motion by reference.

5. On or about October 29, 2018, I caused to be served on the Movant and Baker the Notice and the Amended Notice of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) relating to the Invoices (the "Subpoena"). True and correct copies of the Subpoena and the related correspondences confirming the foregoing are attached hereto as **Exhibit 2**, and incorporated herein and in the *Ex Parte* Motion by reference.

6. On the same date, counsel for the Movant informed me that it intended to, among other things, move to quash the Subpoena (the "Motion to Quash"), because, among other things, the Subpoena seeks attorney-client privilege information. A true and correct copy of the foregoing correspondence is attached hereto as **Exhibit 3**, and incorporated herein and in the *Ex Parte* Motion by reference.

7. Immediately thereafter, the parties engaged in exchanges of meet and confer correspondences to set a briefing schedule for the the Motion to Quash, and depending on the outcome of the Motion to Quash, the production of the documents pursuant to the Subpoena, and

---

[1] Capitalized terms not defined herein have the same meaning as in the *Ex* Motion.

1  the continued Hearing Date (the "<u>Briefing Schedule</u>"). True and correct copies of the foregoing

2  correspondences are attached hereto as **Exhibit 4**, and incorporated herein and in the *Ex Parte*

3  Motion by reference.

4          8.       The parties have yet to finalize the dates of the agreed upon Briefing Schedule, but

5  it appears that the parties are in agreement to have the Hearing Date continued from November

6  14, 2018 to December 19, 2018, so that the parties would have sufficient time to address the

7  Motion to Quash, the possible production of documents pursuant to the Subpoena, and the

8  responsive briefs to the DQ Motion.

9

10         I declare under penalty of perjury that the foregoing is true and correct.  Executed this 31st

11  day of October 2018, at Tarzana, California.

12                                                       *Fahim Farivar*
                                              _____
13                                                       Fahim Farivar

# Exhibit 1

**From:** Farivar, Fahim <ffarivar@foley.com>
**Sent:** Friday, October 26, 2018 3:31 PM
**To:** hbedoyan@kleinlaw.com
**Cc:** bkrueger@sallspencer.com; lcallas@sallspencer.com
**Subject:** In re Inyo - Motion to Disqualify Foley & Lardner LLP

Mr. Bedoyan,

Pursuant to the above-referenced matter, we intend to immediately serve a subpoena (for production of documents) on Baker & Hostetler LLP for any and all invoices from January 1, 2009 through present for HCCA, Vi Healthcare Finance, Medflow, PC, and Tulare Asset Management.

With respect to the notice of the subpoena, would you kindly advise if you will accept service on behalf of Medflow, PC and Tulare Asset Management?

Your timely response is much appreciated. Thanks.

Fahim Farivar, Esq.
C.P.A., M.B.T., LL.M.
Foley & Lardner LLP
555 South Flower Street / Suite 3300
Los Angeles, CA 90071-2411

P 213.972.4500
F 213.486.0065
C 818.731.1322

Visit Foley.com

# Exhibit 2

**From:** Farivar, Fahim
**Sent:** Monday, October 29, 2018 8:40 AM
**To:** hbedoyan@kleinlaw.com; egreen@bakerlaw.com
**Cc:** bkrueger@sallspencer.com; lcallas@sallspencer.com; McDow, Ashley M. <amcdow@foley.com>;
Hernandez, Karla P. <khernandez@foley.com>
**Subject:** Re: In re Inyo - Motion to Disqualify Foley & Lardner LLP - Notice of Subpoena

Enclosed please find the Notice of Subpoena regarding the above-referenced matter. Thank you.

Fahim Farivar, Esq.
C.P.A., M.B.T., LL.M.
Foley & Lardner LLP
555 South Flower Street / Suite 3300
Los Angeles, CA 90071-2411

P 213.972.4500
F 213.486.0065
C 818.731.1322

Visit Foley.com

**From:** Farivar, Fahim
**Sent:** Monday, October 29, 2018 4:06 PM
**To:** Hagop T. Bedoyan <HBedoyan@KleinLaw.com>
**Cc:** McDow, Ashley M. <amcdow@foley.com>; egreen@bakerlaw.com; bkrueger@sallspencer.com; lcallas@sallspencer.com; Oliver W. Wanger (owanger@wjhattorneys.com) <owanger@wjhattorneys.com>; Hebbeln, Mark F. <MHebbeln@foley.com>; Hernandez, Karla P. <khernandez@foley.com>
**Subject:** Re: In re Inyo - Motion to Disqualify Foley & Lardner LLP - Notice of Subpoena

Mr. Bedoyan,

Enclosed please find the amended Notice of Subpoena, correcting the typo in the production date.  Since you have accepted service on behalf of Medflow and Tulare Asset Management, I have taken out the service list on those entities from the POS.   Let me know if this is not agreeable.

