**5**

1  HAGOP T. BEDOYAN, CSB NO. 131285
   **KLEIN, DENATALE, GOLDNER,**
2    **COOPER, ROSENLIEB & KIMBALL, LLP**
3  5260 N. Palm Avenue, Suite 205
   Fresno, California 93704
4  Telephone: (559) 438-4374
   Facsimile: (661) 326-0418
5  Email: hbedoyan@kleinlaw.com

6
   Brandon N. Krueger, Esq. (SBN 221432)
7  *bkrueger@sallspencer.com*
   Lara A.S. Callas, Esq. (SBN 174260)
8  *lcallas@sallspencer.com*
   SALL SPENCER CALLAS & KRUEGER
9  A Law Corporation
   32351 Coast Highway
10 Laguna Beach, CA 92651
   Telephone: (949) 499-2942
11 Facsimile: (949) 499-7403

12
   Attorneys for Healthcare Conglomerate Associates, LLC,
13 Vi Healthcare Finance, Inc., Medflow P.C., and Tulare Asset Management, LLC

14

15                 **UNITED STATES BANKRUPTCY COURT**

16         **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

17 In re:                                         Case No.: 16-10015-A-9

18 SOUTHERN INYO HEALTHCARE           Chapter     9
19 DISTRICT,
                                                  DC No.:  KDG-5
20                   Debtor.
                                                  Date:    November 29, 2018
21                                                Time:    1:30 p.m.
                                                  Place:   United States Bankruptcy Court
22                                                         2500 Tulare Street, Fifth Floor
23                                                         Department A, Courtroom 11
                                                           Fresno, California
24                                                Judge:   Honorable Fredrick E. Clement

25

26     **DECLARATION OF HAGOP T. BEDOYAN IN SUPPORT OF MOTION
         TO QUASH OR FOR PROTECTIVE ORDER REGARDING**
27              <u>**SUBPOENA TO BAKER & HOSTETLER LLP**</u>

28

3P15522                                      1                                     DECLARATION

I, the undersigned, hereby declare as follows:

1. I am licensed to practice law in California. I am admitted to practice before the United States District Court of the Eastern District of California and I am a partner in the law firm Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP ("KDG"). KDG is counsel of record for Healthcare Conglomerate Associates, LLC ("HCCA") and VI Healthcare Finance, Inc., ("Vi"), creditors in the above-referenced Chapter 9 case, and counsel to Medflow, PC and Tulare Asset Management, LLC in relation to this *Motion to Quash or for Protective Order Regarding Subpoena to Baker Hostetler, LLP* (the "Motion"). I have personal knowledge of the matters stated in this declaration. If the Court or a party called on me to do so, I could and would competently testify to these facts under oath. I have been certified as a specialist in Bankruptcy by the California State Bar's Board of Legal Specialization since 1995. I submit this declaration in support of HCCA's and Vi's the Motion.

2. On October 15, 2018, HCCA and Vi filed their Motion to Disqualify Foley & Lardner and Ashley McDow as counsel for Debtor in the Southern Inyo Healthcare District Chapter 9 case (the "DQ Motion"). Attached hereto as **Exhibit A** for the convenience of the Court is a true and correct copy of the Memorandum of Points and Authorities in Support of the DQ Motion. Also attached as **Exhibit B** for the Court's convenience and reference is a true and correct copy of the Declaration of Yorai Benzeevi, M.D. in support of the DQ Motion.

3. On September 17, 2018, I sent a letter to Matthew Price of Foley & Lardner ("Foley") requesting that Foley withdraw as counsel for Debtor in this case because of Ashley McDow's disqualifying conflicts of interest which are imputed to Foley. Attached hereto as **Exhibit C** is a true and correct copy of my September 17, 2018 letter to Mr. Price.

4. On October 26, 2018, at approximately 3:30 p.m., I received an e-mail from Fahim Farivar, who had formerly been with the firm of Baker Hostetler, LLP ("Baker"), but now is with the Foley firm representing Debtor, notifying me that they intended to serve a subpoena on Baker seeking invoices from Baker for legal services performed from January 1, 2009 through present for HCCA, Vi, Medflow, P.C., and Tulare Asset Management, and

1 requesting if I would accept service of the notice of the subpoena. Attached hereto as **Exhibit**
2 **D** is a true and correct copy of Mr. Farivar's October 26, 2018 e-mail to me.

