**4**

HAGOP T. BEDOYAN, CSB NO. 131285
**KLEIN, DENATALE, GOLDNER,
　COOPER, ROSENLIEB & KIMBALL, LLP**
5260 N. Palm Avenue, Suite 205
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (661) 326-0418
Email: hbedoyan@kleinlaw.com

Brandon N. Krueger, Esq. (SBN 221432)
*bkrueger@sallspencer.com*
Lara A.S. Callas, Esq. (SBN 174260)
*lcallas@sallspencer.com*
SALL SPENCER CALLAS & KRUEGER
A Law Corporation
32351 Coast Highway
Laguna Beach, CA 92651
Telephone: (949) 499-2942
Facsimile: (949) 499-7403

Attorneys for Healthcare Conglomerate Associates, LLC and
Vi Healthcare Finance, Inc.

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re: | Case No.: 16-10015-A-9 |
| SOUTHERN INYO HEALTHCARE DISTRICT, | Chapter 9 |
| | DC No.: KDG-5 |
| Debtor. | Date: December 19, 2018<br>Time: 1:30 p.m.<br>Place: United States Bankruptcy Court<br>　　　2500 Tulare Street, Fifth Floor<br>　　　Department A, Courtroom 11<br>　　　Fresno, California<br>Judge: Honorable Fredrick E. Clement |

**DECLARATION OF LARA A. S. CALLAS IN SUPPORT OF
MOTION TO QUASH SUBPOENA TO BAKER HOSTETLER LLP**

3NO8358　　　　　　　　　　　　1　　　　　　　　　　　　DECLARATION

I, the undersigned, hereby declare as follows:

1. I am licensed to practice law in California. I am admitted to practice before the United States District Court of the Eastern District of California and I am an attorney with Sall Spencer Callas & Krueger, A Law Corporation, counsel for Healthcare Conglomerate Associates, LLC and Vi Healthcare Finance, Inc. and also counsel to Medflow, PC and Tulare Asset Management in relation to this Motion to Quash the Subpoena to Baker Hostetler, LLP (the "Motion to Quash").

2. I have personal knowledge of the matters stated in this declaration. If the Court or a party called on me to do so, I could and would competently testify to these facts under oath. I submit this declaration in support of the Motion to Quash.

3. On December 4, 2018, Brandon Krueger of my firm sent an e-mail to Ashley McDow proposing that the Benzeevi Group would produce invoices reflecting services from December 2015 through January 2016 performed by Baker as to the Management Services Agreement ("Inyo MSA"). The purpose of this proposal was to refresh Ms. McDow's recollection as to her involvement in the Inyo MSA and partially resolve the issues presented in this Motion to Quash. This proposal was subject to the following conditions: that the invoices would be redacted to protect the privileged and confidential nature of entries by attorneys other than Ms. McDow and Mr. Farivar; that the production would not constitute a broader waiver or privilege or confidentiality, including as to other invoices or the subject matter of the unredacted entries; that the invoices would be produced on an attorney's eye's only basis and would be submitted under seal, if they were to be used in relation to the DQ Motion. The e-mail also attached minutes from the January 2, 2016 Southern Inyo Healthcare District ("SIHD") Board meeting where the SIHD Board approved the Inyo MSA, which reflected Ms. McDow's participation in that meeting and could also refresh her recollection. I retrieved these minutes from the Southern Inyo Healthcare District website, www.sihd.org/board/minutes/2016/01.02.16-Special-Board-Meeting.pdf. A true and correct copy of Mr. Krueger's December 4, 2018 e-mail to Ms. McDow and the attachment is attached hereto as **Exhibit 2**. To date, neither Ms. McDow, nor any attorney representing Debtor has

1　responded to this proposal.

2　　　4. For the Court's convenience, attached hereto as **Exhibit 3** is a highlighted version of
3　the January 2, 2016 SIHD Board Meeting minutes, highlighting the relevant part of these
4　minutes. The highlighted portions reflect the following: that Ms. McDow appeared as HCCA's
5　attorney at this meeting; that she explained terms of the Inyo MSA to the Board and the public
6　attending the meeting; that she made modifications to the Inyo MSA at the meeting; that
7　SIHD's counsel Scott Nave stated, and Ms. McDow did not contradict, that Baker Hostetler
8　("Baker") was HCCA's general counsel; that she and Mr. Nave explained terms of the conflict
9　waiver; and that as part of that explanation Mr. Nave stated "If a dispute arose about whether or
10　not there was a conflict that could not be waived then the potential there is Baker/Hostetler
11　would be disqualified and they would have to bring in new bankruptcy counsel." While Ms.
12　McDow explained screening procedures in explaining the conflict waiver, no evidence has
13　been provided, to date, of any screening measures employed at Baker.

14　　　5. Baker has been engaged in a rolling document production of the Benzeevi Group
15　client file to our firm over the past few months. At the time the Motion to Disqualify Foley &
16　Lardner and Ashley McDow was filed on October 15, 2018 and the Motion to Quash was filed
17　on November 6, 2018, we had not yet located a signed copy of the January 2, 2016 purported
18　conflict waiver letter. During my review of the Baker production after November 6, 2018, I
19　located a fully executed copy of the January 2, 2016 letter from Bruce Greene of Baker to
20　HCCA and Southern Inyo Healthcare District. A true and correct copy of the fully executed
21　January 2, 2016 letter is attached to Dr. Benzeevi's Supplemental Declaration as **Exhibit 1**.
22　///
23　///
24　///
25　///

6. Attached hereto as **Exhibit 4** is a true and correct copy of Ethics Opinion 2014-1 from the Bar Association of San Francisco analyzing Evidence Code § 958 as it applies to negative online reviews.

I declare under penalty of perjury that the foregoing statements are true and correct and that if called as a witness herein I could and would competently testify thereto, and that this declaration was executed on December 12, 2018 at Littleton, Colorado.

*Lara Callas*

LARA A. S. CALLAS