**3**

HAGOP T. BEDOYAN, CSB NO. 131285
**KLEIN, DENATALE, GOLDNER,**
  **COOPER, ROSENLIEB & KIMBALL, LLP**
5260 N. Palm Avenue, Suite 205
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (661) 326-0418
Email: hbedoyan@kleinlaw.com

Brandon N. Krueger, Esq. (SBN 221432)
*bkrueger@sallspencer.com*
Lara A.S. Callas, Esq. (SBN 174260)
*lcallas@sallspencer.com*
SALL SPENCER CALLAS & KRUEGER
A Law Corporation
32351 Coast Highway
Laguna Beach, CA 92651
Telephone: (949) 499-2942
Facsimile: (949) 499-7403

Attorneys for Healthcare Conglomerate Associates, LLC and
Vi Healthcare Finance, Inc.

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re: | Case No.: 16-10015-A-9 |
| SOUTHERN INYO HEALTHCARE DISTRICT, | Chapter 9 |
| | DC No.: KDG-4 |
| Debtor. | Date: March 21, 2019<br>Time: 1:30 p.m.<br>Place: United States Bankruptcy Court<br>2500 Tulare Street, Fifth Floor<br>Department A, Courtroom 11<br>Fresno, California<br>Judge: Honorable Fredrick E. Clement |

**DECLARATION OF HAGOP T. BEDOYAN IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO DISQUALIFY FOLEY & LARDNER AND ASHLEY MCDOW AS COUNSEL FOR DEBTOR**

3QD6004           1           DECLARATION

I, the undersigned, hereby declare as follows:

1. I am licensed to practice law in California. I am admitted to practice before the United States District Court of the Eastern District of California and I am a partner in the law firm Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP ("KDG"). KDG is counsel of record for Healthcare Conglomerate Associates, LLC ("HCCA") and Vi Healthcare Finance, Inc., ("Vi"), creditors in the above-referenced Chapter 9 case. I have personal knowledge of the matters stated in this declaration. If the Court or a party called on me to do so, I could and would competently testify to these facts under oath. I have been certified as a specialist in Bankruptcy by the California State Bar's Board of Legal Specialization since 1995. I submit this declaration in support of HCCA's and Vi's Reply to Opposition to Motion to Disqualify Foley & Lardner and Ashley McDow as counsel for Debtor in the Southern Inyo Healthcare District Chapter 9 case ("Inyo").

2. I attended the hearing on the Emergency Motion to Continue the Hearing on the Status Conference and the Associated Filing Deadlines on November 1, 2017 as counsel for HCCA. At that hearing I stated on the record that Baker & Hostetler ("Baker") had a disqualifying conflict of interest in representing Inyo based on the filing of the Emergency Motion to terminate the Management Services Agreement between Inyo and HCCA (the "Inyo MSA"). I also communicated at that hearing HCCA's intent that it would proceed with a motion to disqualify Baker.

3. Attached hereto as **Exhibit TT** is a true and correct copy of an e-mail dated November 1, 2017 from Marshall Grossman from the Orrick firm to Peter James and Ashley McDow of Baker. In the e-mail, Mr. Grossman states HCCA's objection to any further participation by Baker in the Chapter 9 proceedings for Inyo based upon its actual conflict of interest and requests that Baker voluntarily withdraw from further representation of Inyo.

4. I became counsel for HCCA in these Chapter 9 proceedings shortly following the filing of the Emergency Motion (1) For Authority to Immediately Terminate HCCA Management Agreement, etc. (the "Motion to Terminate"). This Motion to Terminate,

supported by former counsel to HCCA Ashley McDow's declaration, triggered several urgent legal issues demanding substantial time and resources from Dr. Benzeevi on behalf of HCCA and other entities that he owned. Amongst other things, in that same time frame, fall of 2017, Tulare Local Healthcare District ("TLHD") seized upon the Motion to Terminate and Ms. McDow's declaration to support its own efforts to terminate the Management Services Agreement between TLHD and HCCA. In that same time frame, the District Attorney in Tulare also launched its own investigation of HCCA and the Tulare Regional Medical Center eventually leading to seizures of funds and property from Dr. Benzeevi. These significant issues, along with the Inyo Chapter 9 proceedings, were the focus of legal efforts in the Fall and Winter of 2017 through the summer of 2018. Nonetheless, I was in the process of preparing the Motion to Disqualify Baker in April of 2018 when I learned that Ms. McDow was moving to Foley.

    5.    After the parties' partial agreement as to the termination of the Inyo MSA in 2017, there has been very little substantive progress in this case. The filings between January 2018 and present, putting aside the issues relating to his disqualification motion, have mainly comprised the Second Amended Disclosure Statement and filings related to status conferences.

    6.    Current ethics and malpractice counsel, Sall Spencer Callas & Krueger which has taken the lead in preparing this motion was engaged by HCCA, and its affiliates, in August of 2018. On September 17, 2018, I wrote a letter to Foley & Lardner requesting that they, and Ms. McDow, voluntarily withdraw from representing Inyo in these proceedings. That letter was attached to my initial declaration as Exhibit I. Following Foley's failure to respond to that letter, this motion was filed by October 16, 2018.

    I declare under penalty of perjury that the foregoing statements are true and correct and that if called as a witness herein I could and would competently testify thereto, and that this declaration was executed on March 6, 2019 at Fresno, California.

/s/ Hagop T. Bedoyan
HAGOP T. BEDOYAN