**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile     714-966-1002

Attorneys for Debtor and Debtor-in-Possession
SOUTHERN INYO HEALTHCARE DISTRICT

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 1:16-bk-10015-FEC |
| SOUTHERN INYO HEALTHCARE DISTRICT, | Chapter 9 |
| Debtor. | WGG-2 |
| | **DEBTOR'S OBJECTION TO PROOF OF CLAIM 48-1 FILED BY TULARE LOCAL HEALTHCARE DISTRICT** |
| | Hearing:<br>Date:    August 28, 2019<br>Time:    1:30 p.m.<br>Place:    Dept. A, Ctrm. 11<br>           U.S. Bankruptcy Court<br>           2500 Tulare Street<br>           Fresno, CA 93721 |

**TO THE HONORABLE FREDERICK E. CLEMENT, UNITED STATES BANKRUPTCY JUDGE AND ALL PARTIES IN INTEREST:**

Southern Inyo Healthcare District ("Debtor" or "Debtor-in-Possession") hereby files this *Objection to Proof of Claim 48-1 Filed by Tulare Local Healthcare District* ("Objection").

Debtor filed a voluntary chapter 9 petition on January 4, 2016. The deadline to file claims was set for September 30, 2016, by order of the Court entered August 16, 2016 [Dkt. 216].

Proof of Claim 48-1 ("Claim") was filed November 6, 2017, by Tulare Local Healthcare District ("Claimant"). *See* Exhibit A. The Claim asserts an unsecured claim in the amount of $2,500,000.00. The Claim states that the basis of the $2,500,000.00 unsecured claim is "Recent disclosures of improper transfers by Healthcare Conglomerate Associates of Tulare Local Healthcare District assets and money to Southern Inyo Healthcare District." No supporting documentation accompanies the Claim.

Federal Rule of Bankruptcy Procedure 3001(f) provides in relevant part

> A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity of the amount of the claim.

Section 502(a) of the Bankruptcy Code also provides that "[a] claim or interest proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A claim will not be allowed to the extent that the claim is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . ." 11 U.S.C. § 502(b)(1). The claimant must establish by a preponderance of the evidence that its claim should be allowed. The ultimate burden of persuasion is on the claimant. *See Lundell v. Anchor Construction Specialists, Inc. (In re Lundell),* 223 F.3d 1035, 1039 (9th Cir. 2000); *Bitters v. Networks Elec. Corp. (In re Networks Elec. Corp.),* 195 B.R. 92, 96 (B.A.P. 9th Cir. 1996).

Although lack of supporting documentation is insufficient on its own to warrant a

claim objection, creditors have the obligation to provide information at the request of a debtor, and such request can come in the form of a claims objection. *In re Heath*, 331 B.R. 424 (9th Cir. 2005). Despite a lack of supporting documentation being insufficient on its own to warrant a claim objection, a proof of claim filed without sufficient documentation does lack prima facie validity. *In re Campbell*, 336 B.R. 430 (9th Cir. 2005). When a proof of claim lacks prima facie validity, any objection that raises a legal or factual ground to disallow the claim will likely prevail absent adequate response by the creditor. *Id.* In both *Heath* and *Campbell*, the court relied upon the fact that the debtor had listed the claim of the creditor, and so the objection to claim stating that there was simply insufficient documentation fell upon deaf ears since the debtor had already admitted that a claim existed. Here, the Debtor has not listed any claim or liability owed to Tulare.

      Debtor disputes the Claim and asserts that it is not liable for the Claim on the basis provided. Since there is no documentation evidencing the Claim, Claimant has failed to meet its burden that the Claim should be allowed. There does not appear to be any basis for the Claim. Additionally, the Claim was filed after the claims bar date, and there does not appear to be any determination by this Court that the deadline should be extended. Debtor should not be required to "prove a negative" with respect to the Claim. Absent additional documentation, Debtor respectfully requests this Court disallow the Claim.

Dated: July 8, 2019

WEILAND GOLDEN GOODRICH

By: /s/ *Jeffrey I. Golden*
     Jeffrey I. Golden
Attorneys for Debtor and
Debtor-in-Possession
Southern Inyo Healthcare District

# DECLARATION OF JEFFREY I. GOLDEN

I, Jeffrey I. Golden, declare as follows:

1. I am an attorney at law duly licensed to practice in the Courts of California and the Eastern District of California. I am a partner in the law firm of Weiland Golden Goodrich, counsel of record for Southern Inyo Healthcare District ("Debtor" or "Debtor-in-Possession"). I am submitting this Declaration in support of the Debtor's *Objection to Proof of Claim 48-1 Filed by Tulare Local Healthcare District* ("Objection"). All capitalized terms in the Objection are incorporated herein by this reference. The following is within my own personal knowledge, except as otherwise noted, and if called as a witness, I could and would testify competently testify with respect thereto.

2. On November 6, 2017, Tulare Local Healthcare District filed Proof of Claim 48-1 ("Claim") asserting an unsecured claim of $2,500,000.00. A true and correct copy of the claim is attached hereto as Exhibit A.

3. The Claim contains no documentation that supports the amount or validity of the Claim.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of July, 2019, at Costa Mesa, California.

*/s/ Jeffrey I. Golden*
Jeffrey I. Golden

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1222426.1    4    OBJECTION TO CLAIM

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor 1: Southern Inyo Healthcare District

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Eastern District of California

Case number: 16-10015

## Official Form 410
# Proof of Claim
04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Tulare Local Healthcare District
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: Tulare Regional Medical Center

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Walter Wilhelm Law Group
Name
205 E. River Park Circle, Ste. 410
Number  Street
Fresno          CA      93720
City            State   ZIP Code

Contact phone (559) 435-9800
Contact email rileywalter@w2lg.com

Where should payments to the creditor be sent? (if different)

Tulare Local Healthcare District
Name
869 N. Cherry St.
Number  Street
Tulare          CA      93274
City            State   ZIP Code

Contact phone (503) 539-4565
Contact email shaskins@wipfli.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/_____
                                                                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410     Proof of Claim     page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   ☒ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. How much is the claim? $_____2,500,000.00__. Does this amount include interest or other charges?
   ☒ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   Recent disclosures of improper transfers by Healthcare Conglomerate Associates of Tulare Local Healthcare District assets and money to Southern Inyo Healthcare District.

9. Is all or part of the claim secured?
   ☒ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property:                  $_____
   Amount of the claim that is secured:  $_____

   Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition:  $_____

   **Annual Interest Rate** (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☒ No unknown
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**  $_____

11. Is this claim subject to a right of setoff?
    ☒ No
    ☐ Yes. Identify the property: _____

Official Form 410                             Proof of Claim                             page 2

EXHIBIT A    PAGE 6

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

**Part 3: Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11 / 6 / 2017
                   MM / DD / YYYY

*Signature:* Riley C. Walter

Print the name of the person who is completing and signing this claim:

| Name | Riley | C. | Walter |
|---|---|---|---|
| | First name | Middle name | Last name |

Title: Attorney for Claimant

Company: Walter Wilhelm Law Group
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 205 E. River Park Circle, Ste. 410
Number   Street

Fresno                                CA         93720
City                                  State      ZIP Code

Contact phone: (559) 435-9800        Email: rileywalter@w2lg.com

Official Form 410                Proof of Claim                           page 3

EXHIBIT A    PAGE 7