**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002

Attorneys for Debtor and Debtor-in-Possession
SOUTHERN INYO HEALTHCARE DISTRICT

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In re<br><br>SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>Debtor. | Case No. 1:16-bk-10015-FEC<br><br>Chapter 9<br><br>WGG-3<br><br>**AMENDED DEBTOR AND DEBTOR-IN-POSSESSION'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING DISMISSAL; DECLARATIONS OF JEFFREY I. GOLDEN, DONALD T. FIFE, AND SCOTT NAVE IN SUPPORT THEREOF**<br><br>Hearing<br>Date: July 24, 2019<br>Time: 1:30 p.m.<br>Place: Dept. A, Ctrm 11<br>U.S. Bankruptcy Court<br>2500 Tulare Street<br>Fresno, CA 93721 |

**TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATE BANKRUPTCY JUDGE:**

Debtor and Debtor-in-Possession, Southern Inyo Healthcare District (the "**District**") hereby submits the following *Amended Response to Order to Show Cause Regarding*



Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

*Dismissal* ("**Response**") to the Court's Order to Show Cause Regarding Dismissal ("**OSC**") issued on April 11, 2019 [Dkt. 606].

## I. INTRODUCTION

As this Court is aware the District provides services that are vital to the community at large and without which the residents of the community will be deprived of necessary emergency services. Since this Court set the OSC, the District has continued to work diligently to resolve the three primary hurdles to proposing a Plan of Adjustment that will not require material modifications such that resolicitation of any approved Disclosure Statement would be likely. To this end, the Court has made significant progress with respect to the HCCA Adversary, the Tulare claim, and the Optum Loan Adversary, as those terms are defined below and the details of which are set forth herein. Given that significant progress and the continued support of not only the community but the creditors of the District (as evidenced by, among other things, the absence of any opposition or complaint of any creditor other than HCCA, Tulare, or Optum to the progress of the District and its Plan of Adjustment). Accordingly, the District respectfully submits that there is no cause to dismiss under 11 U.S.C. § 930.

## II. BACKGROUND

The District filed a chapter 9 bankruptcy petition in this district, commencing case number 1:16-bk-10015-FEC, on January 4, 2016. An Order for Relief Under Chapter 9 was issued by the Court on July 12, 2016 [Dkt. 195]. Such a finding, that the District is eligible for relief under chapter 9, was made orally by the Court at a hearing on June 29, 2016. At that same hearing, the Court ordered the District to file a plan not later than November 2, 2016.

On October 28, 2016, the District filed with the Court an ex parte request to continue the deadline to file a plan from November 2, 2016, to January 31, 2017 [Dkt. 222]. On October 31, 2016, the Court granted such request [Dkt. 225].

On January 25, 2017, the District filed with the Court an ex parte request to continue the deadline to file a plan from January 31, 2017 [Dkt. 232]. On January 27,

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

2017, the Court granted such request, setting a new deadline to March 31, 2017 [Dkt. 240]. Additionally, the Court ruled that this would be the final request for enlargement of time that would be granted.

On April 1, 2017, the District filed both a Chapter 9 Plan [Dkt. 267] and a Disclosure Statement [Dkt. 268]. On July 20, 2017, an Amended Disclosure Statement [Dkt. 302] and Amended Plan [Dkt. 303] were filed by the District. On January 17, 2018, a Second Amended Plan [Dkt. 396] and a Second Amended Disclosure Statement [Dkt. 397] were filed by the District. The Second Amended Disclosure Statement was set for hearing on February 28, 2018. Prior to the hearing, the District withdrew the Second Amended Disclosure Statement due to the significant changes that had occurred between the filing of the original Disclosure Statement and the Second Amended Disclosure Statement.

In May, 2018, the District filed a status report detailing the changes that had occurred, and stating an intention to swiftly file a new Chapter 9 Plan [Dkt. 431]. However, the landscape continued to evolve. In July, 2018, the District filed five new adversary proceedings, all preference actions, against entities that had received payments during the ninety (90) days preceding the bankruptcy filing. This caused a delay in filing a new Chapter 9 Plan, as evidenced in the District's August 16, 2018, Status Report [Dkt. 467].

