1 | **WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
2 | jgolden@wgllp.com
Ryan W. Beall, State Bar No. 313774
3 | rbeall@wgllp.com
650 Town Center Drive, Suite 600
4 | Costa Mesa, California 92626
Telephone    714-966-1000
5 | Facsimile     714-966-1002

6 | Attorneys for Debtor
SOUTHERN INYO HEALTHCARE DISTRICT

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10 | **SACRAMENTO DIVISION**

11 | In re | Case No. 1:16-bk-10015-FEC

12 | SOUTHERN INYO HEALTHCARE DISTRICT, | Chapter 9

13 |

14 | Debtor. | WGG-6

15 | | **THIRD AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF SOUTHERN INYO HEALTHCARE DISTRICT**

16 |

17 |

18 | | Hearing
Date:
Time:
19 | | Place:    501 I. Street
20 | |            Sacramento, CA 95814
           Courtroom 28

*Weiland Golden Goodrich LLP*
*650 Town Center Drive, Suite 600*
*Costa Mesa, California 92626*
*Tel 714-966-1000 Fax 714-966-1002*

1243457.2                                            THIRD AMENDED PLAN

# TABLE OF CONTENTS

**Page**

I.   DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION ..............3

   A.   Definition ............................................................................................3

   B.   Rules of Construction ........................................................................10

II.  TREATMENT AND DEADLINE FOR THE ASSERTION OF ADMINISTRATIVE CLAIMS AND PROFESSIONAL CLAIMS ........................................................10

   A.   Treatment of Administrative Claims....................................................10

   B.   Treatment of Professional Claims .....................................................11

   C.   Priority Claims in Chapter 9..............................................................12

   D.   Deadline for the Filing and Assertion of Postpetition Claims, Administrative Claims, and Professional Claims .......................................13

III. DESIGNATION OF CLASSES OF CLAIMS........................................................13

IV.  TREATMENT OF CLAIMS ...............................................................................14

   A.   Class 1 – Secured Claims .................................................................14

      1.   Class 1A – Action Capital Corporation.............................................14

         a.   Impairment and Voting...............................................14

         b.   Treatment...................................................................14

      2.   Class 1B – Bank of the West/Thermo Fisher Financial Services, Inc ................................................................................15

         a.   Impairment and Voting...............................................15

         b.   Treatment...................................................................15

      3.   Class 1C – Canon Financial Services, Inc.......................................15

         a.   Impairment and Voting...............................................16

         b.   Treatment...................................................................16

      4.   Class 1D – Cardinal Health 110, LLC ..............................................16

         a.   Impairment and Voting...............................................16

         b.   Treatment...................................................................16

      5.   Class 1E – Optum Bank, Inc............................................................17

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**TABLE OF CONTENTS (cont.)**

Page

a.    Impairment and Voting..........................................................17

b.    Treatment.................................................................................17

6.    Class 1F – Vi Healthcare Finance, Inc.......................................18

a.    Impairment and Voting..........................................................18

b.    Treatment.................................................................................18

7.    Class 1G – Leasing Associates of Barrington..............................19

a.    Impairment and Voting..........................................................19

b.    Treatment.................................................................................19

8.    Class 1H – General Electric Capital Corporation...........................19

a.    Impairment and Voting..........................................................19

b.    Treatment.................................................................................19

B.    Class 2 – Post-Petition Contracts Not Terminated ............................20

1.    Impairment and Voting...............................................................20

2.    Treatment ...................................................................................20

C.    Class 3 – Terminated Post-Petition Contract Claims............................20

1.    Impairment and Voting...............................................................20

2.    Treatment ...................................................................................20

3.    Class 5 Election .........................................................................20

D.    Class 4 – General Unsecured Claims ...............................................21

1.    Impairment and Voting...............................................................21

2.    Treatment ...................................................................................21

3.    Class 5 Election .........................................................................21

E.    Class 5 – Convenience Claims.........................................................21

1.    Impairment and Voting...............................................................21

2.    Treatment ...................................................................................22

V.    ACCEPTANCE OR REJECTION.................................................................22

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**TABLE OF CONTENTS (cont.)**

Page

A.    Voting of Claims ..........................................................................................22

VI.    TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES .....22

A.    Assumption of Executory Contracts and Unexpired Leases.....................22

B.    Cure Payments..........................................................................................22

C.    Rejection of Executory Contracts and Unexpired Leases ........................23

D.    Claims Arising from Rejection ...................................................................25

VII.    IMPLEMENTATION AND MEANS FOR IMPLEMENTATION OF THIS PLAN ....25

VIII.    RESERVATION OF RIGHTS OF ACTION .........................................................27

IX.    DISTRIBUTIONS ................................................................................................28

A.    Disbursing Agent .......................................................................................28

B.    Delivery of Distributions.............................................................................28

C.    Undeliverable Distributions........................................................................28

    1.    Holding of Undeliverable Distributions............................................28

    2.    Notification and Forfeiture of Unclaimed Property ..........................28

D.    Distribution of Cash ...................................................................................29

E.    Timeliness of Payments ............................................................................29

F.    Default and Cure .......................................................................................29

G.    Compliance with Tax Requirements..........................................................30

H.    Time Bar to Cash Payments......................................................................30

I.    No De Minimis Distributions ......................................................................31

J.    No Distributions on Account of Disputed Claims or Disallowed Claims .......................................................................................................31

K.    No Post-Petition Date Accrual ...................................................................31

X.    DISPUTED CLAIMS...........................................................................................32

A.    Claim Objection Deadline..........................................................................32

B.    Reserves, Payments and Distributions with Respect to Disputed Claims .......................................................................................................32

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## TABLE OF CONTENTS (cont.)

**Page**

XI.    EFFECT OF CONFIRMATION................................................................32

    A.    Discharge of the District ...........................................................32

    B.    Injunction ..................................................................................33

    C.    Term of Existing Injunctions or Stays ......................................34

    D.    Exculpation...............................................................................34

    E.    Good Faith Compromise ...........................................................34

XII.    RETENTION OF AND CONSENT TO JURISDICTION .......................35

XIII.    CONDITIONS PRECEDENT...............................................................37

    A.    Condition Precedent to Confirmation.........................................37

    B.    Conditions Precedent to Effective Date.....................................37

    C.    Waiver of Conditions Precedent to Effective Date.....................37

    D.    Effect of Failure of Conditions ..................................................38

    E.    No Admission of Liability ...........................................................38

XIV.    MISCELLANEOUS PROVISIONS ......................................................38

    A.    Dissolution of the Committee.....................................................38

    B.    Severability................................................................................38

    C.    Governing Law ..........................................................................39

    D.    Effectuating Documents and Further Transactions ...................39

    E.    Acceleration of Payments..........................................................39

    F.    Delivery of Notices ....................................................................40

    G.    Notice of Effective Date.............................................................40

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>TABLE OF AUTHORITIES</u>**

**<u>Page(s)</u>**

**<u>Statutes</u>**

11 U.S.C. § 101(5) ............................................................................... 5

11 U.S.C. § 102 ................................................................................... 10

11 U.S.C. § 105 ................................................................................... 34

11 U.S.C. § 362 ................................................................................... 34

11 U.S.C. § 365 ................................................................................... 23

11 U.S.C. § 501 ..................................................................................... 3

11 U.S.C. § 502(c) ........................................................................... 4, 18

11 U.S.C. § 503(b) ........................................................................... 3, 12

11 U.S.C. § 506(a) ................................................................................. 9

11 U.S.C. § 507(a)(2) ....................................................................... 3, 12

11 U.S.C. § 552(a) ............................................................................... 17

11 U.S.C. § 553 ..................................................................................... 9

11 U.S.C. § 922 ................................................................................... 34

11 U.S.C. § 941 ..................................................................................... 3

11 U.S.C. § 943 ..................................................................................... 5

11 U.S.C. § 943(b) ............................................................................... 37

11 U.S.C. § 943(b)(3) ........................................................................... 11

11 U.S.C. § 943(b)(6) ........................................................................... 37

11 U.S.C. § 944 ............................................................................. 28, 32

11 U.S.C. § 945 ................................................................................... 35

11 U.S.C. § 1101(2) ............................................................................. 33

11 U.S.C. § 1102(a)(1) ........................................................................... 5

11 U.S.C. § 1111(b) ............................................................................. 18

11 U.S.C. § 1122 ................................................................................. 13

11 U.S.C. § 1123(a) ............................................................................... 5

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

11 U.S.C. § 1123(a)(1) ................................................................................... 13

11 U.S.C. § 1124 ............................................................................................. 7

11 U.S.C. § 1125 ............................................................................................. 6

11 U.S.C. § 1129(b) ....................................................................................... 22

11 U.S.C. § 1142(b) ....................................................................................... 36

Cal. Gov't Code § 53760 ............................................................................... 34

Cal. Health & Safety Code §§ 135, et seq. ..................................................... 7

**Rules**

Fed. R. Bankr. P. 9006(a) .............................................................................. 10

Fed. R. Bankr. P. 8002 ................................................................................... 7

**CAVEAT**: **The Bankruptcy Court has not yet approved a disclosure statement with respect to the plan of adjustment of debts for Southern Inyo Healthcare District. The filing and distribution of this proposed plan is not intended and should not be construed as a solicitation of acceptance or rejection of the plan of adjustment of debts.**

[This caveat shall be removed prior to solicitation]

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Southern Inyo Healthcare District (the "District" or "Debtor" or "SIHD"), a California local healthcare district and debtor under chapter 9 of the Bankruptcy Code, hereby proposes the following Third Amended Plan for the Adjustment of Debts (the "Plan") pursuant to section 941 of the Bankruptcy Code.[1]

Please refer to the accompanying Disclosure Statement for a discussion of the District's history, operations, and financial condition, and for a summary and analysis of this Plan and other important information. The District encourages you to read this Plan and the Disclosure Statement in their entirety before voting to accept or reject this Plan. No other materials other than the Disclosure Statement and the associated Exhibits and Schedules have been approved for us in soliciting acceptance or rejections of this Plan.