Ms. McDow will respond to your remaining inquiry shortly.  Thank you.

Fahim Farivar, Esq.
C.P.A., M.B.T., LL.M.
Foley & Lardner LLP
555 South Flower Street / Suite 3300
Los Angeles, CA 90071-2411

P 213.972.4500
F 213.486.0065
C 818.731.1322


Visit Foley.com

1   Ashley M. McDow (245114)
    Fahim Farivar (252153)
2   **FOLEY & LARDNER LLP**
    555 S. Flower St. #3300
3   Los Angeles, CA  90071
    Telephone:     213.972.4500
4   Facsimile:     213.486.0065
    Email:         amcdow@foley.com
5                  ffarivar@foley.com

6   Attorneys for Debtor,
    SOUTHERN INYO HEALTHCARE DISTRICT
7

8                  **UNITED STATES BANKRUPTCY COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10                          **FRESNO DIVISION**

11  | | |
    |---|---|
12  | In re | Case No.: 2016-10015 |
    | SOUTHERN INYO HEALTHCARE | Chapter 9 |
13  | DISTRICT, | FL-004 |
14  | Debtor. | **[AMENDED] NOTICE OF SUBPOENA** |
15  | | **TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES** |
16  | | **IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)** |
17  | | |
18  | | **Production Date:** |
    | | Date:   November 10, 2018 |
19  | | Time:   10:00 A.M. |
    | | Place:  Foley & Lardner LLP |
20  | | 555 S. Flower St. #3300 |
    | | Los Angeles, CA  90071 |
21

22  **TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY**
23
24  **JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL INTERESTED**

    **PARTIES AND/OR THEIR COUNSEL OF RECORD:**
25
26          **PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 45, as made

27  applicable to this proceeding by and through Federal Rules of Bankruptcy Procedure 9016 and

28  9014, SOUTHERN INYO HEALTHCARE DISTRICT, the debtor in the above-captioned

                                    - 1 -

1  bankruptcy case, respectfully submits the within Subpoena to Produce Documents, Information,

2  or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)

3  (the "Subpoena"), to be issued for service on Baker & Hostetler LLP (the "Subpoenaed Party").

4  A true and correct copy of the Subpoena is attached hereto as **Exhibit 1.**

5          **PLEASE TAKE FURTHER NOTICE** that the Subpoena commands that the

6  Subpoenaed Party produce and permit inspection of documents and other information set forth in

7  Exhibit A to the Subpoena by November 10, 2018 at 10:00 a.m. at Foley & Lardner LLP, 555

8  South Flower Street, Suite 3300, Los Angeles, CA  90071-2411.

9

10  Dated:     October 29, 2018              Respectfully submitted,

11                                         **FOLEY & LARDNER LLP**

12

13                                         By:     /s/ Ashley M. McDow
                                                    Ashley M. McDow
14                                                  Fahim Farivar

15                                         Attorneys for Debtor,
                                           SOUTHERN INYO HEALTHCARE DISTRICT

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF SUBPOENA

# Exhibit 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern       District of       California

In re   SOUTHERN INYO HEALTHCARE DISTRIC
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 2016-10015

Chapter 9

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   The Custodian of Records for Baker & Hostetler LLP
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| PLACE   FOLEY & LARDNER LLP <br> 555 S. Flower St. #3500, Los Angeles, CA 90071 | DATE AND TIME   November 10, 2018 <br> 10:00 a.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/29/2018

CLERK OF COURT

                       OR

_____      *Fahim Farivar*
*Signature of Clerk or Deputy Clerk*        _____
                                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Southern Inyo Healthcare District, who issues or requests this subpoena, are:
Foley & Lardner LLP, c/o Ashley M. McDow, 555 S. Flower St. #3500 Los Angeles, CA 90071, Phone: 213.972.4500, Email: amcdow@foley.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____


                                                    _____
                                                                    *Server's signature*


                                                    _____
                                                                    *Printed name and title*


                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

Filed 11/01/18        Case 16-10015        Doc 506

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**ATTACHMENT TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

**I.      DEFINITIONS**

        The following defined terms shall apply to the within document request (the "Document Requests"):

        1.      "BH" shall mean and refer to, collectively and individually, the law firm of Baker & Hostetler LLP and any predecessors, successors, subsidiaries, parent company or companies, affiliates, members, shareholders, owners, investors, principals, officers, directors, partners, associates, agents, employees, independent contractors, representatives, attorneys, accountants, brokers, consultants, and/or any person or entity acting or purporting to act on its behalf.