3     5.    On October 29, 2108, I received by e-mail a Notice of Subpoena to Baker,
4 attaching a Subpoena seeking invoices from Baker for legal services performed from January 1,
5 2009 through present for HCCA, Vi, Medflow, P.C., and Tulare Asset Management (the
6 "Subpoena"). The Notice of Subpoena set the production date for November 10, 2018, whereas
7 the Subpoena set the production date for November 6, 2018. After being notified of the
8 discrepancy, Foley served an Amended Notice on October 29, 2018, setting the production date
9 on November 10, 2018. Attached hereto as **Exhibit E** is a true and correct copy of the
10 Amended Notice of Subpoena.

11     6.    Following receipt of the Amended Notice, co-counsel Lara Callas, of Sall
12 Spencer Callas & Krueger, sent a letter to Baker instructing them to assert the attorney-client
13 privilege in response to the Subpoena on behalf of for HCCA, Vi, Medflow, P.C., and Tulare
14 Asset Management, and that we would be filing a motion to quash the Subpoena. Attached
15 hereto as **Exhibit F** is a true and correct copy of Ms. Callas' October 29, 2018 letter to
16 Elizabeth Green and John Parker of Baker.

17     7.    Mr. Parker of Baker responded by sending a letter to Ms. Callas and copied to
18 Foley objecting to the Subpoena under Fed. R. Civ. Proc. 45 (d)(2)(B) and representing that
19 Baker would not respond to the Subpoena until after a ruling on a motion to quash. Attached
20 hereto as **Exhibit G** is a true and correct copy of Mr. Parker's letter to Ms. Callas

21     8.    Beginning on October 29, 2018 and continuing in the following days, I
22 exchanged several e-mails with Ms. McDow and Mr. Farivar concerning the scheduling of the
23 Motion to Quash and the effect of that on the scheduling of the DQ Motion. Ultimately, we
24 agreed upon the following:

25     • The Motion to Quash would be filed on November 6, 2018, the opposition to the
26         Motion to Quash would be filed on November 16, 2018, the reply in support of
27         the Motion to Quash would be filed on November 21, 2018, and the hearing on

28

|   |   |
|---|---|
| 1 | the Motion to Quash would be held on November 29, 2018 at 1:30 p.m. before |
| 2 | the Honorable Frederick E. Clement; |
| 3 | • If the Motion to Quash were denied, Baker would produce invoices, marked |
| 4 | attorney's eye's only and subject to any conditions imposed by the Court by |
| 5 | December 3, 2018; |
| 6 | • Any documents produced by Baker that are submitted by any Party in opposition |
| 7 | to or in support of the DQ Motion will be submitted under seal; |
| 8 | • Debtor's opposition to the DQ Motion would be filed on December 7, 2018; |
| 9 | • The reply in support of the DQ Motion would be filed on December 14, 2018. |
| 10 | • The hearing on the DQ Motion would be continued to December 19, 2018 at |
| 11 | 1:30 p.m. before the Honorable Frederick E. Clement; |
| 12 | • Debtor would not, at any time, assert this further delay in the hearing date on the |
| 13 | DQ Motion as a basis for waiver of the moving parties' rights to seek |
| 14 | disqualification of Ms. McDow and Foley. |

This agreement was memorialized in a Stipulation and [Proposed] Order which I believe was filed by Foley on or about November 2, 2018.

9. In the e-mails exchanged with Ms. McDow, she indicated that the purpose of the Subpoena was to use the invoices in opposition to the DQ Motion. Attached hereto as **Exhibit H** is a true and correct copy of Ms. McDow's October 29, 2018 reflecting that intent.

10. I have reviewed a sampling of Baker invoices produced by Baker in response to a client file demand. These invoices contain specific topics of communication between Dr. Benzeevi and Baker attorneys, as well as specific entries concerning legal strategy, particular areas of research and legal analysis

11. Indeed, just last week, Inyo filed a motion to enjoin Vi from receiving the tax revenues it is entitled to receive from the County of Inyo under the Vi loan documents drafted by Baker. Further, in the adversary proceeding against HCCA, Inyo is challenging actions that HCCA took as manager while being advised by Baker. It is not only services for HCCA in relation to the Inyo MSA which are in issue, because Inyo also challenges actions taken by

1　HCCA in relation to transfers between Inyo and Tulare Local Healthcare District ("TLHD").
2　Thus, the legal services provided by Baker relating to HCCA as manager for TLHD, as well as
3　those relating to Tulare Asset Management, which Baker helped form and advise, also relate to
4　active and pending matters. This is also true because TLHD is currently litigating claims
5　against HCCA and Tulare Asset Management in its own bankruptcy proceedings.
6　　I declare under penalty of perjury that the foregoing statements are true and correct and
7　that if called as a witness herein I could and would competently testify thereto, and that this
8　declaration was executed on November 6, 2018 at Fresno, California.

/s/ Hagop T. Bedoyan
HAGOP T. BEDOYAN