The result of the five preference actions is as follows. On July 12, 2018, the District filed an adversary proceeding against Healthcare Resource Group, Inc. for recovery of preference payments, commencing adv. no. 18-01043 ("**Healthcare Resource Adversary**"). On December 19, 2018, the District moved to dismiss the Healthcare Resource Adversary pursuant to a settlement which provided for the payment of $5,625.00 to the District.

On July 12, 2018, the District additionally filed an adversary proceeding against Coast to Coast Healthcare Services, Inc., for recovery of preference payments, commencing adv. no. 18-01044 ("**Coast to Coast Adversary**"). On October 1, 2018, the District filed a Notice of Withdrawal and dismissed the Cost to Coast Adversary.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

On July 12, 2018, the District additionally filed an adversary proceeding against Healthland Inc., for recovery of preference payments, commencing adv. no. 18-01045 ("**Healthland Adversary**"). On December 19, 2018, the District moved to dismiss the Healthland Adversary pursuant to a settlement which provided for the dismissal of the Healthland Adversary on the one hand, and the claims asserted by Healthland Inc. shall not be allowed. Although Healthland Inc. had not filed proofs of claim, Healthland's pre-petition claim had been scheduled in the District's Schedule F.

On July 12, 2018, the District additionally filed an adversary proceeding against Optum Bank, Inc., for recovery of approximately $20,000 in preference payments, commencing adv. no. 18-01046 ("**Optum Preference Adversary**"). Optum asserted, as a defense to the Optum Preference Adversary, that it did not receive more than it would have if it did not receive the preference payments. Optum asserted such defense based upon the presumption that it had a valid security interest as a result of the Optum Loan (described below). The Court's determination of the validity of Optum's security interest arising from the Optum Loan is thus central to the determination of the Optum Preference Adversary, and the parties have agreed to await the outcome of the Optum Loan Adversary (described below) prior to litigating the Optum Preference Adversary.

On July 12, 2018, the District additionally filed an adversary proceeding against Premier Emergency Physicians of California Medial Group, for recovery of preference payments, commencing adv. no. 18-01046 ("**Premier Adversary**"). On March 20, 2019, the District filed a Motion to Dismiss the Premier Adversary pursuant to a settlement which provided for the payment of approximately $55,000 to the District, and reduced accounts payable by approximately $497,000.

Additionally, other litigation remains pending which also contributed to the delay in the District proposing a Plan. On August 15, 2017, the District filed an adversary proceeding against Optum Bank, Inc., initiating adv. no. 17-01077 ("**Optum Loan Adversary**"). By and through the Optum Loan Adversary, the District sought a determination from the Court that the Optum Loan was invalid, and therefore Optum's

claim of $1,717,320.24, based upon a loan between Optum and the District ("**Optum Loan**"), should be disallowed. The District contends that the Optum Loan is invalid as it violates Cal. Health & Safety Code § 32130.2(b). Additionally, pursuant to the California Constitution, a creditor is not able to assert a security interest in municipal property unless expressly authorized by statute, something not present in connection with the Optum Loan. The District and Optum Bank, Inc. each filed Motions for Summary Judgment. If the Court determines that the Optum Loan is invalid, Optum's claim of $1,717,320.24 will be disallowed. The Court alternatively could find that the Optum Loan is valid, but the security interest is not, in which case Optum's claim would be unsecured. On May 22, 2019, the Court heard argument on the competing Motions for Summary Judgment and took the matter as submitted. The matter is still currently under submission. The District requests that the Court take Judicial Notice, pursuant to Federal Rule of Evidence 201, of the adversary docket, case number 17-01077, reflecting the cross motions for summary judgment [Dkts. 173 and 183].