## I. DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION

### A. Definition

1. **Administrative Claim** means the costs or expenses of administration of the Chapter 9 Case not already paid by the District, allowed under section 503(b) and entitled to priority under section 507(a)(2) to the extent made applicable in Chapter 9: (i) which the District agrees is an Allowed administrative expense; or (ii) which the Bankruptcy Court determines is an Allowed administrative expense. The District's consent to the Bankruptcy Court adjudicating Administrative Claim status is given without the District in any way consenting or agreeing that Claims for postpetition obligations of the District are or would be entitled to status as Administrative claims as "the actual necessary costs and expenses of preserving the estate" under section 503(b).

2. **Allowed** means a claim that:

a. Is asserted in a proof of Claim filed in compliance with section 501 of the Bankruptcy Code and any applicable order of the Bankruptcy Court and as to which (i) no objection has been filed within the deadline established pursuant to Section X.A., (ii) the Bankruptcy Court has entered a Final Order allowing all or a

---

[1] The definitions of capitalized terms used throughout this Plan are set forth in Section I.A.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

portion of such Claim (but only to the extent allowed), or (iii) the Bankruptcy Court has entered a Final Order under section 502(c) of the Bankruptcy Code estimating the amount of the Claim for purposes of allowance;

        b.     Is subject to a stipulation between the District and the holder of such Claim providing for the allowance of such Claim; or

        c.     Is a Professional Claim as to which the Bankruptcy Court has entered an order deeming such Claim as reasonable in whole or in part (but only to the extent deemed reasonable).

    3.     **Ballot** means the ballot(s), in the form(s) approved by the Bankruptcy Court in the Plan Solicitation Order accompanying the Disclosure Statement and provided to each holder of a Claim entitled to vote or accept or reject this Plan.

    4.     **Bankruptcy Code** means title 11 of the United States Code, as amended from time to time, as applicable to the Chapter 9 case. Unless otherwise indicated, references in this Plan to "section _____" are to the specifically identified section of the Bankruptcy Code.

    5.     **Bankruptcy Court** means the United States Bankruptcy Court for the Eastern District of California, Sacramento Division, or such other court that lawfully exercises jurisdiction over the Chapter 9 case.

    6.     **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to the Chapter 9 Case, together with the local rules of the Bankruptcy Court applicable to the Chapter 9 Case. Unless otherwise indicated, references to "Bankruptcy Rules _____" are to the specifically identified rule of the Federal Rules of Bankruptcy Procedure.

    7.     **Bar Date** means the applicable date by which a particular proof of claim must be filed, as established by this Plan or the Bankruptcy Court.

    8.     **Business Day** means a day other than a Saturday, a Sunday, or any other day on which banking institutions in Los Angeles, California, are required or authorized to close by law or executive order.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

9. **Cash** means cash and cash equivalents, including, without limitation, withdrawable bank deposits, wire transfers, checks, and other similar items.

10. Chapter 9 Case means the case under chapter 9 of the Bankruptcy Code commenced by the District and styled as *In re Southern Inyo Healthcare District*, Case no. 2016-10015-FEC, currently pending in the Bankruptcy Court.

11. **Claim** has the meaning set forth in section 101(5).

12. **Class** means any group of Claims classified herein pursuant to section 1123(a).

13. **Collateral** means any property or interest in property of the District subject to a lien or security interest that is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable federal and/or state law.

12. **Committee** means the Official Committee of Unsecured Creditors of Southern Inyo Healthcare District, appointed in the Chapter 9 case by the Office of the United States Trustee pursuant to section 1102(a)(1) of the Bankruptcy Code.

13. **Confirmation Date** means the date on which the Bankruptcy Court enters the Confirmation Order.

14. **Confirmation Hearing** means the hearing to be conducted by the Bankruptcy Court regarding confirmation of this Plan, as such hearing may be adjourned, reconvened or continued from time to time.

15. **Confirmation Order** means the order of the Bankruptcy Court confirming this Plan pursuant to section 943 of the Bankruptcy Code.

16. **Convenience Class Claim** means any Allowed Claim that is greater than $0.00 in Allowed amount and less than or equal to $250 in Allowed amount.

17. **Disallowed** means a Claim or portion thereof that: (i) has been disallowed by a Final Order of the Bankruptcy Court; (ii) has been listed by the District in its list of creditors, as it may be amended from time to time, in the amount of $0.00 or an unknown amount, or as contingent, disputed, or unliquidated, and as to which no proof of

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1 claim has been filed by the applicable deadline or deemed timely pursuant to any Final

2 Order of the Bankruptcy Court; (iii) as to which the holder thereof has agreed to be equal

3 to $0.00 or to be withdrawn, disallowed or expunged; or (iv) has not been listed in the list

4 of creditors and as to which no proof of claim has been filed by the applicable deadline or

5 deemed timely pursuant to a Final Order of the Bankruptcy Court.

6          18.    **Disclosure Statement** means the disclosure statement, and all

7 exhibits and schedules incorporated therein, that relates to this Plan and that is approved

8 by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, as the same

9 may be amended, modified or supplemented in accordance with the Bankruptcy Code.

10          19.    **Disputed Claim** means any Claim or portion thereof that has not

11 become Allowed and that is not Disallowed. In the event that any part of a Claim is

12 disputed, except as otherwise provided in this Plan, such Claim shall be deemed disputed

13 in its entirety for purposes of distribution under and voting on this Plan unless the District

14 in its sole discretion agrees otherwise. Without limiting the foregoing, a Claim that is the

15 subject of a pending application, motion, complaint, objection, or any other legal

16 proceeding seeking to disallow, limit, reduce, subordinate, or estimate such Claim shall be

17 deemed to be disputed.

18          20.    **District** means the Southern Inyo Healthcare District, a California

19 local healthcare district and debtor in the Chapter 9 Case.

20          21.    **District Assets** means any and all property, whether real or

21 personal, tangible or intangible, in which the District holds an interest.

22          22.    **Effective Date** means the first Business Day after the Confirmation

23 Date on which the conditions specified in Section XIII.B of the Plan have been satisfied or

24 waived.

25          23.    **Eligibility Contest** means, collectively, the trial on the District's

26 eligibility to be a debtor under Chapter 9 of the Bankruptcy Code and all ancillary and

27 related pleadings, discovery, hearings, and actions.

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

24.   **Exculpated Party** means the District as well as its predecessors, successors, assigns and present and former affiliates and subsidiaries, and each of their respective current and former officers, directors, principals, employees, shareholders, members (including ex officio members), partners, agents, financial advisors, attorneys, accountants, investment bankers, investment advisors, consultants, representatives, and other professionals, and any individual or entity claiming by or through any of them; *provided, however*, HCCA as well as its predecessors, successors, assigns and present and former affiliates and subsidiaries, and each of their respective current and former officers, directors, principals, employees, shareholders, members (including ex officio members), partners, and agents shall not constitute an Exculpated Party.

25.   **Final Order** means an order to which (a) no timely appeal has been filed challenging the order or, (b) if a timely appeal has been filed, no order staying the effect of the order has been requested or entered. A notice of appeal shall be deemed timely if filed within the time allotted under Bankruptcy Rule 8002.

26.   **Force 10** means Force 10 Partners LLC, financial advisor for the District in connection with the Bankruptcy Case.

27.   **GE HFS** means General Electric Healthcare Financial Services.

28.   **General Unsecured Claim** means any unsecured Claim *that is not* (i) an Administrative Claim, (ii) a Professional Claim, (iii) a Secured Claim, or (iv) a Post-Petition Claim.

29.   **HCCA** means Healthcare Conglomerates Associates, the company previously employed by the District to manage and restructure the operations of the District's facilities and services.

30.   **Health & Safety Code** means the California Health and Safety Code (Cal. Health & Safety Code §§ 135, *et seq.*).

31.   **Impaired** means a Claim or Interest that is impaired within the meaning of section 1124 of the Bankruptcy Code.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

32. **Notice of Effective Date** shall have the meaning ascribed to such phrase in Section XIV.G of the Plan.

33. **Optum** means Optum Bank, Inc. as well as its predecessors, successors, assigns and present and former affiliates and subsidiaries, and each of their respective current and former officers, directors, principals, employees, shareholders, members (including ex officio members), partners, agents, financial advisors, attorneys, accountants, investment bankers, investment advisors, consultants, representatives, and other professionals, and any individual or entity claiming by or through any of them.