        2.      "DOCUMENT" and "DOCUMENTS" shall be interpreted in the broadest sense possible and mean and/or refer to any written, graphic or other recorded (whether visibly, electronically, magnetically or otherwise) matter of whatever kind or nature or any other means of preserving thought or expression and all tangible things from which information can be processed, transcribed or retrieved, whether originals, copies of drafts (including, without limitation, non-identical copies), however produced or reproduced.  This shall include, but not be limited to, all retrievable information in computer or other digital storage, metadata, photographs, videotapes, letters, telegrams, correspondence, contracts, agreements, invoices, teletype message, notes, reports, mechanical sound recordings or transcripts thereof, calendars and calendar entries, and memoranda or minutes of telephone or personal conversations or minutes of conferences.  A DOCUMENT with handwritten, typewritten or other recorded notes, annotation, comments, editing marks, etc., is not and shall not be deemed identical to a version of such DOCUMENT without the modifications, additions, annotations, comments, and/or deletions.  A draft or non-identical copy of a DOCUMENT is a separate artifact from other versions of such DOCUMENT for purposes of this definition and the Document Requests.  Any written COMMUNICATION shall constitute a DOCUMENT as well as a COMMUNICATION.

        3.      "INVOICES" shall be mean a statement of account containing a detail of services provided by or on behalf of BH and/or amounts due and owing for those services and shall be interpreted in the broadest sense any and all invoices possible and mean and/or refer to any written, graphic or other recorded (whether visibly, electronically, magnetically or otherwise)

1   matter of whatever kind or nature or any other means of preserving thought or expression and all

2   tangible things from which information can be processed, transcribed or retrieved, whether

3   originals, copies of drafts (including, without limitation, non-identical copies), however produced

4   or reproduced.

5          4.      "HCCA" shall mean and refer to Healthcare Conglomerate Associates, LLC, a

6   California limited liability company.

7          5.      "ViHF" shall mean and refer to Vi Healthcare Finance.

8          6.      "Medflow" shall mean and refer to Medflow, PC.

9          7.      "TAM" shall mean and refer to Tulare Asset Management.

10         8.      "RELATE," and/or any derivation thereof, when used with reference to any

11  particular subject matter, shall mean to embody, pertain to, consist, constitute, contain, reflect,

12  identify, state, refer or relate to, deal with, comprise, discuss, summarize, describe, contravene, or

13  be in any way pertinent to the subject matter.

14  **II.    <u>INSTRUCTIONS</u>**

15         1.      DOCUMENTS from any single file should be produced in the same order as they

16  were found in such file.  If copies of DOCUMENTS are produced in lieu of the originals, such

17  copies should be legible and bound or stapled in the same manner as the originals.  Labels or

18  other file designations should be produced and copied.

19         2.      If, after conducting a reasonable investigation, a complete answer cannot be

20  provided for a request for production, state that such is the case, and answer to the fullest extent

21  possible, stating what responsive DOCUMENTS or information are available, what

22  DOCUMENTS or information cannot be provided, why the DOCUMENTS or information are

23  unavailable, what efforts were made to obtain the unavailable DOCUMENTS or information, and

24  the name and address of the last known custodian of the unavailable DOCUMENTS or

25  information.

26         3.      If any information, DOCUMENT, or other requested matter is withheld on the

27  grounds of privilege or immunity from discovery, produce all those DOCUMENTS called for that

28  are not subject to a claim of privilege and so much of each DOCUMENT subject to a claim of

ATTACHMENT TO SUBPOENA – BAKER & HOSTETLER LLP

1  privilege that does not contain privileged information.  With respect to any DOCUMENT or any

2  portion of any DOCUMENT withheld because of privilege, state in writing the basis for your

3  privilege claim as follows:

4          a.     A general description of the DOCUMENT which is claimed to be

5  privileged, including the number of pages of which it consists and the date appearing on the

6  DOCUMENT, or if no date appears, the date on which the DOCUMENT was prepared;

7          b.     The particular privilege which is claimed and the specific ground(s) on

8  which the claim of privilege is based;

9          c.     The name, business address, and job title of any persons who have read,

10  viewed, or listened to the information;

11          d.     The name, business address, and job title of the originator(s) or author(s) of

12  the DOCUMENT or thing which is claimed to be privileged;

13          e.     The name, business address, and job title of each designated recipient of

14  the DOCUMENT;

15          f.     The name(s) of the person(s) who has (have) custody of the

16  DOCUMENTS; and

17          g.     If work-product immunity is asserted, the proceeding for which the

18  privileged information was prepared.