On May 30, 2018, the District filed an adversary proceeding against HCAA and ViHF for, *inter alia*, subordination of claim or interest, commencing adv. no. 18-01031 ("**HCCA Adversary**"). The District's relationship with HCCA began in January, 2016 when the District entered into a Management Services Agreement ("MSA") and line of credit with HCCA. Pursuant to the MSA, the Board of Directors for the District turned over control of the District's operations and management to HCCA, including operations of the hospital and other facilities. However, the District alleges that in the years following execution of the MSA, HCCA engaged in an outrageous pattern and practice of negligence, breach of the MSA; unauthorized transfers of the District's money and failure to disclose critical financial and other information to the District’s Board of Directors. The allegations of the HCCA Adversary arises from multiple breaches of the duties of due care, contract and loyalty owed to the District by its former manager HCCA, which is wholly owned by Dr. Yorai Benzeevi, and Vi, which is a finance company associated with Benzeevi. Benzeevi and his companies deny the allegations. The District and the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

defendants to said adversary have agreed to a mediation date of August 15, 2019, in front of the Honorable Randall J. Newsome as mediator. Although the District plans on proposing a Chapter 9 Plan that has contingencies based upon the outcome of the HCCA Adversary, the District believes that the August mediation may result in a resolution or at least narrow issues, and may help to inform the District regarding how to treat the claims in a proposed Chapter 9 Plan. In connection with the HCCA Adversary, the District sought a preliminary injunction regarding tax revenues in which the defendants claim a security interest. Pending the upcoming mediation, the parties to the HCCA Adversary have agreed to continue sequestration of the tax revenues which has accumulated to a significant fund of money. The District requests that the Court take Judicial Notice, pursuant to Federal Rule of Evidence 201, of the docket in this adversary, case number 18-01031.

On April 10, 2019, the Court issued an Order Granting Motion to Disqualify Ashley McDow and Foley and Lardner LLP [Dkt. 604] ("Disqualification Order"), which was deemed effective as of the close of business on May 10, 2019. On May 10, 2019, the firm of Weiland Golden Goodrich LLP ("**WGG**") filed a Motion to Substitute Attorney to be the attorney of record for the District. On May 14, 2019, the Court entered an Order Granting the Motion to Substitute Attorney [Dkt. 617].

On April 11, 2019, one day after issuing the Disqualification Order, the Court issued an Order to Show Cause why the case should not be dismissed pursuant to §§ 930(a)(2) and (3) [Dkt. 606]. In particular, the Court requested that the District demonstrate sufficient cause, including a showing that the debtor can and will present a confirmable plan soon after July 24, 2019.

On July 9, 2019, the District filed an Objection to Proof of Claim 48-1 filed by Tulare Local Healthcare District ("**Tulare**"), which claim was asserted to be a $2,500,000 claim. The District set such objection for hearing on August 28, 2019. Tulare filed a Motion for Administrative Expenses on November 6, 2017 [Dkt. 355]. The District responded by opposing such request for administrative claim on April 2, 2018 [Dkt. 428]. Additionally,

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

and relatedly, the District had previously filed proofs of claim[1] in Tulare's Chapter 9 bankruptcy case, case number 17-13797. Tulare objected to the District's proofs of claim, but did not set such objections for hearing. The District has set the objections to the District's proofs of claim for hearing in the Tulare Chapter 9 case. The District believes that there is no basis to the Tulare claim, and believes that such claim will be reduced or disallowed. Due to Tulare's attempt to assert the claim as an administrative claim, the outcome of the claim objection is very important to the Plan of Adjustment.

## III. LEGAL AUTHORITY

### A. Standard for Dismissal

The OSC issued by the Court orders the District to show cause why this case should not be dismissed pursuant to 11 U.S.C. §§ 930(a)(2) and/or (3). Section 930 provides grounds on which the Court may, but is not required to, dismiss a Chapter 9 case. The court retains the general equitable power to dismiss for such cause as determined, in the sound exercise of its discretion, to warrant dismissal. This may include ineligibility of the debtor for Chapter 9 relief or seriously contumacious conduct by the debtor toward the court, including continual disregard of the court's orders or process. 6 COLLIER ON BANKRUPTCY ¶ 930.01 (16th ed. Rev. 2010). Additionally, even if one of the specific grounds enumerated in § 930(a) is present, the court is not required to dismiss a case if other considerations make it advisable that the case be retained. COLLIER ON BANKRUPTY ¶ 930.02[1] (16th ed. Rev. 2010).