34. **Optum Adversary** means the adversary proceeding commenced by the District against Optum in the Bankruptcy Court, through which the District seeks to invalidate the Optum Loan, set aside the associated security interest, and disallow the Optum Claim.

35. **Optum Claim** means the proof of claim filed by Optum against the District in the Chapter 9 Case—namely, proof of claim number 25—and any amendments thereto.

36. **Optum Loan** means the loan given to the District by Optum pursuant to the Business Loan Agreement dated February 20, 2015 and as reflected in the Promissory Note dated February 20, 2015, the Commercial Security Agreement dated February 20, 2015, and other associated documents, and set to mature on February 20, 2025.

37. **Petition Date** means January 4, 2016.

38. **Plan** means this Third Amended Plan for the Adjustment of Debts, together with all Exhibits hereto, each in their present form or as they may be altered, amended or modified from time to time in accordance with the provisions of this Plan, the Confirmation Order, the Bankruptcy Code, and the Bankruptcy Rules.

39. **Plan Exhibits** means the pleading titled Exhibits to Third Amended Plan for the Adjustment of Debts of Southern Inyo Healthcare District and Disclosure

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Statement Relating Thereto. Unless otherwise stated, any reference contained herein to an "Exhibit" refers to an exhibit appended to the Plan Exhibits.

40.     **Plan Solicitation Order** means the order by which the Bankruptcy Court approved the Disclosure Statement as containing adequate information for the purpose of dissemination and solicitation of votes on and confirmation of this Plan and established certain rules, deadlines, and procedures for the solicitation of votes with respect to and the balloting of this Plan.

41.     **Post-Petition Claim** means any Claim asserted against the District relating to a debt incurred by the District after the Petition Date.

42.     **Pre-Confirmation Date Claim** means a Claim against the District that arose prior to the Confirmation Date.

43.     **Professional** means each or any of the law firm of Weiland Golden Goodrich LLP, general insolvency counsel or the District, Nave Cortell LLP, general counsel for the District, Force 10, and Province, and may include any special counsel employed by the District.

44.     **Professional Claim** means a Claim asserted by a Professional.

45.     **Province** means Province, Inc., the former financial advisor for the District in the course of the Chapter 9 Case.

46.     **Rights of Action** means any rights, claims, or causes of action owned by, accruing to, or assigned to the District pursuant to the Bankruptcy Code or pursuant to any contract, statute, or legal theory, including, without limitation, any rights to, claims, or cause of action for recovery under any policies of insurance issued to or on behalf of the District.

47.     **Secured Claim** means a Claim that is secured, in whole or in part, (a) by a lien that is not void or otherwise subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy law, or (b) as a result of rights of setoff under section 553 of the Bankruptcy Code, but in any event only to the extent of the value, determined in accordance with section 506(a) of the Bankruptcy Code, of the holder's

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

interest in the District's interest in property or to the extent of the amount subject to such setoff, as the case may be.

48. **SNF** means the skilled nursing facility owned and operated by the District.

49. **Unimpaired** means a Claim that is not Impaired.

**B. Rules of Construction**

The following rules of construction apply to this Plan: (a) unless otherwise specified, all references in this Plan to "Sections" and "Exhibits" are to the respective Sections in or Exhibits to this Plan, as the same may be amended or modified from time to time; (b) the headings in this Plan are for convenience of reference only and do not limit or otherwise affect the provisions of this Plan; (c) words denoting the singular number include the plural number and vice versa; (d) the rules of construction set forth in Section 102 of the Bankruptcy Code apply; (e) in computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) apply; and (f) the words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to this Plan as a whole and not to any particular Section, subsection, or clause contained in this Plan.

**II. TREATMENT AND DEADLINE FOR THE ASSERTION OF ADMINISTRATIVE CLAIMS AND PROFESSIONAL CLAIMS**

**A. Treatment of Administrative Claims**

Except to the extent that the holder of an Allowed Administrative Claim agrees to a different treatment, the District or its agent shall pay to each holder of an Allowed Administrative Claim, in full satisfaction, release, and discharge of such Allowed Administrative Claim, Cash in an amount equal to such Allowed Administrative Claim on the later of (i) the Effective Date or (ii) the date on which such Claim becomes an Allowed Administrative Claim, or as soon thereafter as is practicable. Three creditors have asserted administrative expense claims that are provided for in the projections attached hereto: Advanced Medical Personnel Services, Advanced Medical Staffing, and Rapid Temp, Inc. The District has responded to motions by Advanced Medical Staffing and

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Rapid Temp, Inc. and asserts that these creditors do not have administrative claims. The Court will hold a hearing on such motions on November 12, 2019. The District has noted the proof of claim filed by Advanced Medical Personnel Services and will object to the proof of claim to the extent that it asserts an administrative claim. If the Court finds that these entities have administrative claims, they will be paid in the manner listed above. There are two allowed administrative claims: Source Media in the amount of $3,007.50, and Up-to-Date in the amount of $3,618.00 which will both be paid in full on the Effective Date.

**B.      Treatment of Professional Claims**

Pursuant to section 943(b)(3), all amounts paid or to be paid following the Effective Date for services or expenses in the Chapter 9 Case or incident to the Plan must be disclosed to the Bankruptcy Court and must be reasonable. Each Professional Claim is placed into either Class 3 or Class 4, depending upon the date of its retainer with the District, and will share in the distribution with unsecured creditors, unless otherwise agreed upon by the District in its sole authority.[2]

The District estimates that the attorneys' fees incurred by Baker & Hostetler LLP ("**Baker**") for services rendered to the District prior to the Effective Date shall total approximately $825,000. Baker will be placed in Class 3.

The District estimates that Nave Cortell LLP and Province shall have Professional Claims in the amount of approximately $70,000 and $20,761.75, respectively, as of the Effective Date and are each treated under Class 3.

The District estimates that Foley & Lardner LLP shall have Professional Claims in the amount of approximately $506,649 as of the Effective Date and will be treated under Class 4.

---

[2] The treatment of Professional Claims provided herein shall not in any way limit the rights of any professional employed by the District seeking compensation for services provided following the Effective Date. The amounts listed in this Section are estimates of the Professional Claims and shall not in any way be interpreted as a limitation on the amount of the Professional Claims.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

The District estimates that Weiland Golden Goodrich LLP shall have Professional Claims in the amount of approximately $200,000 as of the Effective Date and will be treated under Class 4.

The District estimates that Dentons, Bingham Greenebaum and Cohen & Grisby shall have Professional Claims in the amount of approximately $56,800 as of the Effective Date and will be treated under Class 4.

The District estimates that The Shinbrot Firm shall have Professional Claims in the amount of approximately $74,335 as of the Effective Date and will be treated under Class 4.

The District estimates that Hahn Fife shall have Professional Claims in the amount of approximately $65,000 as of the Effective Date and will be treated under Class 4.

The District does not consent to the Bankruptcy Court adjudicating whether any other individual or entity constitutes a Professional or may assert a Professional Claim. The District solely consents to the Bankruptcy Court adjudicating the reasonableness of the services rendered and costs incurred by the Professionals for which compensation and/or reimbursement is sought.

The District, in the ordinary course of its business, and without the requirement for Bankruptcy Court approval, may pay for professional services rendered and costs incurred following the Effective Date.

C.    **Priority Claims in Chapter 9**

The only priority claims incorporated into chapter 9 through section 901 are those allowed under section 503(b) and entitled to priority under section 507(a)(2). The treatment of all such Administrative Claims is set forth immediately above in Sections II.A and II.B. No other kinds of priority claims set forth in section 507 are recognized in chapter 9 cases.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**D.    Deadline for the Filing and Assertion of Postpetition Claims,**
**Administrative Claims, and Professional Claims**

**All proofs of claim for Claims arising on or after the Petition Date, and**
**requests for payment or any other means of preserving and obtaining payment of**
**Administrative Claims that have not been paid, released, or otherwise settled, and**
**all requests for a determination regarding the reasonableness of Professional**
**Claims, must be filed with the Bankruptcy Court and served upon the District no**
**later than thirty (3) days** <u>before</u> **the date set for the Confirmation Hearing.** Any proof
of claim for Claims arising on or after the Petition Date, or request for payment of an
Administrative Claim or a Professional Claim that is not timely filed will be forever barred
and holders of such Claims shall be barred from asserting such Claims in any manner
against the District.

**III.    DESIGNATION OF CLASSES OF CLAIMS**

Pursuant to sections 1122 and 1123(a)(1), made applicable to chapter 9 via section
901, all Claims other than Administrative Claims and Professional Claims are classified for
all purposes, including voting, confirmation, and distribution pursuant to this Plan, as
follows:

<u>Class 1</u> – Secured Claims

<u>Class 1A</u> – Action Capital Corporation

<u>Class 1B</u> – Bank of the West

<u>Class 1C</u> – Canon Financial Services, Inc.

<u>Class 1D</u> – Cardinal Health 110, LLC

<u>Class 1E</u> – Optum Bank, Inc.

<u>Class 1F</u> – Vi Healthcare Finance, Inc.