19      4.     The relevant time period shall be between January 1, 2009 and the present.

20      5.     These are continuing requests.

21  ///

22  ///

23  ///

24

25

26

27

28

III.   **<u>DOCUMENT REQUESTS</u>**

**REQUEST NO. 1:**  Any and all INVOICES reflecting services rendered to HCCA and/or amounts due from HCCA.

**REQUEST NO. 2:**  Any and all INVOICES reflecting services rendered to ViHF and/or amounts due from ViHF.

**REQUEST NO. 3:**  Any and all INVOICES reflecting services rendered to Medflow and/or amounts due from Medflow.

**REQUEST NO. 4:**  Any and all INVOICES reflecting services rendered to TAM and/or amounts due from TAM.

Ashley M. McDow (245114)
Fahim Farivar (252153)
**FOLEY & LARDNER LLP**
555 S. Flower St., Ste. 3300
Los Angeles, CA 90071
Telephone:     213.972.4500
Facsimile:     213.486.0065
Email:         amcdow@foley.com
               ffarivar@foley.com

Attorneys for Debtor,
SOUTHERN INYO HEALTHCARE DISTRICT

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re | Case No.: 2016-10015 |
| SOUTHERN INYO HEALTHCARE DISTRICT, | Chapter 9 |
| Debtor. | Honorable Fredrick E. Clement |
| | FL-3 |
| | **CERTIFICATE OF SERVICE** |

     I am over the age of eighteen years and not a party to the above referenced action. I am employed by Foley & Lardner LLP, at whose direction this service was made. My business address is 555 S Flower St. #3300, Los Angeles, CA 90071. On October 29, 2018, I served the following document(s): **NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

_X_ **EMAIL** I served the below listed persons and/or entities by email. Emailing will be completed no later than 24 hours after the document is filed.

- Brandon K. Krueger - bkrueger@sallspencer.com
- Lara A.S. Callas, Esq. - lcallas@sallspencer.com
- Hagob T. Bedoyan - hbedoyan@kleinlaw.com
- Elizabeth A. Green - egreen@bakerlaw.com

| | |
|---|---|
|1| X  **FIRST CLASS MAIL**. I caused to be served the following persons and/or entities at the |
|2| last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage |
|3| prepaid, and addressed as listed below. Mailing will be completed no later than 24 hours after the document is filed. |
|4| |
|5| Parties served: |
| | Hagop T. Bedoyan, Esq. |
|6| KLEIN, DENATLE, GOLDNER, COOPER, ROSENLIEB & KIMBALL LLP |
| | c/o Healthcare Conglomerate Associates, LLC and Vi Healthcare Finance, Inc. |
|7| 5260 N. Palm Ave., Ste. 205 |
| | Fresno, CA 93704 |
|8| |
|9| Brandon N. Krueger, Esq. |
| | Lara A.S. Callas, Esq. |
|10| SALL SPENCER CALLAS & KRUGER |
| | A Law Corporation |
|11| c/o Healthcare Conglomerate Associates, LLC and Vi Healthcare Finance, Inc. |
| | 32351 Coast Highway |
|12| Laguna Beach, CA 92651 |
|13| Baker and Hostetler LLP |
| | Attn: Custodian of Records |
|14| 11601 Wilshire Blvd., Ste. 1400 |
| | Los Angeles, CA 90025 |
|15| |
|16| Healthcare Conglomerate Associates, LLC |
| | Managing Member: Yorai Benny Benzeevi |
|17| 10940 Wilshire Blvd., Suite 1600 |
| | Los Angeles, CA 90024 |
|18| |
|19| Healthcare Conglomerate Associates, LLC |
| | Agent for Service of Process: Paracorp Incorporated |
|20| c/o Matthew Marzucco |
| | 2804 Gateway Oaks Dr. #100 |
|21| Sacramento, CA 95833 |
|22| |
| | VI Healthcare Finance, Inc. |
|23| Agent for Service of Process: Paracorp Incorporated |
| | c/o Matthew Marzucco |
|24| 2804 Gateway Oaks Dr. #100 |
| | Sacramento, CA 95833 |
|25| |
|26| VI Healthcare Finance, Inc. |
| | President: Yorai S. Benzeevi |
|27| 4924 West Lakewood Drive |
| | Visalia, CA 93291 |
|28| |

Medflow, PC
Agent for Process: Yorai Shimon Benzeevi
3500 W. Olive Ave, Ste. 300
Burbank, CA 91505

Tulare Asset Management, LLC
Agent for Service of Process: Paracorp Incorporated
c/o Matthew Marzucco
2804 Gateway Oaks Dr. #100
Sacramento, CA 95833

Tulare Asset Management, LLC
Manager: Yorai Benzeevi
869 N. Cherry Street
Tulare, CA 93274

Tulare Asset Management, LLC
Manager: Yorai Benzeevi
4934 Lakewood Drive
Visalia, CA 93291

Tulare Asset Management, LLC
Manager: Yorai Benzeevi
4924 Lakewood Drive
Visalia, CA 93291

I declare under penalty of perjury, under the laws of the United States of America, that the

foregoing is true and correct.