Not only is there no contumacious conduct, none of the grounds are applicable and in fact there are significant other considerations which make it extremely advisable that the case be retained and not dismissed, each of which will be discussed in turn below.

[1] The District filed two proofs of claim, claim numbers 235-1 and 238-1.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**1. Litigation Issues**

There are three privacy matters which the District is dealing with to propose a Plan of Adjustment. The major outstanding litigation issues are the HCCA Adversary and claim, the Optum Loan Adversary, and the Tulare claim objection.

a. **The HCCA Adversary**

As explained above, HCCA Adversary has a mediation date of August 15, 2019. The District is confident that there will be funds paid to the District as a result of the HCCA Adversary. The District will continue to keep the Court informed of the result of the August 15, 2019, mediation. In the event that no settlement is reached, the District will file a motion under 11 U.S.C. §502(1) to estimate the claim and to facilitate the plan process. Resolution of the HCCA Adversary and claim eliminates an alleged claim and generates revenue.

b. **Optum Loan Adversary**

The motion for summary judgment is under submission with this Court. As mentioned above, the Court's determination of the District's claim against Optum Bank may result in the disallowance of over $1,700,000 in secured claims or the changing of character of the Optum proof of claim to an unsecured claim. In fact, there may be a variety of implications from the court’s ruling which can be addressed in the Plan. Resolution of the Optum Loan Adversary will allow the plan to address the claim and these issues based upon the Court's ruling.

c. **Tulare Claim Objection**

The District has filed an objection to the proof of claim filed by Tulare asserting a $2,500,000 claim which is set for hearing in August. The District does not believe such a claim exists, and Tulare has not provided documentation to the District supporting such claim. Tulare additionally moved for allowance of an administrative claim relating to the proof of claim filed by Tulare. Such motion was not set for hearing. The District opposed the motion for administrative claim. The District has set the proof of claim for hearing on August 28, 2019, and the outcome of such claim objection is very important to the Plan.

The District has filed a proof of claim in Tulare's Chapter 9 bankruptcy case. Such claim has been objected to by Tulare, however the objection was not set for hearing. The District has filed an opposition to Tulare's objection to claim, and has set for hearing the objection to claim. Resolution of the Tulare claim objection will enable the amended plan to proceed expeditiously.

**2. Additional Sources of Revenue**

The District believes that a Plan of Adjustment is feasible through the future revenue of the District. Don Fife is assisting the District in updating the financial projections and related data. However, in order to provide for better treatment of creditors, the District has reviewed avenues for additional sources of revenue which are detailed below.

First, the District had previously proposed expanding the services offered by the District and introducing new services in order to increase revenue. Inyo County performed a study evaluating the community needs and the Board has been evaluating this study to determine what new services could be added to increase revenue and benefit the community. The Board of the District is actively taking steps to expand services and began making plans to implement the services. In fact, the District will be providing infusion services, based upon a donation of equipment to the District. In addition, the District has addressed four acute beds and have passed all health service requirements for acute and swing beds, for which reimbursement is $9,000 per day for both. All of the aforementioned services will and are resulting in increased revenue for the District.

Second, the Board has recently appointed a new interim CEO who will be working on expanding services in order to increase revenue and in fact revenue has already recently started to increase. Additionally, the District will be contracting with a healthcare consultant to assess organizational issues and new services provided by the District. The District believes that the implementation of the new services is in the best interests of the District and therefore, its creditors, as well as the community as a whole. As a result, the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

District is confident that new services, creating additional revenue, will be implemented by the District in short order.

Third, the District had previously proposed an increase in the parcel tax in order to secure over $600,000 in additional funding. This parcel tax increase required voter approval. The measure was put on the ballot in 2018, and, while it did not achieve the two thirds (2/3) approval of the voters to pass, the vote was 57% in favor versus 43% against. Although historically tax increases in this district are not popular, the District believes that with the progress made as a result of the protections in the bankruptcy and improvements to operations with the new management team, the measure is likely to pass, not in the least because the community has consistently worked to keep the District running as that is in the best interests of the community at large. Accordingly, the District intends to introduce the measure once more in an effort to reach the two thirds (2/3) approval needed. Additionally, there is a proposal in the state legislature, which has not yet attained status as a law, to change the rule to requiring only 55% of approval needed by voters for this type of ballot measure. The District remains confident that, combined with additional dissemination of information to the public about the purposes of the increase in parcel tax, approval of the parcel tax is a significant possibility and will be proposed next November 2020.