<u>Class 1G</u> – Leasing Associates of Barrington

<u>Class 1H</u> – General Electric Healthcare Financial Services

<u>Class 2</u> – Post-Petition Contracts Not Terminated

<u>Class 3</u> – Terminated Post-Petition Contract Claims

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Class 4 – General Unsecured Claims

Class 5 – Convenience Class Claims

## IV.     TREATMENT OF CLAIMS

### A.     Class 1 – Secured Claims[3]

#### 1.     Class 1A – Action Capital Corporation

Class 1A consists of the Claim asserted by Action Capital Corporation (also known as Coast to Coast Healthcare) in the amount of $185,600.35, which is purportedly secured by all accounts receivable of the District arising on or before January 31, 2015.

##### a.     Impairment and Voting

Class 1A is Impaired by this Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of Action Capital Corporation. Accordingly, this Class is entitled to vote to accept or reject the Plan in accordance with the Plan Solicitation Order.

##### b.     Treatment

Action Capital Corporation's Class 1A Claim is purportedly secured solely by accounts receivable generated on or before January 31, 2015, which the District estimates to be worth $0.00. Accordingly, in full satisfaction, release and discharge of the Class 1A Claim, Action Capital Corporation shall receive an allowed General Unsecured Claim in the amount of $185,600.35, which shall be included in and treated in accordance with the treatment provided for Class 4 claims.

---

[3] In Schedule D, the District scheduled as Secured Claims certain Claims asserted by General Electric Capital Corporation, HCCA, Marlin Leasing Corporation, Siemens Healthcare Diagnostics, Inc. (also known as Siemens Financial Services, Inc.), and U.S. Foods, Inc. The foregoing claimants are not treated as Secured creditors under the Plan for the reasons set forth in Section V.A.5 of the Disclosure Statement.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

2. **Class 1B – Bank of the West/Thermo Fisher Financial Services, Inc.**

Class 1B consists of the Claims asserted by Bank of the West in the amount of $7,189.61 and Thermo Fisher Financial Services, Inc. in the amount of $12,443.46,[4] which are purportedly secured by an Abbott iSTAT 1 Upgrade from 200 Series and the related equipment and documentation.

a. <u>Impairment and Voting</u>

Class 1B is Impaired by this Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of Bank of the West and/or Thermo Fisher Financial Services, Inc. Accordingly, this Class is entitled to vote to accept or reject the Plan in accordance with the Plan Solicitation Order.

b. <u>Treatment</u>

In full satisfaction, release and discharge of the Class 1B Claims, the District shall surrender to BOW or Thermo the collateral for the underlying agreements—namely, one Abbott iSTAT 1 Upgrade from 200 Series and the related equipment and documentation. The District shall surrender the subject equipment and documentation on or as soon as practicable following the Effective Date. The remainder of the Claim asserted by BOW and Thermo shall be allowed as a General Unsecured Claim in Class 4 in accordance with the Proofs of Claim filed by BOW and Thermo.

3. **Class 1C – Canon Financial Services, Inc.**

Class 1C consists of the Claim asserted by Canon Financial Services, Inc. in the amount of $84,275.90, which is purportedly secured by certain office equipment subject to the agreements by and between the District and Canon Financial Services, Inc. or its affiliates.

---

[4] Bank of the West and Thermo Fisher Financial Services, Inc. each filed proofs of claim asserting secured claims in the subject collateral. Per the documentation provided in support of the proofs of claim, it appears that Thermo Fisher Financial Services, Inc. assigned its rights under the agreement with the District to Bank of the West in or about June 2013. Accordingly, under this Plan, the Claims asserted by Bank of the West and Thermo Fisher Financial Services, Inc. are treated as one and the same.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1     a.  <u>Impairment and Voting</u>

2    Class 1C is Impaired by this Plan since the treatment of this Class will affect the

3 legal, equitable, or contractual rights of Canon Financial Services, Inc. Accordingly, this

4 Class is entitled to vote to accept or reject the Plan in accordance with the Plan

5 Solicitation Order.

6     b.  <u>Treatment</u>

7    In full satisfaction, release and discharge of the Class 1C Claim, the District shall

8 surrender to Canon the collateral for the underlying agreement. The District shall

9 surrender the subject equipment and documentation on or as soon as practicable

10 following the Effective Date. The remainder of the Claim asserted by Canon shall be

11 allowed as a General Unsecured Claim in Class 4 in accordance with the proof of Claim

12 filed by Canon.

13    4.  **Class 1D – Cardinal Health 110, LLC**

14    Class 1D consists of the Claim asserted by Cardinal Health 110, LLC in the amount

15 of $838.28, which is purportedly secured by certain funds presently held by Cardinal

16 Health 110, LLC.

17     a.  <u>Impairment and Voting</u>

18    Class 1D is Unimpaired by this Plan since the treatment of this Class will not affect

19 the legal, equitable, or contractual rights of Cardinal Health 110, LLC. Accordingly, this

20 Class is **<u>not</u>** entitled to vote to accept or reject this Plan in accordance with the Plan

21 Solicitation Order.[5]

22     b.  <u>Treatment</u>

23    In full satisfaction, release and discharge of the Class 1D Claim, Cardinal Health

24 110, LLC shall be entitled to retain the funds presently in its possession, which total

25 $838.28. The remainder of the Claim asserted by Cardinal Health 110, LLC shall be

26

27    [5] The Unimpaired status of the Class 1D Claim held by Cardinal Health 110, LLC shall not affect the
right of Cardinal Health 11, LLC, if any, to cast a vote for or against the Plan on account of the portion of its

28 Claim categorized as a General Unsecured Claim in Class 4.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1　allowed as a General Unsecured Claim in Class 4 in accordance with the proof of Claim

2　filed by Cardinal Health 110, LLC with the Bankruptcy Court.

3　　　　　　5.　**Class 1E – Optum Bank, Inc.**

4　　　　Class 1E is comprised of the Disputed Claim asserted by Optum in the amount of

5　$2,556,473.27, which is purportedly secured by the District's real property as well as

6　personal property and general intangible assets to the extent not limited by 11 U.S.C.

7　§ 552(a). The validity and enforceability of the Optum Claim is the subject of the Optum

8　Adversary.

9　　　　　　a.　　Impairment and Voting

10　　　　Class 1E is Impaired by this Plan since the treatment of this Class will affect the

11　legal, equitable, or contractual rights of Optum. As Class 1E is comprised solely of the

12　Disputed Claim of Optum, Class 1E is not entitled to vote on the Plan; however, the

13　District and Optum entered into a stipulation permitting Optum to vote in Class 1E. As

14　such, Class 1E is entitled to vote to accept or reject the Plan in accordance with the Plan

15　Solicitation Order.

16　　　　　　b.　　Treatment

17　　　　As a Disputed Claim, the Optum Claim shall not receive any distributions under the

18　Plan unless and until a court of competent jurisdiction enters a Final Order allowing the

19　Optum Claim. If the Optum Claim is adjudged valid, enforceable and secured in whole or

20　in part, the District shall pay Optum Cash in an amount equal to the portion of the Optum

21　Claim allowed as a Secured Claim, which may include interest and costs and expenses

22　incurred by Optum in association with the underlying loan, to the extent permitted under

23　the Optum loan agreement and allowed by the Court, no later than one hundred and

24　sixteen (116) months following the entry of a Final Order allowing the Optum Claim. If the

25　Optum Claim is adjudged valid and enforceable but not wholly secured, the portion of the

26　Optum Claim adjudged to be a Secured Claim, which may include interest and costs and

27　expenses incurred by Optum in association with the underlying loan, to the extent

28　permitted under the Optum loan agreement and allowed by the Court, shall be treated

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  pursuant to the preceding sentence and any order(s) entered in the Optum Adversary and

2  the remaining Allowed Claim shall be treated as an unsecured claim pursuant to Class 4.

3  If the Optum Claim is adjudged invalid and unenforceable, Class 1E shall not receive any

4  distributions under the Plan. Optum shall retain any and all valid liens granted under the

5  Optum Loan Documents until any such lien is invalidated or Optum's secured claim is paid

6  in full.  Among other things, Optum contends that it has a security interest in any and all

7  recoveries obtained on account of any breach of contract claim which may be asserted

8  against HCCA, a contention which the District disputes.  Optum shall have until five (5)

9  business days after the entry of a final judgment in the Optum Adversary to make an

10 election under 11 U.S.C. § 1111(b).

11              6.    **Class 1F – Vi Healthcare Finance, Inc.**

12      Class 1F is comprised of any and all funds advanced to the District by ViHF

13 pursuant to the ViHF LOC. The anticipated balance of the ViHF LOC on the Effective Date

14 is $1,423,418.72. The Class 1F Claim is purportedly secured in accordance with the terms

15 of the ViHF LOC to the extent permitted under California law. The Class 1F Claim

16 constitutes a Disputed Claim under the Plan.