Executed at Los Angeles, California, on October 29, 2018.

By:     _/s/ Karla P. Hernandez_____
        Karla P. Hernandez

# Exhibit 3

**From:** Hagop T. Bedoyan <HBedoyan@KleinLaw.com>
**Sent:** Monday, October 29, 2018 9:38 AM
**To:** Farivar, Fahim <ffarivar@foley.com>; egreen@bakerlaw.com
**Cc:** bkrueger@sallspencer.com; lcallas@sallspencer.com; McDow, Ashley M. <amcdow@foley.com>; Hernandez, Karla P. <khernandez@foley.com>; Hagop T. Bedoyan <HBedoyan@KleinLaw.com>; Oliver W. Wanger (owanger@wjhattorneys.com) <owanger@wjhattorneys.com>
**Subject:** RE: In re Inyo - Motion to Disqualify Foley & Lardner LLP - Notice of Subpoena

Mr. Farivar,

I was out of the office Friday afternoon when I received your email at 3:31 p.m. asking if I would accept service of a subpoena for production of BH's billing invoices for Tulare Asset Management, LLC and for Medflow, PC. This morning I received Foley's subpoena on BH for production of billing invoices for TAM, Medflow, HCCA, Vi Healthcare. I guess 90 minutes of notice during business hours is how you operate in Los Angeles.

I have no objections to accepting service of the subpoena, but all of the referenced former BH clients will be asserting the attorney-client privilege, objecting to production and moving to quash the subpoena. The Sall Spencer firm will be communicating directly with the BH firm on these matters.

Hagop T. Bedoyan | Partner
Certified Specialist, Bankruptcy Law

5260 N. Palm Avenue, Suite 205 | Fresno, California  93704
Tel: 559.438.4374 | Fax: 661.326.0418
hbedoyan@kleinlaw.com | www.kleinlaw.com

The contents of this e-mail message, including any attachments, are intended solely for the use of the person or entity to which the e-mail was addressed. It contains information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient of this message, be advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited. If you received this e-mail message in error, please e-mail kleinlaw@kleinlaw.com and contact the sender by reply e-mail. Please also permanently delete all copies of the original e-mail and any documentation. Thank you.

-----Original Message-----
From: ffarivar@foley.com <ffarivar@foley.com>
Sent: Monday, October 29, 2018 8:40 AM
To: Hagop T. Bedoyan <HBedoyan@KleinLaw.com>; egreen@bakerlaw.com
Cc: bkrueger@sallspencer.com; lcallas@sallspencer.com; amcdow@foley.com; khernandez@foley.com
Subject: Re: In re Inyo - Motion to Disqualify Foley & Lardner LLP - Notice of Subpoena

Enclosed please find the Notice of Subpoena regarding the above-referenced matter. Thank you.

Fahim Farivar, Esq.
C.P.A., M.B.T., LL.M.

Foley & Lardner LLP

555 South Flower Street / Suite 3300

Los Angeles, CA 90071-2411

P 213.972.4500<tel:213.972.4500>

F 213.486.0065<tel:213.486.0065>

C 818.731.1322<tel:818.731.1322>

Visit Foley.com<http://www.foley.com/>

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

# Exhibit 4

**From:** Farivar, Fahim
**Sent:** Wednesday, October 31, 2018 7:06 PM
**To:** Hagop T. Bedoyan <HBedoyan@KleinLaw.com>
**Cc:** McDow, Ashley M. <amcdow@foley.com>; egreen@bakerlaw.com; bkrueger@sallspencer.com; lcallas@sallspencer.com; Oliver W. Wanger (owanger@wjhattorneys.com) <owanger@wjhattorneys.com>; Hebbeln, Mark F. <MHebbeln@foley.com>; Price, Matt <MPrice@foley.com>
**Subject:** Re: In re Inyo - Motion to Disqualify Foley & Lardner LLP - Notice of Subpoena

Hagop,

We've been trying to sketch out a schedule that would work, assuming a 12/19 hearing on the DQ motion, at the latest.  It's a little tough to fit it all in under a normal briefing schedule.  But something like this might come close to working:


11/2 - Deadline to File Motion to Quash
11/16 - Deadline to File Objection to Motion to Quash
11/21  - Deadline to File Reply to Objection to Motion to Quash
11/28 or earlier - Hearing on Motion to Quash (given the Thanksgiving Holiday, this would likely need to be on November 26, 27, or 28 so is obviously subject to the court's availability; if the court is not available, we would need to rework this schedule)
12/3 - Deadline for BH to Produce Invoices (assuming motion to quash denied) (BH should be able to get these ready to go in advance so there is little to no delay after the motion to quash is denied)
12/7 - Deadline to File Objection to DQ Motion (this only give us 4 days to review the invoices, but it seems that we should be able to do that and incorporate it into our brief, which will otherwise be done, pretty quickly)
12/14 - Deadline to File Reply to Objection to DQ Motion
12/19 - Hearing on DQ Motion


Please let me know in the next hour or so, if the proposed schedule will work. Thank you. Should you have any questions or concerns, please feel free to contact me on my cell at 818-731-1322. Thank you.

Fahim Farivar, Esq.
C.P.A., M.B.T., LL.M.
Foley & Lardner LLP
555 South Flower Street / Suite 3300
Los Angeles, CA 90071-2411

P 213.972.4500
F 213.486.0065
C 818.731.1322

[Visit Foley.com](Visit Foley.com)



On Oct 30, 2018, at 11:53 AM, Hagop T. Bedoyan <[HBedoyan@KleinLaw.com](mailto:HBedoyan@KleinLaw.com)> wrote:

Ashley,

We think 15 days after subsequent production, if ordered, is a bit excessive since we want the DQ motion to be heard on either 12/12 (the date of the main status conference) or, at the latest, on the court's last December calendar date, 12/19 at 1:30 p.m.

We are also concerned that delaying your opposition to the DQ motion, based upon the production by a third party, will potentially interfere with the timetable to oppose and reply.

We would propose that if the motion to quash gets denied, the production of invoices ordered by the court would come from the Benzeevi Group within five days of the order, so that we can remain on schedule for the 12/12 or the 12/19 hearing dates for the DQ motion.

Given these concerns, what are your thoughts regarding a proposed schedule?

Hagop T. Bedoyan | Partner
Certified Specialist, Bankruptcy Law

5260 N. Palm Avenue, Suite 205 | Fresno, California  93704
Tel: 559.438.4374 | Fax: 661.326.0418
[hbedoyan@kleinlaw.com](mailto:hbedoyan@kleinlaw.com) | [www.kleinlaw.com](http://www.kleinlaw.com)

The contents of this e-mail message, including any attachments, are intended solely for the use of the person or entity to which the e-mail was addressed. It contains information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient of this message, be advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited. If you received this e-mail message in error, please e-mail [kleinlaw@kleinlaw.com](mailto:kleinlaw@kleinlaw.com) and contact the sender by reply e-mail. Please also permanently delete all copies of the original e-mail and any documentation. Thank you.

-----Original Message-----
From: [amcdow@foley.com](mailto:amcdow@foley.com) <[amcdow@foley.com](mailto:amcdow@foley.com)>
Sent: Tuesday, October 30, 2018 10:43 AM
To: Hagop T. Bedoyan <[HBedoyan@KleinLaw.com](mailto:HBedoyan@KleinLaw.com)>
Cc: [ffarivar@foley.com](mailto:ffarivar@foley.com); [egreen@bakerlaw.com](mailto:egreen@bakerlaw.com); [bkrueger@sallspencer.com](mailto:bkrueger@sallspencer.com); [lcallas@sallspencer.com](mailto:lcallas@sallspencer.com);
Oliver W. Wanger ([owanger@wjhattorneys.com](mailto:owanger@wjhattorneys.com)) <[owanger@wjhattorneys.com](mailto:owanger@wjhattorneys.com)>;

MHebbeln@foley.com; amcdow@foley.com; MPrice@foley.com
Subject: Re: In re Inyo - Motion to Disqualify Foley & Lardner LLP - Notice of Subpoena

Thanks Hagop. I am fine with the majority of the conditions - however, assuming the motion to quash is not granted (in its entirety), we need fifteen (15) days after the subsequent production of documents to file our opposition. If that works on your end, we can prepare a stipulation for your review.

Please let me know as soon as possible.