Fourth, the District has been working with Los Angeles Department of Water and Power (“Department”) to partner on funding for local health related services. The Department is on board with the District and will put out a grant program which will increase the operating revenue. The District will continue to update the Court on this development.

Fifth, through the Local Agency Investment Fund the District has set aside $370,000 and there will be $250,000 in that fund available next year.

**B. <u>The Court Should Not Dismiss the Case</u>**

As stated above, even if one of the specific grounds enumerated in § 930(a) is present, the court is not required to dismiss a case if other considerations make it

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

advisable that the case be retained. COLLIER ON BANKRUPTY ¶ 930.02[1] (16th ed. Rev. 2010). Such considerations can include the best interests of creditors or the community at large and the reasons for delay in confirming a plan. It would make little sense to dismiss a case for delay in proposing a plan while not paying creditors only to hurt the same creditors in the case of dismissal.

The District's delay in confirming a plan is in part due to the large amount of litigation that has taken place in this case. The District has been working diligently to move forward with the various litigation matters identified above and anticipates that the challenges causing a delay in confirming a plan will be resolved shortly.

The best interests of creditors are not served by dismissal of this case. The District believes that a Plan of Adjustment is in the best interests of creditors since the District is working on confirming a Plan that will make payments to all impaired classes out of future revenue. Such payments will result in greater distributions to these impaired classes than they would receive if the case was dismissed. If the case was dismissed, each creditor would be left to fend for themselves and a mad race to the courthouse to capitalize on the District's sparse assets would ensue. Continued operation of the District's facilities would be impossible. If the District ceased operations, creditors would be in a worse position, since the District intends on paying creditors back in large part based upon future revenue from the Districts operations. Furthermore, the additional sources of revenue contemplated by the District would not be forthcoming. The Bankruptcy Code offers benefits to debtors, including the District, that, if lost, would result in interference in the operations of the District (if the District were able to operate post-dismissal) from creditors that would seek to recover collateral and levy against the District's assets to satisfy their claims. Substantial time and effort has been spent litigating various issues with respect to the District, and dismissal at this time would potentially rob the District of the ability to resolve certain of those disputes. Finally, the ballot measures proposed by the District that would increase revenue would likely fail in the event of a dismissal. Such a loss of revenue would be borne primarily by creditors. Since creditors would be best served by

confirmation of a Chapter 9 Plan of Adjustment, and because the District intends to seek confirmation of a Plan of Adjustment shortly, dismissal would not be in the creditors' best interests.

The community has repeatedly demonstrated its support for the District and its services which are vital to the remote area that the District serves. The District has consistently seen high turnouts at public meetings. Many creditors and organizations are working tirelessly to help the District confirm a plan and remain operating in this community. For many of the reasons stated above, dismissal of this case would result in the discontinuation of the District's services. Dismissal is not only not in the best interests of creditors, it is also against the wishes of the community. Such a Plan is in the best interests of creditors, who will receive more than they would if this case was dismissed. Under the circumstances, the community and the creditors would receive nothing and HCCA would takes the revenue. Dismissal does not benefit and is in fact harmful to the creditors, the Committee and the District. A confirmable Plan is in prospect and may be achieved within a reasonable time, shortly after the OSC hearing.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**D. <u>Conclusion</u>**

The District can file and move to confirm a feasible Plan within a short time which will benefit creditors and the community. The District has been preparing an amended confirmable Plan and can file such Plan within approximately two weeks. However, the District requests approximately 60 days to file a Plan so as to allow for the progression of the various outstanding litigation matters outlined above, the Optum Adversary, the Tulare objection and the HCCA Adversary. The District has diligently worked toward confirmation of a Chapter 9 Plan, and has been delayed by the significant amount of litigation surrounding the bankruptcy case. The District has hired new counsel approximately two (2) months ago, and new counsel has worked to both conclude the various outstanding litigation issues as well as become familiar with the District's financials in order to determine the appropriate treatment of creditors so as to propose a feasible Plan.