17              a.    <u>Impairment and Voting</u>

18      Class 1F is Impaired by the Plan since the treatment of this Class will affect the

19 legal, equitable, or contractual rights of ViHF; however, as comprised of a Disputed Claim,

20 this Class is **not** entitled to vote to accept or reject the Plan in accordance with the Plan

21 Solicitation Order.

22              b.    <u>Treatment</u>

23      The treatment of Class 1F shall depend on the outcome of the ViHF Adversary and

24 the 502(c) motion to estimate claim. If the District succeeds in disallowing the ViHF Claim

25 in its entirety, Class 1F shall not receive any distributions under the Plan. If the

26 Bankruptcy Court allows the ViHF Claim as a subordinated claim and transfers any

27 security interest(s) associated therewith to the District, the ViHF Claim shall be treated in

28 a separate class of subordinated Claims—Class 6. Class 6 shall receive a distribution

equal to three percent (3%) of the total claims in the Class, which shall be paid in a lump sum within one hundred and twenty (120) days after entry of an order subordinating the ViHF Claim. If the Bankruptcy Court allows the ViHF Claim as a Class 1F Claim, the District shall pay the Allowed Secured Claim of ViHF in full from the proceeds of the tax revenues upon which ViHF's claim is allegedly secured. If the Bankruptcy Court allows the ViHF Claim as an Administrative Claim, ViHF's Claim will be paid in its entirety within one hundred and twenty (120) days after entry of an order finding that ViHF's Claim is an Administrative Claim.

### 7. **Class 1G – Leasing Associates of Barrington**

Class 1G consists of the Claim asserted by Leasing Associates of Barrington ("**LAB**") in the amount of $1,935.20 which is purportedly secured by an ADVIA 560 Hematology System.

#### a. Impairment and Voting

Class 1G is Impaired by the Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of LAB. Accordingly, this Class is entitled to vote to accept or reject the Plan in accordance with the Plan Solicitation Order.

#### b. Treatment

Class 1G shall be paid in full in Cash in equal monthly installments within three (3) months of the Effective Date.

### 8. **Class 1H – General Electric Capital Corporation**

Class 1H consists of the Claim asserted by General Electric Healthcare Financial Services ("**GE HFS**") in the amount of $147,509.69 which is purportedly secured by a GE Healthcare GE Optima CT660 System.

#### a. Impairment and Voting

Class 1H is Impaired by the Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of GE HFS. Accordingly, this Class is entitled to vote to accept or reject the Plan in accordance with the Plan Solicitation Order.

#### b. Treatment

Class 1H shall be paid in full in Cash in equal monthly installments within eighty four (84) months of the Effective Date.

**B.**     **Class 2 – Post-Petition Contracts Not Terminated**

Class 2 is comprised of the Claims listed in Exhibit 5.

     1.     **Impairment and Voting**

Class 2 is Impaired by this Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of the holders of Class 2 Claims. Accordingly, this Class is entitled to vote to accept or reject the Plan in accordance with the Plan Solicitation Order.

     2.     **Treatment**

In full satisfaction, release and discharge of the Class 2 Claims, holders of Class 2 Claims shall receive distributions under the Plan equal to 12% of its claim, as listed in Exhibit 5, over eighty four (84) months.

**C.**     **Class 3 – Terminated Post-Petition Contract Claims**

Class 3 consists of the Claims listed in Exhibit 6 of the Plan Exhibits.

     1.     **Impairment and Voting**

Class 3 is Impaired by the Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of the holders of Class 3 Claims. Accordingly, this Class is entitled to vote to accept or reject the Plan in accordance with the Plan Solicitation Order.

     2.     **Treatment**

In full satisfaction, release and discharge of the Class 3 Claims, holders of Class 3 Claims shall receive distributions under the Plan equal to 12% of its claim, as listed in Exhibit 6, over eighty four (84) months.

     3.     **Class 5 Election**

Holders of Terminated Post-Petition Contract Claims in Class 3 may elect to have their Claim(s) treated as Class 5 Claim(s) by so noting on the Ballot. Any Class 3 Claim

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 electing treatment under Class 5 shall irrevocably forfeit its status as a Class 3

2 Terminated Post-Petition Contract Claim and the holder of such Claim shall be deemed to

3 have accepted payment as a holder of a Claim in Class 5 in full satisfaction, release and

4 discharge of their Claim.

5        **D.**      <u>**Class 4 – General Unsecured Claims**</u>

6        Class 4 is comprised of the Claims listed in Exhibit 7.[6]

7           **1.**     **Impairment and Voting**

8        Class 4 is Impaired by this Plan since the treatment of this Class will affect the

9 legal, equitable, or contractual rights of the holders of Class 4 Claims. Accordingly, this

10 Class is entitled to vote to accept or reject the Plan in accordance with the Plan

11 Solicitation Order.

12           **2.**     **Treatment**

13        In full satisfaction, release and discharge of the Class 2 Claims, holders of Class 2

14 Claims shall receive distributions under the Plan equal to 12% of its claim, as listed in

15 Exhibit 7, over eighty four (84) months.

16           **3.**     **Class 5 Election**

17        Holders of General Unsecured Claims in Class 4 may elect to have their Claim(s)

18 treated as Class 5 Claim(s) by so noting on the Ballot. Any Class 4 Claim electing

19 treatment under Class 5 shall irrevocably forfeit its status as a Class 4 General Unsecured

20 Claim and the holder of such Claim shall be deemed to have accepted payment as a

21 Class 5 Claim in full satisfaction, release and discharge of their Claim.

22        **E.**      <u>**Class 5 – Convenience Claims**</u>

23        Class 5 is comprised of the Claims in an amount of $250.00 or less. A list of all

24 Class 5 Claims is set forth in Exhibit 8.

25           **1.**     **Impairment and Voting**

26

---

27      [6] Exhibit 7 does not include any estimate(s) on account of the potential General Unsecured Claim of
Optum, if any. If the Bankruptcy Court rules that Optum is entitled to an allowed General Unsecured Claim,
28 such Claim shall be entitled to a *pro rata* portion of any distributions to Class 4.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Class 5 is Impaired by this Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of the holders of Class 5 Claims. Accordingly, this Class is entitled to vote to accept or reject the Plan in accordance with the Plan Solicitation Order.

### 2.    Treatment

In full satisfaction, release and discharge of the Class 5 Claims, holders of Class 5 Claims shall receive Cash on the Effective Date, or as soon thereafter as practicable, in an amount equal to the lesser of (a) the amount of their Allowed Class 4 Claims or (b) $100.00.

## V.    ACCEPTANCE OR REJECTION; CRAMDOWN

### A.    Voting of Claims

Each holder of an Allowed Claim classified into Classes 1A, 1B, 1C, 1E, 1F, 1G, 1H, 2, 3, 4, and 5 shall be entitled to vote each such Claim to accept or reject this Plan.

With respect to any Class of Impaired Claims that fails to accept this plan, the District intends to request that the Bankruptcy Court nonetheless confirm this Plan pursuant to the so-called "cramdown" powers set forth in section 1129(b).

## VI.    TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A.    Assumption of Executory Contracts and Unexpired Leases

Without the need to file any further motions, the District intends to assume and will assume as of the Effective Date all executory contracts and unexpired leases to which it is a party and which was entered into prior to the Petition Date, except (i) for those unexpired leases and executory contracts specifically identified in subsection C. below or (ii) as otherwise provided in this Plan.

### B.    Cure Payments

To cure any purported default or arrears under the executory contracts and unexpired leases the District plans to assume through the Plan, the District shall make the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  cure payments listed on Exhibit 9.[7] The Bankruptcy Court shall resolve all disputes

2  regarding: (i) the amount of any cure payment to be made in connection with the

3  assumption of any contract or lease; (ii) the ability of the District to provide "adequate

4  assurance of future performance" within the meaning of section 365 under the contract or

5  lease to be assumed; and (iii) any other matter pertaining to such assumption and

6  assignment. If any party to an executory contract or unexpired lease that is to be assumed

7  by the District asserts that the proposed cure payment is insufficient or some other

8  performance is required to assume the subject contract or lease, such party shall file with

9  the Bankruptcy Court and serve upon the District a written statement and accompanying

10  declaration in support thereof specifying the basis for its position and accounting for the

11  purported amount owing under the subject contract or lease not later than thirty (30) days

12  **before** the Confirmation Hearing. The failure to timely file and serve such a statement

13  shall be deemed to be a waiver of any and all objections to the proposed assumption,

14  including, without limitation, any objection pertaining to the adequacy of the proposed cure

15  payment.

16  **C.    Rejection of Executory Contracts and Unexpired Leases**[8]

17  Without the need to file any further motions, the District elects to reject and shall be

18  deemed to have rejected as of the Effective Date the following executory contracts and

19  unexpired leases:[9]

20  • Master Lease Agreement dated as of November 13, 2012 between the

21  District, as lessee, and General Electric Capital Corporation, as lessor, and

22

23  [7] If an executory contract or unexpired lease is not identified on Exhibit 9, the District shall not make any

24  cure payment to any party or parties to such agreement as the District does not have any record of any outstanding amount owing under the subject agreement. The omission of the subject contract or lease, however, shall not in any way affect the assumption of the subject agreement by and through the Plan.

25  [8] The Management Services Agreement ("MSA") by and between the District and HCCA was rejected

26  via stipulation prior to the preparation and submission of the Plan. *See* Docket No. 377. As such, the MSA is not listed in this section. The exclusion of the MSA shall not in any way alter the prior rejection of the MSA or

27  the agreement(s) of the District and HCCA relation to such rejection.