Sent from my iPhone

On Oct 29, 2018, at 5:44 PM, Hagop T. Bedoyan
<HBedoyan@KleinLaw.com<mailto:HBedoyan@KleinLaw.com>> wrote:

Ashley,

Here is what we propose. We would be willing to stipulate to have Judge Clement decide the motion to quash in advance of the hearing on the motion to disqualify upon the following conditions:

(1) We agree on a reasonable briefing schedule for a motion to quash hearing as soon as possible;
(2) The hearing on the motion to disqualify be set as soon as possible following the motion to quash hearing depending on Judge Clement's and counsel's schedules;
(3) Any invoices obtained from Baker, if you are successful on a motion to quash, be designated attorney's eyes only and submitted under seal for the motion to disqualify; and
(4) That this stipulated schedule regarding the hearing on the motion to disqualify relating to this subpoena will not be argued as any basis for waiver based on delay.

Please also note that the Notice and subpoena are defective in that the production dates are different.

Let us know by end of business today whether you will agree to this proposal.

Hagop T. Bedoyan | Partner
Certified Specialist, Bankruptcy Law

5260 N. Palm Avenue, Suite 205 | Fresno, California 93704
Tel: 559.438.4374 | Fax: 661.326.0418
hbedoyan@kleinlaw.com<mailto:hbedoyan@kleinlaw.com> |
www.kleinlaw.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.kleinlaw.com&d=DwMFaQ&c=Rlm5WhGmPEr8srpDE4r86Q&r=QcLN0tAz07hwbK9lFRGuug&m=VvI_VoI_PoaEpWT9LC-WikrfWl0rL8YYOXdiz8PMCx8&s=JJUfntuwKW_f81-RrBpyFiRodUkgKFM_ZlktXGEHNvs&e=>

The contents of this e-mail message, including any attachments, are intended solely for the use of the person or entity to which the e-mail was addressed. It contains information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient of this message, be advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited. If you received this e-mail message in error, please e-mail

kleinlaw@kleinlaw.com<mailto:kleinlaw@kleinlaw.com> and contact the sender by reply e-mail. Please also permanently delete all copies of the original e-mail and any documentation. Thank you.


-----Original Message-----
From: amcdow@foley.com<mailto:amcdow@foley.com>
<amcdow@foley.com<mailto:amcdow@foley.com>>
Sent: Monday, October 29, 2018 1:02 PM
To: Hagop T. Bedoyan <HBedoyan@KleinLaw.com<mailto:HBedoyan@KleinLaw.com>>
Cc: ffarivar@foley.com<mailto:ffarivar@foley.com>;
egreen@bakerlaw.com<mailto:egreen@bakerlaw.com>;
bkrueger@sallspencer.com<mailto:bkrueger@sallspencer.com>;
lcallas@sallspencer.com<mailto:lcallas@sallspencer.com>; Oliver W. Wanger
(owanger@wjhattorneys.com<mailto:owanger@wjhattorneys.com>)
<owanger@wjhattorneys.com<mailto:owanger@wjhattorneys.com>>;
MHebbeln@foley.com<mailto:MHebbeln@foley.com>;
amcdow@foley.com<mailto:amcdow@foley.com>
Subject: Re: In re Inyo - Motion to Disqualify Foley & Lardner LLP - Notice of Subpoena

Please advise before 5:00 p.m. PT today whether you will agree to continue the hearing pending the outcome of the motions you have indicated will be filed. Otherwise, we will have no choice but to file a motion to continue.

Thanks.

Sent from my iPhone

On Oct 29, 2018, at 12:49 PM, McDow, Ashley M.
<amcdow@foley.com<mailto:amcdow@foley.com>><mailto:amcdow@foley.com>> wrote:

Quite an incredulous position to take given your pending motion to disqualify that is premised almost entirely on your assertion that I did a significant amount of work for one or more of the entities that are the subject of the subpoena - yet you failed to append a single invoice evidencing this "significant amount of work."

In any event, is it safe to assume you will agree to continue the hearing on the motion while Judge Clement adjudicates these issues?

Sent from my iPhone

On Oct 29, 2018, at 11:37 AM, Hagop T. Bedoyan
<HBedoyan@KleinLaw.com<mailto:HBedoyan@KleinLaw.com>><mailto:HBedoyan@KleinLaw.com>>
wrote:

Mr. Farivar,

I was out of the office Friday afternoon when I received your email at 3:31 p.m. asking if I would accept service of a subpoena for production of BH's billing invoices for Tulare Asset Management, LLC and for

Medflow, PC. This morning I received Foley's subpoena on BH for production of billing invoices for TAM, Medflow, HCCA, Vi Healthcare. I guess 90 minutes of notice during business hours is how you operate in Los Angeles.