As set forth above, the Court is requested to take judicial notice of the docket relating to the claim objection. Tulare claim, the adversary docket involving Optum, and the adversary docket involving HCCA.

Since substituting in as counsel, WGG has worked diligently to conclude litigation and become familiar with the District's financials in order to propose a feasible Chapter 9 Plan of Adjustment. WGG has (i) helped to facilitate the setting of a mediation date in the HCCA Adversary, (ii) argued and participated in opposing Summary Judgment Motions in the Optum Loan Adversary, (iii) objected to the claim filed by Tulare, (iv) set for hearing Tulare's objection of the District's proofs of claim in Tulare's bankruptcy case, (v) worked with Don Fife of Hahn Fife & Company LLP to prepare feasible plan projections for a Chapter 9 Plan, (vi) analyzed potential alternative sources of revenue with representatives from the District's Board of Directors, and (vii) began drafting an amended Plan to present to the creditors and the Court.

Accordingly, the District requests that this Court not dismiss the case, take the OSC off calendar, and allow a reasonable opportunity for the District to file and confirm its amended plan.

Dated: July 11, 2019

WEILAND GOLDEN GOODRICH LLP

By: *_/s/ Jeffrey I. Golden_*
Jeffrey I. Golden
Attorneys for Debtor and Debtor-in-Possession
Southern Inyo Healthcare District

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**DECLARATION OF JEFFREY I. GOLDEN**

I, Jeffrey I. Golden, declare as follows:

1. I am an attorney at law duly licensed to practice in the Courts of California and the Eastern District of California. I am a partner in the law firm of Weiland Golden Goodrich, counsel of record for the debtor, Southern Inyo Healthcare District ("**District**"). I am submitting this Declaration in support of the District's *Debtor and Debtor-in-Possession's Response to Order to Show Cause Regarding Dismissal* ("**Response**"). All capitalized terms in the Objection are incorporated herein by this reference. The following is within my own personal knowledge, except as otherwise noted, and if called as a witness, I could and would testify competently testify with respect thereto.

2. According to the information available on the Court's docket and my discussions with previous and current counsel for the District, on January 4, 2016, the District filed a chapter 9 bankruptcy petition commencing case number 1:16-bk-10015-FEC. An Order for Relief Under Chapter 9 was issued by the Court on July 12, 2016.

3. According to the information available on the Court's docket and my discussions with previous and current counsel for the District, the Court ordered the District to file a plan not later than November 2, 2016. The Court continued the deadline to file a plan first to January 31, 2017, and later to March 31, 2017. The District filed a Chapter 9 Plan and Disclosure Statement on April 1, 2017. An Amended Plan and Disclosure Statement was filed on July 20, 2017. A Second Amended Plan and Disclosure Statement was filed on January 17, 2018. Prior to the hearing on the Second Amended Disclosure Statement, the District withdrew the Second Amended Disclosure Statement and Second Amended Plan.

4. According to the information available on the Court's docket and my discussions with previous and current counsel for the District, in May, 2018, the District filed a status report detailing the changes that had occurred since the filing of the bankruptcy case.

5. According to the information available on the Court's docket and my discussions with previous and current counsel for the District, the District filed five (5) preference actions in July, 2018. The Healthcare Resource Adversary was settled and resulted in a payment of $5,625.00 to the District. The Coast to Coast Adversary was dismissed. The Healthland Adversary was settled and Healthland agreed to not assert any claims. The Optum Preference Adversary is still pending. The Premier Adversary was settled and resulted in a payment of approximately $55,000.00 to the District.

6. On April 10, 2019, the Court issued an Order Granting Motion to Disqualify Ashley McDow and Foley and Lardner LLP which was deemed effective as of the close of business on May 10, 2019. On May 10, 2019, my firm of Weiland Golden Goodrich LLP ("**WGG**") filed a Motion to Substitute Attorney to be the attorney of record for the District. On May 14, 2019 the Court entered an Order Granting the Motion to Substitute Attorney.