28  [9] Any reference contained herein to an agreement as a "lease" shall not constitute an admission regarding whether the subject constitutes "true lease" under applicable law.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

all other leases based thereon, pertaining to, among other things, a Proteus X Ray XR/a 65W Radiographic System;

- Lease dated March 7, 2013 between the District, as lessee, and Thermo Fisher Financial Services, Inc., as lessor, and/or Bank of the West, as assignee of Thermo Fisher Financial Services, Inc., pertaining to an Abbott iSTAT 1 Upgrade from 200 Series and related equipment and documentation;

- Agreement dated October 9, 2014, between the District and Thermo Fisher Financial Services, Inc., pertaining to a VITROS 350 Chemistry System;

- Lease between the District, as lessee, and Healthland, Inc., as lessor, pertaining to certain medical billing hardware and software;

- Lease No. x005 between the District, as lessee, and Canon Financial Services, as lessor, pertaining to Canon ImageRunner 1730iF (serial number x4453);

- Lease No. x006 between the District, as lessee, and Canon Financial Services, as lessor, pertaining to Canon ImageRunner Advance 6255 (serial number x1950);

- Lease No. x007 between the District, as lessee, and Canon Financial Services, as lessor, pertaining to Canon ImageRunner 1730iF (serial number x4451);

- Lease no. x008 between the District, as lessee, and Canon Financial Services, as lessor, pertaining to IRA 4235 (serial number x1785), IRA 1025iF (serial number x5469), IRA 400iF (serial number x2533), IRA 400iF (serial number x1857), IRA 400iF (serial number x1862), and IR 1730iF (service only) (serial number x5155);

- Agreement between the District and Celleration Inc.;

- Agreement between the District, as employer, and Dr. Kenneth L. Saeger, as employee;

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

- Agreement between the District, as employer, and Dr. Milton R. Jones, as employee;

- Agreement between the District, as employer, and Dr. Steve Chong Luo, as employee;

- Service Agreement between the District and Laboratory Specialists International, as service provider;

- Lease between the District, as lessee, and Marlin Leasing Corporation, as lessor, pertaining to certain medical equipment, including a Horiba Medical Pentra 60 C+, two Unimac Natural Gas Dryers, and one Ultrascan table;

- Agreement between the District and T System, Inc; and

- Agreement between the District and Tosoh Bioscience, Inc.

**D.    Claims Arising from Rejection**

Unless otherwise agreed by the District and the counterparty or counterparties to the subject contract or lease, proofs of Claim arising from the rejection of executory contracts or unexpired leases must be filed with the Bankruptcy Court and served on the District no later than thirty (30) days after the Effective Date. The failure to properly and timely assert a rejection damages Claim pursuant to this Section VI.D. shall result in such Claim being forever barred and rendered unenforceable against the District or its assets, properties, or interests in property. Unless otherwise ordered by the Bankruptcy Court, all such Claims that are timely filed as provided herein shall be classified into Class 4 (General Unsecured Claims) and treated accordingly.

**VII.    IMPLEMENTATION AND MEANS FOR IMPLEMENTATION OF THIS PLAN**

Under the Plan, the District shall be required to make Cash disbursements totaling approximately $6,019,604 to the holders of Allowed Claims over a term of approximately ten (10) years while paying an estimated $10,000,000 per year in revenues for the costs and expenses associated with maintaining the operations of the District's facilities and services, including, without limitation, costs associated with staffing, supplies and equipment, and capital expenditures for the acquisition of new property and maintenance

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

of current property. As discussed in greater detail in the Disclosure Statement, the Plan will be funded utilizing the following sources:

- Cash on Hand. The District estimates that it will have approximately $574,100 in cash on hand on the Effective Date.

- Operations. The District estimates that it will generate approximately $10,500,000 per year as of the Effective Date from the operations, and ramping up to $15,000,000 per year by 2026.

- Federal Grants. The District estimates that it will receive approximately $540,000 per year in federal grants through its partnership with Merchant McIntyre, a federal funding lobbying group, and that funds will begin to arrive in 2020.

- Los Angeles Department of Water and Power ("**LADWP**"). The District estimates that it will receive funding from LADWP beginning in 2020 and lasting approximately five (5) years in the amount of approximately $1,000,000 per year.

- Great Basin Air Pollution Control District ("**GBAPCD**"). The District estimates that it will receive a block grant from GBAPCD in the approximate amount of $600,000 in 2020.

- Ad Valorem Tax. The District receives Ad Valorem taxes and other related taxes totaling approximately $540,000 per year. Additionally approximately $600,000 in Ad Valorem taxes have accumulated. These taxes are allegedly security for ViHF's claim and, if the Court finds that ViHF's claim is secured, will be used to pay down ViHF's claim, and any Ad Valorem taxes collected after ViHF's claim is paid in full will be used to fund the Plan. If the Court rules that ViHF does not have a secured claim, these Ad Valorem taxes will be used to fund the Plan.

- Parcel tax. The District receives parcel taxes in the approximate amount of $375,000 per year.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

- Toiyabe Project. The District is working with the Toiyabe tribe in order to become the provider of health services for the tribe.

- Litigation Proceeds. As discussed supra, the District intends to commence litigation against certain individuals and entities. If successful, the District may obtain damages. Such funds will be available for the payment of Claims under the Plan and the maintenance of the District's operations.

  Furthermore, there are significant funds in the form of tax revenues that may be released to help fund the Plan in the event of a beneficial outcome for the District in the ViHF Adversary and/or Motion to Estimate Claims.

In sum, pursuant to the Plan, the District shall have approximately $574,100 in cash on hand on the Effective Date and $10,500,000 per year in revenues as of the Effective Date from the operations, and ramping up to $15,000,000 per year by 2026 in revenues per year. As a result, and as the projections reflect, the District shall be able to maintain operations so that it can continue providing desperately needed medical treatment to the community at large and make all payments required under the Plan.

## VIII. RESERVATION OF RIGHTS OF ACTION

All of the District's claims, causes of action, rights of recovery, rights of offset, rights of recoupment, rights to refunds, and similar rights shall be retained by the District. The failure to list in the Disclosure Statement any potential or existing Right of Action retained by the District is not intended to and shall not limit the rights of the District to pursue any such action. Unless a Right of Action is expressly waived, relinquished, released, compromised, or settled (in this Plan or otherwise), the District expressly reserves all Rights of Action for later adjudication and, as a result, no preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Rights of Action upon or after the confirmation or consummation of this Plan or the Effective Date. In addition, the District expressly reserves the right to pursue or adopt against any other entity any claims alleged in any lawsuit in which the District is a defendant or an interested party.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## IX.    DISTRIBUTIONS

### A.    Disbursing Agent

On and after the Effective Date, the District shall serve as disbursing agent for payments to be made under this Plan in accordance with section 944. Notwithstanding, the District may retain one or more agents to perform or assist it in making distributions pursuant to this Plan, which agents may serve without bond. The District may provide reasonable compensation to any such agent(s) without further notice or Bankruptcy Court approval.

### B.    Delivery of Distributions

All distributions to any holder of an Allowed Claim shall be made at the address of such holder as set forth in the books and records of the District or its agents unless (i) the holder has designated an alternate address for payment in a proof of Claim filed with Bankruptcy Court or (ii) specifies an alternate address on its Ballot. Any and all notifications of address changes and all address confirmations should be mailed to: Ryan W. Beall at Weiland Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa, California 92626, or rbeall@wgllp.com.

### C.    Undeliverable Distributions

#### 1.    Holding of Undeliverable Distributions

If any distribution to a holder of an Allowed Claim is returned to the District or its agent as undeliverable, no further distributions shall be made to such holder unless and until the District is notified in writing of such holder's then-current address. Unless and until the District is so notified, such distribution shall be deemed to be "Unclaimed Property" and shall be set aside and held in a segregated account to be administered pursuant to Section IX.

#### 2.    Notification and Forfeiture of Unclaimed Property

On the first anniversary of the Effective Date, the District will file with the Bankruptcy Court a list of Unclaimed Property, together with a schedule that identified the name and last-known address of the individuals and entities entitled to the Unclaimed

1　Property. The District shall not be otherwise required to attempt to locate any such

2　individual or entity. On the second anniversary of the Effective Date, all remaining

3　Unclaimed Property and accrued interest or dividends earned thereon will be remitted to

4　and vest in the District. Additionally, such individuals and entities shall be deemed to have

5　waived and forfeited their right to any future payments under the Plan and such funds

6　shall be retained by the District. Notwithstanding the non-payment of any forfeited Claims,

7　such Claims shall be deemed satisfied and discharged as if paid pursuant to the terms of

8　the Plan.

9　　　　**D.　　Distribution of Cash**

10　　　　Any payment of Cash to be made by the District or its agent pursuant to this Plan

11　shall be made by check drawn on a domestic bank or by wire transfer, at the sole option

12　of the District.

13　　　　**E.　　Timeliness of Payments**

14　　　　Any payments or distributions to be made pursuant to this Plan shall be deemed to

15　be timely made if made within fourteen (14) Business Days after the date(s) specified in

16　this Plan. Whenever any distribution to be made under this Plan is due on a day that is not

17　a Business Day, such distribution instead shall be made, without interest, on the

18　immediately succeeding Business Day, but shall be deemed to have been made on the

19　date due.