I have no objections to accepting service of the subpoena, but all of the referenced former BH clients will be asserting the attorney-client privilege, objecting to production and moving to quash the subpoena. The Sall Spencer firm will be communicating directly with the BH firm on these matters.

Hagop T. Bedoyan | Partner
Certified Specialist, Bankruptcy Law

5260 N. Palm Avenue, Suite 205 | Fresno, California 93704
Tel: 559.438.4374 | Fax: 661.326.0418
hbedoyan@kleinlaw.com<mailto:hbedoyan@kleinlaw.com><mailto:hbedoyan@kleinlaw.com> |
www.kleinlaw.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.kleinlaw.com&d=DwMFaQ&c=Rlm5WhGmPEr8srpDE4r86Q&r=QcLN0tAz07hwbK9lFRGuug&m=VvI_VoI_PoaEpWT9LC-WikrfWl0rL8YYOXdiz8PMCx8&s=JJUfntuwKW_f81-RrBpyFiRodUkgKFM_ZlktXGEHNvs&e=>><https://urldefense.proofpoint.com/v2/url?u=http-3A__www.kleinlaw.com&d=DwMFaQ&c=Rlm5WhGmPEr8srpDE4r86Q&r=QcLN0tAz07hwbK9lFRGuug&m=58MWxZL5KFrPr82Ugm262WDC8YmsSuQXkBoBPwiO2z4&s=TGo7NNet1gyXayg_p2UnEEjmh3ED0-zj3pF_qd_2xv4&e=>

The contents of this e-mail message, including any attachments, are intended solely for the use of the person or entity to which the e-mail was addressed. It contains information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient of this message, be advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited. If you received this e-mail message in error, please e-mail
kleinlaw@kleinlaw.com<mailto:kleinlaw@kleinlaw.com><mailto:kleinlaw@kleinlaw.com> and contact the sender by reply e-mail. Please also permanently delete all copies of the original e-mail and any documentation. Thank you.


-----Original Message-----
From: ffarivar@foley.com<mailto:ffarivar@foley.com><mailto:ffarivar@foley.com>
<ffarivar@foley.com<mailto:ffarivar@foley.com><mailto:ffarivar@foley.com>>
Sent: Monday, October 29, 2018 8:40 AM
To: Hagop T. Bedoyan
<HBedoyan@KleinLaw.com<mailto:HBedoyan@KleinLaw.com><mailto:HBedoyan@KleinLaw.com>>;
egreen@bakerlaw.com<mailto:egreen@bakerlaw.com><mailto:egreen@bakerlaw.com>
Cc:
bkrueger@sallspencer.com<mailto:bkrueger@sallspencer.com><mailto:bkrueger@sallspencer.com>;
lcallas@sallspencer.com<mailto:lcallas@sallspencer.com><mailto:lcallas@sallspencer.com>;
amcdow@foley.com<mailto:amcdow@foley.com><mailto:amcdow@foley.com>;
khernandez@foley.com<mailto:khernandez@foley.com><mailto:khernandez@foley.com>
Subject: Re: In re Inyo - Motion to Disqualify Foley & Lardner LLP - Notice of Subpoena

Enclosed please find the Notice of Subpoena regarding the above-referenced matter. Thank you.

Fahim Farivar, Esq.
C.P.A., M.B.T., LL.M.
Foley & Lardner LLP
555 South Flower Street / Suite 3300
Los Angeles, CA 90071-2411

P 213.972.4500<tel:213.972.4500>
F 213.486.0065<tel:213.486.0065>
C 818.731.1322<tel:818.731.1322>

Visit Foley.com<http://Foley.com><http://Foley.com><http://www.foley.com/>

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast Ltd, an innovator in Software as a Service (SaaS) for business. Providing a safer and more useful place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.mimecast.com_products_&d=DwMFaQ&c=Rlm5WhGmPEr8srpDE4r86Q&r=QcLN0tAz07hwbK9lFRGuug&m=58MWxZL5KFrPr82Ugm262WDC8YmsSuQXkBoBPwiO2z4&s=mRghq7UD75Mgkxn6YY5uhDqIEncopZimY8IXvArAL_8&e=>.

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure,

copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast Ltd, an innovator in Software as a Service (SaaS) for business. Providing a safer and more useful place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.mimecast.com_products_&d=DwMFaQ&c=Rlm5WhGmPEr8srpDE4r86Q&r=QcLN0tAz07hwbK9lFRGuug&m=VvI_VoI_PoaEpWT9LC-WikrfWl0rL8YYOXdiz8PMCx8&s=Bw9EH37kCpWzqHDzcy0J0WYWuaeW1VG22tBfyGRuPsU&e=>.

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.