7. WGG argued and participated in a hearing on opposing Summary Judgment Motions in the Optum Loan Adversary on May 22, 2019. The Court took the opposing Summary Judgment Motions under submission.

8. WGG additionally has worked toward facilitating a mediation date in connection with the HCCA Adversary, and I am informed and believe that a mediation has been set for August 15, 2019, in front of the Honorable Randall J. Newsome as mediator.

9. Additionally, WGG has objected to proof of claim 48-1 filed by Tulare, set for hearing, and opposed, Tulare's objection to the District's proof of claim filed in the Tulare bankruptcy case, worked with Don Fife of Hahn Fife & Company LLP to prepare feasible plan projections for a Chapter 9 Plan, discussed alternative sources of revenue with representatives from the District's Board of Directors, and began drafting a Chapter 9 Plan and Disclosure Statement to present to creditors and the Court. The Court is requested to take judicial notice of the claim objection to the Tulare proof of claim, the Adversary docket involving Optum, and the Adversary docket involving HCCA

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

10. I believe that a feasible, confirmable Plan of Adjustment could be proposed in as quickly as two weeks, however think that it is prudent to propose a Plan in approximately two months.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of July, 2019, at Costa Mesa, California.

*/s/ Jeffrey I. Golden*
Jeffrey I. Golden

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**DECLARATION OF DONALD T. FIFE**

I, Donald T. Fife, declare as follows:

1. I make this declaration in support of the District's *Debtor and Debtor-in-Possession's Response to Order to Show Cause Regarding Dismissal* ("**Response**"). I know the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, could and would competently testify with respect thereto.

2. I am a certified public accountant duly licensed to practice in the State of California. I am a partner of Hahn Fife & Company, LLP.

3. I was contacted by Weiland Golden Goodrich, LLP ("**WGG**") to review the financial position and projections of the District in relation to the preparing of financial projections in connection with the filing of a Chapter 9 Plan and Disclosure Statement.

4. I have reviewed a budget summary as well as monthly cash flow and budget financial documents obtained from the District.

5. I am putting together projections in relation to a Plan of Reorganization and believe that a feasible Plan can be confirmed in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of July, 2019, at Pasadena, California.

Donald T. Fife

**DECLARATION OF SCOTT NAVE**

I, Scott Nave, declare as follows:

1. I am an attorney at law duly licensed to practice in the Courts of California and the Eastern District of California. I am a partner in the law firm of Nave & Cortell, special counsel for Southern Inyo Healthcare District ("**District**"). I am submitting this Declaration in support of the District's *Debtor and Debtor-in-Possession's Response to Order to Show Cause Regarding Dismissal* ("**Response**"). All capitalized terms in the Objection are incorporated herein by this reference. The following is within my own personal knowledge, except as otherwise noted, and if called as a witness, I could and would testify competently testify with respect thereto.

2. Inyo County performed a study evaluating the community needs and the Board has been evaluating this study to determine what new services could be added to increase revenue and benefit the community. The Board of Directors directed the CEO to begin making plans to implement the services, however the District has not yet consummated such implementations.

3. The Board of Directors has recently appointed an interim CEO and is contracting with a healthcare consultant to assess organizational issues and new services to be provided by the District in order to better serve the community and increase revenue.

4. The District had previously proposed an increase in the parcel tax in order to secure over $600,000 in additional funding. This parcel tax increase required voter approval. The measure was put on the ballot in 2018, and, while it did not achieve the two thirds (2/3) approval of the voters to pass, the vote was 57% in favor versus 43% against.

5. The District is in the process of acquiring additional alternative sources of revenue. Some of these proposals are not finalized and not yet available for exposure to the public. While some of these proposals are speculative and tenuous, others are close to completion and may provide additional revenue to fund the Plan. Among other plans,

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

the District has been working with Los Angeles Department of Water and Power to partner on funding for local health related services and improvements to the hospital facilities.

6. The Board of Directors is confident that a Plan of Reorganization is in the best interests of the community at large, which has been traditionally supportive of the District, so that the District can continue to operate.

7. A Plan of Reorganization is feasible and I believe a confirmable Plan can be filed in short order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of July, 2019, at Westlake Village, California.

Scott Nave

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002