20　　　　**F.　　Default and Cure**

21　　　　In the event the District fails to make any payment required under this Plan in a

22　timely manner, the affected creditors shall serve the District with a notice of default not

23　later than thirty (30) days after the purported default along with any documentation

24　supporting the allegation of an alleged default. Not later than sixty (60) days after receipt

25　of the notice of default, the District shall either (i) cure the default or (ii) serve the affected

26　creditor(s) with a statement and supporting documentation contesting the allegation of

27　default. In the event the District contests an alleged default, not later than five (5)

28　Business Days after serving a response to a purported default, the District shall file a

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

motion with the Bankruptcy Court requesting a resolution of the dispute relating to the

alleged default and set the motion for hearing on the first available hearing date not

sooner than fourteen (14) days after filing the motion. If the Bankruptcy Court rules that

the non-payment constitutes an event of default under the Plan, the District shall cure the

purported default not later than five (5) Business Days following the entry of a Final Order

of the Bankruptcy Court adopting the finding with respect to the purported default.

### G.   Compliance with Tax Requirements

Any and all distributions pursuant to the Plan shall be subject to any applicable tax

withholding and reporting requirements imposed on it by any governmental unit. In

connection with each distribution which requires the filing of an information return (such as

Internal Revenue Service Form 1099 or 1042) or withholding, the District shall file such

information return with the Internal Revenue Service and provide any required statements

in connection therewith to the recipients of such distribution, or effect any such withholding

and deposit all moneys so withheld to the extent required by law. With respect to any

entity from whom a tax identification number, certified tax identification number, or other

tax information is required by law to avoid withholding has not been received by the

District at the time the district is to be made, the District, at its sole option, may withhold

the amount required and distribute the balance to such entity or the District may decline to

make such distribution(s) until the information is received.

### H.   Time Bar to Cash Payments

Checks issued by the District on account of Allowed Claims will be null and void if

not negotiated with ninety (90) days from and after the date of issuance thereof. Requests

for reissuance of any check shall be submitted in writing to: Ryan W. Beall at Weiland

Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa, California 92626,

or via email addressed to rbeall@wgllp.com. Any request for reissuance of an expired

check must be not later than 180 calendar days following the initial issuance of the subject

check. After such date, the amounts stated in the voided check(s) shall be deemed

forfeited and the District shall retain such funds. Any amounts forfeited pursuant to the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

preceding sentence shall be deemed paid to and received by the subject claimant for purposes of calculating the amounts owing to such creditor under the Plan.

**I.      No *De Minimis* Distributions**

With the exception of Class 5 Claims (Convenience Class Claims), no payment of less than ten dollars (US$10.00) will be made by the District on account of any Allowed Claim.

**J.      No Distributions on Account of Disputed Claims or Disallowed Claims**

Notwithstanding anything to the contrary in this Plan, no distributions shall be made on account of any part of any Disputed Claim or Disallowed Claim unless and until such Claim becomes an Allowed Claim and only to the extent such Claim constitutes an Allowed Claim. Distributions made after the Effective Date with respect to Claims that were not Allowed Claims as of the Effective Date, but are later determined to be Allowed Claims, shall be deemed to have been made on time and in accordance with the terms of the Plan.

If any distributions are made prior to the resolution of a dispute pertaining to a Claim, the portion that would be payable on account of such Claim if such Claim was an Allowed Claim, shall be held in a segregated bank account. If the Claim is subsequently adjudicated to be an Allowed Claim, the segregated funds shall be distributed to the holder of such Claim. Any interest accrued on account of the segregated funds shall be paid to and retained by the District.

**K.      No Post-Petition Date Accrual**

Unless otherwise specifically provided in the Plan, specifically agreed to by the District in writing, or allowed by order of the Bankruptcy Court, the District will not be required to pay to any holder of a Claim any interest, penalty or late charge accruing with respect to such Claim on or after the Petition Date.

**X.      DISPUTED CLAIMS; OBJECTIONS TO CLAIMS; PROSECUTION OF OBJECTIONS TO DISPUTED CLAIMS**

**A.      Claim Objection Deadline; Prosecution of Objections**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

The District shall have the right to object to the allowance of Claims filed with the Bankruptcy Court with respect to which liability or allowance is disputed in whole or in part. Unless otherwise ordered by the Bankruptcy Court, the District shall file and serve any such objections to Claims (whether by motion or commencement of an adversary proceeding) by not later than one hundred and eighty (180) days after the Effective Date (or, in the case of Claims properly filed after the Effective Date, by not later than one hundred and eighty (180) days after the date of filing of such Claims).

**B.** **Reserves, Payments and Distributions with Respect to Disputed Claims**

At such time as a Disputed Claim becomes an Allowed Claim, in whole or in part, the District or its agent shall distribute to the holder thereof the distributions, if any, to which such holder is then entitled under the Plan in the manner set forth in the Plan. Such distributions, if any, shall be made as soon as practicable after the date that the order or judgment of the Bankruptcy Court allowing such Claim becomes a Final Order, but in no event more than sixty (60) days thereafter, unless otherwise provided in the Plan, order of the Bankruptcy Court, or agreement between the District and the subject Claim holder. Unless otherwise specifically provided in the Plan or allowed by order of the Bankruptcy Court, no interest will be paid on Disputed Claims that later become Allowed Claims.

**XI.** **EFFECT OF CONFIRMATION**

**A.** **Discharge of the District**

Pursuant to section 944, upon the substantial consummation of this Plan, the District shall be discharged from all debts (as defined in the Bankruptcy Code) of the District and Claims against the District other than (i) any debt specifically and expressly excepted from discharge by this Plan or the Confirmation Order and (ii) any debt owed to an entity that, before the confirmation of this Plan, had neither notice nor actual knowledge of the Chapter 9 Case. Substantial consummation, as defined in 11 U.S.C. § 1101(2), shall mean: (1) a transfer of all or substantially all of the property proposed by the Plan to be transferred; (2) assumption by the District or by any successor to the District

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  under the Plan of the business or of the management of all or substantially all of the

2  property dealt with by the Plan; and (3) commencement of Distributions under the Plan.

3  Upon substantial consummation of the Plan, the District shall file with the Court and serve

4  upon all interested parties a notice of substantial consummation of the Plan.

5      The rights afforded in this Plan and the treatment of all holders of Claims, whether

6  Impaired or Unimpaired, shall be in exchange for and in complete satisfaction, discharge

7  and release of all Claims of any nature whatsoever arising on or before the Effective Date,

8  known or unknown, including any interest accrued or expenses incurred thereon from and

9  after the Petition Date, whether against the District or any of its properties, assets or

10  interests in property. Except as otherwise provided herein, upon the Effective Date, all

11  Claims against the District shall be deemed satisfied, discharged, and released in full,

12  whether Impaired or Unimpaired.

13      **B.    Injunction**

14      **EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS PLAN, ALL**

15  **ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD PRE-CONFIRMATION DATE**

16  **CLAIMS SHALL BE PERMANENTLY ENJOINED FROM AND AFTER THE**

17  **CONFIRMATION DATE FROM: (I) COMMENCING OR CONTINUING IN ANY MANNER**

18  **ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY**

19  **SUCH PRE-CONFIRMATION DATE CLAIMS AGAINST THE DISTRICT OR ITS**

20  **PROPERTY; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY**

21  **ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER**

22  **AGAINST THE DISTRICT OR ITS PROPERTY WITH RESPECT TO SUCH PRE-**

23  **CONFIRMATION DATE CLAIMS; (III) CREATING, PERFECTING, OR ENFORCING**

24  **ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST THE DISTRICT OR ITS**

25  **PROPERTY; AND (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR**

26  **RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE TO THE DISTRICT**

27  **WITH RESPECT TO ANY SUCH PRE-CONFIRMATION DATE CLAIMS.**

28      **C.    Term of Existing Injunctions or Stays**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    Unless otherwise provided, all injunctions or stays provided for in the Chapter 9

2  Case pursuant to sections 105, 362, or 922, or otherwise, and in existence on the

3  Confirmation Date, shall remain in full force and effect unless and until the District

4  receives a discharge in accordance with Section XI.A.

5    **D.**    **Exculpation**

6    Except with respect to obligations specifically arising pursuant to or preserved in

7  this Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby

8  released and exculpated from, any claim, obligation, cause of action or liability for any

9  claim in connection with or arising prior to or on the Effective Date for any act taken in

10  connection with, or related to, (i) the administration of the Chapter 9 Case, (ii) the

11  negotiations, pursuit, confirmation, solicitation of votes for, consummation or

12  implementation of the Plan, (iii) the administration of the Plan or property to be distributed

13  under the Plan, (iv) the Cal. Gov't Code § 53760 process or compliance therewith, (v) any

14  document, release, contract, or other instrument entered into in connection with, or related

15  to, the Plan, and/or (vi) any other transaction contemplated by or entered into in

16  connection with the Plan or entered into during the administration of the Chapter 9 Case;

17  *provided*, *however*, that nothing in this Section XI.D. shall be deemed to release or

18  exculpate any Exculpated Party for its willful misconduct or gross negligence. In all

19  respects, each Exculpated Party shall be entitled to reasonably rely upon the advice of

20  counsel with respect to its duties and responsibilities pursuant to the Plan.

21    **E.**    **Good Faith Compromise**

22    In consideration for the distributions and other benefits provided under this Plan,

23  the provisions of this Plan, including, without limitation, the exculpation provision

24  contained in Section XI.D. of this Plan, constitute a good faith compromise and settlement

25  of all Claims, causes of action and/or controversies relating to the rights that a holder of a

26  Claim may have with respect to the District, any distributions to be made pursuant to the

27  Plan on account of any such Claim, and any and all Claims and causes of action of any

28  party. The entry of the Confirmation Order constitutes the Bankruptcy Court's approval, as

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1	of the Effective Date, of the compromise or settlement of all such Claims and/or

2	controversies and the Bankruptcy Court's finding that all such compromises or settlements

3	are in the best interests of the District and the holders of Claims, and are fair, equitable,

4	and reasonable.

5	**XII.		RETENTION OF AND CONSENT TO JURISDICTION**

6	Following the Effective Date, and in accordance with section 945, the Bankruptcy

7	Court shall retain and have exclusive jurisdiction over any matter arising under the

8	Bankruptcy Code and relating to the District and/or arising in or related to the Chapter 9

9	Case or this Plan or the documents filed in support thereof, including, but not limited to:

10	1. The assumption, assumption and assignment, or rejection of any executory

11	contract or unexpired lease to which the District is a party or with respect to which the

12	District may be liable, and to hear, determine, and, if necessary, liquidate any Claims

13	arising therefrom;

14	2. The entry or orders as may be necessary or appropriate to implement or

15	consummate the provisions of this Plan, and all other contracts, settlement agreements,

16	instruments, releases, exculpations, and other agreements or documents related to this

17	Plan;

18	3. Any and all motions, adversary proceedings, applications, and contested or

19	litigated matters that may be pending on the Effective Date or that, pursuant to the Plan,

20	may be instituted by the District after the Effective Date or that are instituted by any holder

21	of a Claim before or after the Effective Date concerning any matter based upon, arising

22	out of, or relating to the Chapter 9 Case, whether or not such action is initially filed in the

23	Bankruptcy Court or any other court, including, without limitation, the Optum Adversary;

24	4. Distributions to holders of Allowed Claims pursuant to this Plan;

25	5. Any objections to Claims or to proofs of Claim filed, both before and after the

26	Effective Date, including any objections to the classification of any Claim, and motions to

27	allow, disallow, determine, liquidate, classify, estimate or establish the priority of or

28	secured or unsecured status of any Claim, in whole or in part;

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

6. The entry of orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, reversed or vacated;

7. The entry of orders in aid of execution of this Plan, to the extent authorized by section 1142(b);

8. Modifications to this Plan, the cure of any defect or omission, or the reconciliation any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

9. Disputes or controversies arising in connection with or relating to this Plan or the Confirmation Order or the interpretation, implementation, or enforcement of this Plan or the Confirmation Order or the extent of any entity's obligations incurred in connection with, released, enjoined, or exculpated under this Plan or the Confirmation Order;

10. The issuance of injunctions, entry and implementation of other orders, or such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of this Plan;

11. Any other matters that may arise in connection with or are related to this Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document related to this Plan or the Disclosure Statement;

12. Any other matter for any purpose specified in the Confirmation Order that is not inconsistent with the Bankruptcy Code; and

13. Any and all disputes or controversies arising in connection with or relating to the terms or enforcement of any relevant agreements.

## XIII.   <u>CONDITIONS PRECEDENT</u>

### A.   <u>Condition Precedent to Confirmation</u>

The Plan shall not be confirmed unless and until the following conditions precedent have been satisfied or waived: (1) the Plan satisfies the requirements of section 943(b) of the Bankruptcy Code, as applicable; (2) the District has received any and all

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1  authorizations, consents, regulatory approvals, rulings, no-action letters, opinions, and

2  documents that are necessary to implement the Plan and that are required by law,

3  regulation or order, including, but not limited to, those required under section 943(b)(6) of

4  the Bankruptcy Code; and (3) the Bankruptcy Court enters a Confirmation Order in a form

5  and substance satisfactory to the District.

6         **B.**    **Conditions Precedent to Effective Date**

7         The Effective Date shall not occur and this Plan shall be of no force and effect

8  unless or until following conditions precedent have been satisfied or waived:

9         1.    **Confirmation Order**. The Confirmation Order shall have been

10  entered, shall be in full force and effect, and shall be a Final Order.

11         2.    **Plan Documents**. All agreements and instruments contemplated by,

12  or to be entered into pursuant to, this Plan shall be in form and substance acceptable to

13  the District and shall have been duly and validly executed and delivered, or deemed

14  executed by the parties thereto, and all conditions to their effectiveness shall have been

15  satisfied or waived.

16         3.    **Timing**. The Effective Date shall occur on the first Business Day after

17  which the conditions set forth in Section XII.B are satisfied or waived.

18         **C.**    **Waiver of Conditions Precedent to Effective Date**

19         The District may waive in whole or in part any condition to the Effective Date of this

20  Plan or the payment of any Claim on or as soon as practicable after the Effective Date.

21  Any such waiver of a condition may be effected at any time, without notice or leave or

22  order of the Bankruptcy Court and without any formal action, other than the filing of a

23  notice of such waiver with the Bankruptcy Court.

24         **D.**    **Effect of Failure of Conditions**

25         In the event that the conditions to the Effective Date of this Plan have not been

26  timely satisfied or waived, and upon notification submitted by the District to the Bankruptcy

27  Court, (i) the Confirmation Order shall be vacated, (ii) no distributions under this Plan shall

28  be made, (iii) the District and all holders of Claims shall be restored to the *status quo ante*

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

as of the day immediately preceding the Confirmation Date as though the Confirmation

Date never occurred, and (iv) all of the District's obligations with respect to the Claims

shall remain unchanged and nothing contained herein shall be deemed to constitute a

waiver or release of any Claims by or against the District or any other entity or to prejudice

in any manner the rights, remedies, or claims of the District or any entity in any further

proceeding involving the District.

### E.     No Admission of Liability

The Plan constitutes a settlement and compromise between and among the District

and various parties. The Plan shall not be deemed an admission or concession with

respect to any factual or legal contention, right, defense, or position taken by the District.

## XIV.     MISCELLANEOUS PROVISIONS

### A.     Dissolution of the Committee

On the Effective Date, the Committee shall be released and discharged of and from

all further authority, duties, responsibilities, and obligations relating to and arising from

and in connection with the Chapter 9 Case and the Committee shall be deemed dissolved

and its appointment terminated. Any professionals retained by the Committee and/or the

members thereof shall not be entitled to compensation or reimbursement of expenses for

any services rendered or expenses incurred.

### B.     Severability

If any term or provision of this Plan is held by the Bankruptcy Court or any other

court of competent jurisdiction to be invalid, void, or unenforceable, the Bankruptcy Court,

in each such case at the election of and with the consent of the District, shall have the

power to alter and interpret such term or provision to make it valid or enforceable to the

maximum extent practicable, consistent with the original purpose of the term or provision

held to be invalid, void, or unenforceable, and such term or provision shall then be

applicable as altered or interpreted. Notwithstanding any such holding, alteration, or

interpretation, the remainder of the terms and provisions of this Plan shall remain in full

force and effect and shall in no way be affected, impaired, or invalidated by such holding,

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**C.**      **Governing Law**

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the laws of the State of California, without giving effect to principles of conflicts of laws.

**D.**      **Effectuating Documents and Further Transactions**

Each of the officials and employees of the District is authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and provisions of this Plan.

**E.**      **Acceleration of Payments**

The District in its sole and absolute discretion may accelerate the payment(s) of any or all of the payments required under the Plan without the need for further order of the Bankruptcy Court, *so long as* the acceleration of payment(s) does not render the District unable to pay operational expenses on a going forward basis or meet its obligations under the Plan. The accelerated payment of any Claim pursuant to this provision shall not result in any pre-payment penalty or premium or any additional liability for the District.

**F.**      **Delivery of Notices**

Unless otherwise provided herein, any and all notices required under this Plan shall be delivered to counsel for the District via email addressed to kadele@wgllp.com and jgolden@wgllp.com **and** by U.S. Mail, postage prepaid, addressed to:

Southern Inyo Healthcare District
c/o Jeffrey I. Golden
Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Costa Mesa, California 92626

The District may change the address for service of notices under the Plan at any time by filing a notice of change of address with the Bankruptcy Court and serving the same on all creditors and interested parties. Any notice that is not delivered in accordance with this paragraph or as directed in any change of address notification for the District shall be deemed ineffective.

### G.   Notice of Effective Date

On or before fourteen (14) days after occurrence of the Effective Date, the District or its agent shall mail or cause to be mailed to all holders of Allowed Claims a notice that informs such holders of: (i) entry of the Confirmation Order; (ii) the occurrence of the Effective Date; (iii) the deadline for the filing of Claims arising from such rejection of any executory contract or unexpired lease; (iv) the deadline established under this Plan for the filing of Administrative Claims and/or Professional Claims; (v) the procedures for changing an address of record pursuant to Section IX.B.; and (vi) such other matters as the District deems to be appropriate.

Dated:  November 8, 2019          SOUTHERN INYO HEALTHCARE DISTRICT

By:  _____
Jaque Hickman

President of the Board of Directors for
Southern Inyo Healthcare District

Dated:  November 8, 2019          WEILAND GOLDEN GOODRICH LLP

By:  _/s/ Jeffrey I. Golden_____
Jeffrey I. Golden
Attorneys for Debtor
Southern Inyo Healthcare District

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1243457.2                    40                    THIRD AMENDED PLAN