1  **WEILAND GOLDEN GOODRICH LLP**
   Jeffrey I. Golden, State Bar No. 133040
2  jgolden@wgllp.com
   Ryan W. Beall, State Bar No. 313774
3  rbeall@wgllp.com
   650 Town Center Drive, Suite 600
4  Costa Mesa, California 92626
   Telephone    714-966-1000
5  Facsimile    714-966-1002

6  Attorneys for Debtor
   SOUTHERN INYO HEALTHCARE DISTRICT
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10                  **SACRAMENTO DIVISION**

11  In re                                    Case No. 1:16-bk-10015-FEC

12  SOUTHERN INYO HEALTHCARE              Chapter 9
    DISTRICT,
13
              Debtor.                       WGG-7
14

15                                          **SEVENTH AMENDED PLAN FOR THE
                                            ADJUSTMENT OF DEBTS OF SOUTHERN
16                                          INYO HEALTHCARE DISTRICT**

17
                                            Hearing
18                                          Date:    May 19, 2020
                                            Time:    1:30 p.m.
19                                          Place:   501 I. Street
                                                     Sacramento, CA 95814
20                                                   Courtroom 28

21

22

23

24

25

26

27

28

1260605.1                                              SEVENTH AMENDED PLAN

*(left margin, vertical text)* Weiland Golden Goodrich LLP · 650 Town Center Drive, Suite 600 · Costa Mesa, California 92626 · Tel 714-966-1000 · Fax 714-966-1002

## **TABLE OF CONTENTS**

**Page**

I.    DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION ..............2

    A.    Definition ........................................................................................2

    B.    Rules of Construction ...................................................................11

II.    TREATMENT AND DEADLINE FOR THE ASSERTION OF ADMINISTRATIVE CLAIMS AND PROFESSIONAL CLAIMS ............................................................11

    A.    Treatment of Administrative Claims.............................................11

    B.    Treatment of Professional Claims ...............................................12

    C.    Priority Claims in Chapter 9.........................................................13

    D.    Medsphere Agreement ................................................................13

    E.    Deadline for the Filing and Assertion of Postpetition Claims, Administrative Claims, and Professional Claims .........................15

III.    DESIGNATION OF CLASSES OF CLAIMS .............................................15

IV.    TREATMENT OF CLAIMS .......................................................................16

    A.    Class 1 – Secured Claims ...........................................................16

        1.    Class 1A – Action Capital Corporation.............................16

            a.    Impairment and Voting.........................................16

            b.    Treatment.............................................................16

        2.    Class 1B – Bank of the West/Thermo Fisher Financial Services, Inc ....................................................................16

            a.    Impairment and Voting.........................................17

            b.    Treatment.............................................................17

         3.    Class 1C – Canon Financial Services, Inc.......................17

            a.    Impairment and Voting.........................................17

             b.    Treatment.............................................................17

        4.    Class 1D – Cardinal Health 110, LLC ..............................18

            a.    Impairment and Voting.........................................18

             b.    Treatment.............................................................18

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## <u>TABLE OF CONTENTS (cont.)</u>

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

|  |  |  |  | **Page** |
|---|---|---|---|---|
| | 5. | Class 1E – Healthcare Resource Group | | 18 |
| | | a. | Impairment and Voting | 19 |
| | | b. | Treatment | 19 |
| | 6. | Class 1F – US Foods, Inc. | | 19 |
| | | a. | Impairment and Voting | 19 |
| | | b. | Treatment | 19 |
| | 7. | Class 1G – Optum Bank, Inc | | 19 |
| | | a. | Impairment and Voting | 19 |
| | | b. | Treatment | 20 |
| | 8. | Class 1H – Vi Healthcare Finance, Inc | | 22 |
| | | a. | Impairment and Voting | 22 |
| | | b. | Treatment | 22 |
| B. | Class 2 – Post-Petition Contracts Not Terminated | | | 23 |
| | 1. | Impairment and Voting | | 23 |
| | 2. | Treatment | | 23 |
| C. | Class 3 – Terminated Post-Petition Contract Claims | | | 23 |
| | 1. | Impairment and Voting | | 24 |
| | 2. | Treatment | | 24 |
| | 3. | Class 5 Election | | 24 |
| D. | Class 4 – General Unsecured Claims | | | 24 |
| | 1. | Impairment and Voting | | 24 |
| | 2. | Treatment | | 24 |
| | 3. | Class 5 Election | | 25 |
| E. | Class 5 – Convenience Claims | | | 25 |
| | 1. | Impairment and Voting | | 25 |
| | 2. | Treatment | | 25 |

## **TABLE OF CONTENTS (cont.)**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**Page**

V.     ACCEPTANCE OR REJECTION; CRAMDOWN ..................................................25

       A.    Voting of Claims ...............................................................25

VI.    TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES .....26

       A.    Assumption of Executory Contracts and Unexpired Leases.....................26

       B.    Cure Payments.................................................................26

       C.    Rejection of Executory Contracts and Unexpired Leases .........................27

       D.    Claims Arising from Rejection ................................................28

VII.   IMPLEMENTATION AND MEANS FOR IMPLEMENTATION OF THIS PLAN ....29

VIII.  RESERVATION OF RIGHTS OF ACTION ..................................................31

IX.    DISTRIBUTIONS ..................................................................31

       A.    Disbursing Agent .............................................................31

       B.    Delivery of Distributions.......................................................31

       C.    Undeliverable Distributions ...................................................32

             1.    Holding of Undeliverable Distributions ............................32

             2.    Notification and Forfeiture of Unclaimed Property .........................32

       D.    Distribution of Cash .........................................................32

       E.    Timeliness of Payments .......................................................33

       F.    Default and Cure ............................................................33

       G.    Compliance with Tax Requirements............................................33

       H.    Time Bar to Cash Payments....................................................34

       I.    No De Minimis Distributions .................................................34

       J.    No Distributions on Account of Disputed Claims or Disallowed
             Claims .......................................................................34

       K.    No Post-Petition Date Accrual ................................................35

X.     DISPUTED CLAIMS; OBJECTIONS TO CLAIMS; PROSECUTION OF
       OBJECTIONS TO DISPUTED CLAIMS.................................................35

       A.    Claim Objection Deadline; Prosecution of Objections ..............................35

# TABLE OF CONTENTS (cont.)

**Page**

B.     Reserves, Payments and Distributions with Respect to Disputed Claims ........................................................................... 36

XI.     EFFECT OF CONFIRMATION ............................................................ 36

    A.     Discharge of the District ........................................................... 36

    B.     Injunction ................................................................................. 37

    C.     Term of Existing Injunctions or Stays ...................................... 37

    D.     Exculpation .............................................................................. 37

    E.     Good Faith Compromise .......................................................... 38

XII.     RETENTION OF AND CONSENT TO JURISDICTION ....................... 38

XIII.     CONDITIONS PRECEDENT ............................................................. 40

    A.     Condition Precedent to Confirmation ....................................... 40

    B.     Conditions Precedent to Effective Date .................................... 40

    C.     Waiver of Conditions Precedent to Effective Date .................... 41

    D.     Effect of Failure of Conditions ................................................. 41

    E.     No Admission of Liability ......................................................... 42

XIV.     MISCELLANEOUS PROVISIONS ..................................................... 42

    A.     Dissolution of the Committee.................................................... 42

    B.     Severability.............................................................................. 42

    C.     Governing Law ......................................................................... 43

    D.     Effectuating Documents and Further Transactions ................... 43

    E.     Acceleration of Payments......................................................... 43

    F.     Delivery of Notices .................................................................. 43

    G.     Notice of Effective Date............................................................ 44

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# **TABLE OF AUTHORITIES**

**Page(s)**

**Statutes**

11 U.S.C. § 101(5) ...............................................................................................4

11 U.S.C. § 102 ..................................................................................................10

11 U.S.C. § 105 ..................................................................................................37

11 U.S.C. § 362 ..................................................................................................37

11 U.S.C. § 365 ..................................................................................................26

11 U.S.C. § 501 ....................................................................................................2

11 U.S.C. § 502(c) ..........................................................................................3, 18

11 U.S.C. § 503(b) ..........................................................................................2, 13

11 U.S.C. § 506(a) ..............................................................................................10

11 U.S.C. § 507(a)(2) .....................................................................................2, 13

11 U.S.C. § 552(a) ..............................................................................................19

11 U.S.C. § 553 ..................................................................................................10

11 U.S.C. § 922 ..................................................................................................37

11 U.S.C. § 941 ....................................................................................................2

11 U.S.C. § 943 ....................................................................................................5

11 U.S.C. § 943(b) .........................................................................................12, 40

11 U.S.C. § 943(b)(3) ..........................................................................................11

11 U.S.C. § 943(b)(6) ..........................................................................................40

11 U.S.C. § 944 .............................................................................................31, 36

11 U.S.C. § 945 ..................................................................................................38

11 U.S.C. § 1101(2) ............................................................................................36

11 U.S.C. § 1102(a)(1) ..........................................................................................4

11 U.S.C. § 1111(b) .......................................................................................18, 22

11 U.S.C. § 1122 ................................................................................................15

11 U.S.C. § 1123(a) ..............................................................................................4

**<u>TABLE OF AUTHORITIES (cont.)</u>**

**<u>Page(s)</u>**

11 U.S.C. § 1123(a)(1) ..................................................................... 15

11 U.S.C. § 1124 .................................................................................. 7

11 U.S.C. § 1125 .................................................................................. 5

11 U.S.C. § 1129(b) ........................................................................... 25

11 U.S.C. § 1142(b) ........................................................................... 39

Cal. Gov't Code § 53760 ................................................................... 38

Cal. Health & Safety Code §§ 135, et seq. ......................................... 7

**<u>Rules</u>**

Fed. R. Bankr. P. 9006(a) ................................................................. 11

Fed. R. Bankr. P. 8002 ........................................................................ 7

Southern Inyo Healthcare District (the "**District**" or "**Debtor**" or "**SIHD**"), a California local healthcare district and debtor under chapter 9 of the Bankruptcy Code, hereby proposes the following Seventh Amended Plan for the Adjustment of Debts (the "**Plan**") pursuant to section 941 of the Bankruptcy Code.[1]

Please refer to the accompanying Disclosure Statement for a discussion of the District's history, operations, and financial condition, and for a summary and analysis of this Plan and other important information. The District encourages you to read this Plan and the Disclosure Statement in their entirety before voting to accept or reject this Plan. No other materials other than the Disclosure Statement and the associated Exhibits and Schedules have been approved for use in soliciting acceptance or rejections of this Plan.

**I.      DEFINITIONS, INTERPRETATION AND RULES OF CONSTRUCTION**

  **A.      Definition**

1.      **Administrative Claim** means the costs or expenses of administration of the Chapter 9 Case not already paid by the District, allowed under section 503(b) and entitled to priority under section 507(a)(2) to the extent made applicable in Chapter 9: (i) which the District agrees is an Allowed administrative expense; or (ii) which the Bankruptcy Court determines is an Allowed administrative expense. The District's consent to the Bankruptcy Court adjudicating Administrative Claim status is given without the District in any way consenting or agreeing that Claims for postpetition obligations of the District are or would be entitled to status as Administrative claims as "the actual necessary costs and expenses of preserving the estate" under section 503(b).

2.      **Allowed** means a Claim that:

a.      Is asserted in a proof of Claim filed in compliance with section 501 and any applicable order of the Bankruptcy Court and as to which (i) no objection has been filed within the deadline established pursuant to Section X.A., (ii) the Bankruptcy Court has entered a Final Order allowing all or a portion of such

---

[1] The definitions of capitalized terms used throughout this Plan are set forth in Section I.A.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Claim (but only to the extent allowed), or (iii) the Bankruptcy Court has entered a Final Order under section 502(c) estimating the amount of the Claim for purposes of allowance;

b. Is subject to a stipulation between the District and the holder of such Claim providing for the allowance of such Claim; or

c. Is a Professional Claim as to which the Bankruptcy Court has entered an order deeming such Claim as reasonable in whole or in part (but only to the extent deemed reasonable).

3. **Annual Payment Date** means the date on which the District will make the Annual Payments to ViHF.

4. **Annual Payments** means the yearly payments made by the District to ViHF.

5. **Ballot** means the ballot(s), in the form(s) approved by the Bankruptcy Court in the Plan Solicitation Order accompanying the Disclosure Statement and provided to each holder of a Claim entitled to vote or accept or reject this Plan.

6. **BOW** means Bank of the West.

7. **Bankruptcy Case** means the bankruptcy case filed under chapter 9 of the Bankruptcy Code, bearing case number 1:16-bk-10015-FEC pending in the United States Bankruptcy Court Eastern District of California Sacramento Division.

8. **Bankruptcy Code** means title 11 of the United States Code, as amended from time to time, as applicable to the Chapter 9 Case. Unless otherwise indicated, references in this Plan to "section _____" are to the specifically identified section of the Bankruptcy Code.

9. **Bankruptcy Court** means the United States Bankruptcy Court for the Eastern District of California, Sacramento Division, or such other court that lawfully exercises jurisdiction over the Chapter 9 Case.

10. **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to the Chapter 9 Case, together

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

with the local rules of the Bankruptcy Court applicable to the Chapter 9 Case. Unless otherwise indicated, references to "Bankruptcy Rules ____" are to the specifically identified rule of the Federal Rules of Bankruptcy Procedure.

11.    **Bar Date** means the applicable date by which a particular proof of Claim must be filed, as established by this Plan or the Bankruptcy Court.

12.    **Braun** means Braun International.

13.    **Business Day** means a day other than a Saturday, a Sunday, or any other day on which banking institutions in Los Angeles, California, are required or authorized to close by law or executive order.

14.    **Canon** means Canon Financial Services, Inc.

15.    **Cash** means cash and cash equivalents, including, without limitation, withdrawable bank deposits, wire transfers, checks, and other similar items.

16.    **Chapter 9 Case** means the case under chapter 9 of the Bankruptcy Code commenced by the District and styled as *In re Southern Inyo Healthcare District*, Case no. 2016-10015-FEC, currently pending in the Bankruptcy Court.

17.    **Claim** has the meaning set forth in section 101(5).

18.    **Claimant** means a person or entity with a Claim.

19.    **Class** means any group of Claims classified herein pursuant to section 1123(a).

20.    **Closing Date** means 30 days after the effective date, as that term is defined in the ViHF Agreement, whereby the District will pay to ViHF the sum of $600,000.

21.    **Collateral** means any property or interest in property of the District subject to a lien or security interest that is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable federal and/or state law.

22.    **Committee** means the Official Committee of Unsecured Creditors of Southern Inyo Healthcare District, appointed in the Chapter 9 Case by the Office of the United States Trustee pursuant to section 1102(a)(1).

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

23.    **Confirmation Date** means the date on which the Bankruptcy Court enters the Confirmation Order.

24.    **Confirmation Hearing** means the hearing to be conducted by the Bankruptcy Court regarding confirmation of this Plan, as such hearing may be adjourned, reconvened or continued from time to time.

25.    **Confirmation Order** means the order of the Bankruptcy Court confirming this Plan pursuant to section 943.

26.    **Convenience Class Claim** means any Allowed Claim that is greater than $0.00 in Allowed amount and less than or equal to $250 in Allowed amount.

27.    **Creditor** means an entity within the meaning of 11 U.S.C. § 101(10).

28.    **Debtor** means the Southern Inyo Healthcare District, a California local healthcare district and debtor in the Chapter 9 Case.

29.    **Disallowed** means a Claim or portion thereof that: (i) has been disallowed by a Final Order of the Bankruptcy Court; (ii) has been listed by the District in its list of creditors, as it may be amended from time to time, in the amount of $0.00 or an unknown amount, or as contingent, disputed, or unliquidated, and as to which no proof of claim has been filed by the applicable deadline or deemed timely pursuant to any Final Order of the Bankruptcy Court; (iii) as to which the holder thereof has agreed to be equal to $0.00 or to be withdrawn, disallowed or expunged; or (iv) has not been listed in the list of creditors and as to which no proof of claim has been filed by the applicable deadline or deemed timely pursuant to a Final Order of the Bankruptcy Court.

30.    **Disclosure Statement** means the disclosure statement, and all Exhibits and Schedules incorporated therein, that relates to this Plan and that is approved by the Bankruptcy Court pursuant to section 1125, as the same may be amended, modified or supplemented in accordance with the Bankruptcy Code.

31.    **Disputed Claim** means any Claim or portion thereof that has not become Allowed and that is not Disallowed. In the event that any part of a Claim is disputed, except as otherwise provided in this Plan, such Claim shall be deemed disputed

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

in its entirety for purposes of distribution under and voting on this Plan unless the District in its sole discretion agrees otherwise. Without limiting the foregoing, a Claim that is the subject of a pending application, motion, complaint, objection, or any other legal proceeding seeking to disallow, limit, reduce, subordinate, or estimate such Claim shall be deemed to be disputed.

32. **District** means the Southern Inyo Healthcare District, a California local healthcare district and debtor in the Chapter 9 Case.

33. **District Assets** means any and all property, whether real or personal, tangible or intangible, in which the District holds an interest.

34. **Effective Date** means the first Business Day after the Confirmation Date on which the conditions specified in Section XIII.B of the Plan have been satisfied or waived.

35. **Eligibility Contest** means, collectively, the trial on the District's eligibility to be a debtor under Chapter 9 of the Bankruptcy Code and all ancillary and related pleadings, discovery, hearings, and actions.

36. **Exculpated Party** means the District as well as its predecessors, successors, assigns and present and former affiliates and subsidiaries, and each of their respective current and former officers, directors, principals, employees, shareholders, members (including ex officio members), partners, agents, financial advisors, attorneys, accountants, investment bankers, investment advisors, consultants, representatives, and other professionals, and any individual or entity claiming by or through any of them; *provided, however*, HCCA as well as its predecessors, successors, assigns and present and former affiliates and subsidiaries, and each of their respective current and former officers, directors, principals, employees, shareholders, members (including ex officio members), partners, and agents shall not constitute an Exculpated Party.

37. **Existing Amendments** means the Fifth Amendment together with all prior amendments.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

38. **Fifth Amendment** means the Fifth Amendment to the Master Subscription and License Agreement.

39. **Final Order** means an order to which (a) no timely appeal has been filed challenging the order or, (b) if a timely appeal has been filed, no order staying the effect of the order has been requested or entered. A notice of appeal shall be deemed timely if filed within the time allotted under Bankruptcy Rule 8002.

40. **GBAPCD** means Great Basin Air Pollution Control District.

41. **GE** means General Electric Precision Healthcare dba Healthcare Diagnostic Imaging.

42. **GE HFS** means General Electric Healthcare Financial Services.

43. **General Unsecured Claim** means any unsecured Claim *that is not* (i) an Administrative Claim, (ii) a Professional Claim, (iii) a Secured Claim, or (iv) a Post-Petition Claim.

44. **HCCA** means Healthcare Conglomerates Associates, the company previously employed by the District to manage and restructure the operations of the District's facilities and services.

45. **Health & Safety Code** means the California Health and Safety Code (Cal. Health & Safety Code §§ 135, *et seq.*).

46. **HRG** means Healthcare Resource Group.

47. **Impaired** means a Claim or Interest that is impaired within the meaning of section 1124.

48. **LADWP** means Los Angeles Department of Water and Power.

49. **Master Subscription and License Agreement** means the agreement entered into between Medsphere and the District.

50. **Medsphere** means Medsphere Systems Corporation.

51. **Medsphere Agreement** means, together, the Original Agreement, collectively with all amendments thereto, the Existing Amendments, the Modifications, and any further amendments.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

52.     **Modifications** means the agreement between the District and Medsphere that upon approval of the Plan, (a) the phrase "subject to the requirements of the Bankruptcy Code" which is in Sections 6(c) and 6(d) of the Fifth Amendment and similar language elsewhere in the Medsphere Agreement shall be deemed to be deleted to the extent any such language is inconsistent with the Plan and (b) the phrase "such a time that the District is no longer under the Bankruptcy Code" or similar language in the Medsphere Agreement shall mean "entry of the Confirmation Order."

53.     **MSA** means the Management Services Agreement between the District and HCCA.

54.     **Notice of Effective Date** shall have the meaning ascribed to such phrase in Section XIV.G of the Plan.

55.     **Optum** means Optum Bank, Inc. as well as its predecessors, successors, assigns and present and former affiliates and subsidiaries, and each of their respective current and former officers, directors, principals, employees, shareholders, members (including ex officio members), partners, agents, financial advisors, attorneys, accountants, investment bankers, investment advisors, consultants, representatives, and other professionals, and any individual or entity claiming by or through any of them.

56.     **Optum Adversary** means the adversary proceeding commenced by the District against Optum in the Bankruptcy Court, through which the District seeks to invalidate the Optum Loan, set aside the associated security interest, and disallow the Optum Claim.

57.     **Optum Claim** means the proof of Claim filed by Optum against the District in the Chapter 9 Case—namely, proof of Claim number 25—and any amendments thereto.

58.     **Optum Loan** means the loan given to the District by Optum pursuant to the Business Loan Agreement dated February 20, 2015 and as reflected in the Promissory Note dated February 20, 2015, the Commercial Security Agreement dated

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

February 20, 2015, and other associated documents, and set to mature on February 20, 2025.

59. **Original Agreement** means the Master License and Subscription Agreement between the District and Medsphere.

60. **Petition Date** means January 4, 2016.

61. **Plan** means this Seventh Amended Plan for the Adjustment of Debts, together with all Exhibits hereto, each in their present form or as they may be altered, amended or modified from time to time in accordance with the provisions of this Plan, the Confirmation Order, the Bankruptcy Code, and the Bankruptcy Rules.

62. **Plan Exhibits** means the pleading titled Exhibits to Seventh Amended Plan for the Adjustment of Debts of Southern Inyo Healthcare District and Disclosure Statement Relating Thereto. Unless otherwise stated, any reference contained herein to an "Exhibit" refers to an exhibit appended to the Plan Exhibits.[2]

63. **Plan Solicitation Order** means the order by which the Bankruptcy Court approved the Disclosure Statement as containing adequate information for the purpose of dissemination and solicitation of votes on and confirmation of this Plan and established certain rules, deadlines, and procedures for the solicitation of votes with respect to and the balloting of this Plan.

64. **Post-Petition Claim** means any Claim asserted against the District relating to a debt incurred by the District after the Petition Date.

65. **Pre-Confirmation Date Claim** means a Claim against the District that arose prior to the Confirmation Date.

66. **Professional** means each or any of the following professionals: (1) Weiland Golden Goodrich LLP, (2) Nave Cortell LLP, (3) Hahn Fife, (4) Dentons Bingham

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

---

[2] The creditor lists attached may be updated and distributions will only be made on account of bona fide claims and bona fide amounts.

Greenebaum, (5) Baker Hostetler, (6) Foley & Lardner LLP, (7) Province, and (8) The Shinbrot Firm.

67.    **Professional Claim** means a Claim asserted by a Professional.

68.    **Province** means Province, Inc., the former financial advisor for the District in the course of the Chapter 9 Case.

69.    **Rights of Action** means any rights, claims, or causes of action owned by, accruing to, or assigned to the District pursuant to the Bankruptcy Code or pursuant to any contract, statute, or legal theory, including, without limitation, any rights to, claims, or cause of action for recovery under any policies of insurance issued to or on behalf of the District.

70.    **Section 506(a) Proceeding** means a motion or claim objection in accordance with Fed. R. Bankr. P. 3012 to value the collateral securing the Optum Claim.

71.    **Secured Claim** means a Claim that is secured, in whole or in part, (a) by a lien that is not void or otherwise subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy law, or (b) as a result of rights of setoff under section 553, but in any event only to the extent of the value, determined in accordance with section 506(a), of the holder's interest in the District's interest in property or to the extent of the amount subject to such setoff, as the case may be.

72.    **SIHD** means the Southern Inyo Healthcare District, a California local healthcare district and debtor in the Chapter 9 Case.

73.    **SNF** means the skilled nursing facility owned and operated by the District.

74.    **Thermo** means Thermo Fisher Financial Services, Inc.

75.    **Unimpaired** means a Claim that is not Impaired.

76.    **US Foods** means US Foods, Inc.

77.    **ViHF** means Vi Healthcare Finance, Inc.

78.    **ViHF Agreement** means the agreement entered into between the District, ViHF, HCCA, and other that, among other things, settled the ViHF Claim.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**B.     Rules of Construction**

The following rules of construction apply to this Plan: (a) unless otherwise specified, all references in this Plan to "Sections" and "Exhibits" are to the respective Sections in or Exhibits to this Plan, as the same may be amended or modified from time to time; (b) the headings in this Plan are for convenience of reference only and do not limit or otherwise affect the provisions of this Plan; (c) words denoting the singular number include the plural number and vice versa; (d) the rules of construction set forth in Section 102 of the Bankruptcy Code apply; (e) in computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) apply; and (f) the words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to this Plan as a whole and not to any particular Section, subsection, or clause contained in this Plan.

**II.     TREATMENT AND DEADLINE FOR THE ASSERTION OF ADMINISTRATIVE CLAIMS AND PROFESSIONAL CLAIMS**

**A.     Treatment of Administrative Claims**

Except to the extent that the holder of an Allowed Administrative Claim agrees to a different treatment, the District shall pay to each holder of an Allowed Administrative Claim, in full satisfaction, release, and discharge of such Allowed Administrative Claim, Cash in an amount equal to such Allowed Administrative Claim on the Effective Date.

Three creditors have asserted administrative expense claims that are provided for in the projections attached hereto: Source Media, Up-to-Date, and Medsphere. Source Media has an Allowed Administrative Claim in the amount of $3,007.50, Up-to-Date has an Allowed Administrative Claim in the amount of $3,618.00, and Medsphere has an Allowed Administrative Claim for the amounts due and owing under the Medsphere Agreement, including the remaining balance of the defaults in December 2019 and deferred monthly payments and all other amounts due under the Medsphere Agreement. Source Media and Up-to-Date will both be paid in full on the Effective Date. The District and Medsphere have reached an agreement, explained in Section II.D. herein, whereby the District will satisfy the amount owed to Medsphere in full.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**B.**     **Treatment of Professional Claims**

Pursuant to section 943(b)(3), all amounts paid or to be paid following the Effective Date for services or expenses in the Chapter 9 Case or incident to the Plan must be disclosed to the Bankruptcy Court and must be reasonable. Each Professional Claim is included in either Class 2 or Class 4, depending on the effective date of the engagement agreement between the Professional and the District, and shall be treated in accordance therewith.[3] In the sole and absolute discretion of the District, any or all of the Professional Claims may be paid an amount in excess of what holders of Claims in Class 2 and/or Class 4 would be entitled to receive in accordance with the terms of the Plan; provided, however, that under no circumstances shall any such payments be made on account of any Professional Claims unless and until, and only to the extent that, the District shall have funds sufficient to enable it to satisfy its working capital obligations and the obligations required by the Plan.

The District estimates that the Professional Claims as of the Effective Date shall be as follows:

1.  Nave Cortell LLP - $78,600.00;

2.  Province - $20,671.75;

3.  Foley & Lardner LLP - $506,649.00;

4.  Weiland Golden Goodrich LLP - $550,000.00;

5.  Dentons Bingham Greenebaum - $56,800;

6.  The Shinbrot Firm - $74,335;

7.  Hahn Fife - $100,000.00;

8.  Baker Hostetler - $1,000,000.00[4];

---

[3] The treatment of Professional Claims provided herein shall not in any way limit the rights of any professional employed by the District seeking compensation for services provided following the Effective Date. The amounts listed in this Section are estimates of the Professional Claims and shall not in any way be interpreted as a limitation on the amount of the Professional Claims.

[4] Baker & Hostetler and the District have reached an agreement whereby the District releases Baker from any and all claims arising from Baker's representation of the District and Baker agrees that its claim will be placed in Class 4 and Baker will share in the distribution of the Plan as a Class 4 creditor.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

The District does not consent to the Bankruptcy Court adjudicating whether any other individual or entity constitutes a Professional or may assert a Professional Claim. The District solely consents to the Bankruptcy Court adjudicating the reasonableness of the services rendered and costs incurred by the Professionals for which compensation and/or reimbursement is sought.

The District, in the ordinary course of its business, and without the requirement for Bankruptcy Court approval, may pay for services rendered by Professionals and costs incurred by Professionals on and after the Effective Date.

**C.**     **Priority Claims in Chapter 9**

The only priority claims incorporated into chapter 9 through section 901 are those allowed under section 503(b) and entitled to priority under section 507(a)(2). The treatment of all such Administrative Claims is set forth in Sections II.A and II.B. No other kinds of priority Claims set forth in section 507 are recognized in chapter 9 cases.

**D.**     **Medsphere Agreement**

Medsphere provides the District with electronic medical records software and information technology department staff under a Master License and Subscription Agreement between the District and Medsphere (the "**Original Agreement**," and collectively with all amendments thereto, the "**Medsphere Agreement**"). As of January 13, 2020, the District and Medsphere had entered four amendments to the Original Agreement prior to March 1, 2019, and the Fifth Amendment to the Master Subscription and License Agreement, which became effective December 3, 2019 ("**Fifth Amendment**" and together with the prior amendments, the "**Existing Amendments**"). The District and Medsphere agree that upon that upon approval of the Plan, (a) the phrase "subject to the requirements of the Bankruptcy Code" which is in Sections 6(c) and 6(d) of the Fifth Amendment and similar language elsewhere in the Medsphere Agreement shall be deemed to be deleted to the extent any such language is inconsistent with the Plan and (b) the phrase "such a time that the District is no longer under the Bankruptcy Code" or similar language in the Medsphere Agreement shall mean "entry of the Confirmation

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Order" (the "**Modifications**"). Therefore, the Original Agreement, the Existing

Amendments, the Modifications, and any further amendments together are the

"**Medsphere Agreement**" herein. The Medsphere Agreement is hereby deemed

incorporated into the Plan by this reference.

The District was in default prior to the parties entering the Fifth Amendment.

Medsphere holds certain Claims against the District pursuant to the Medsphere

Agreement, including for defaults of $501,257.40 of unpaid fees and costs prior to

December 3, 2019, unpaid deferred payments of monthly fees as set forth in the Fifth

Amendment, and attorneys' fees and costs of collection.  The defaults and all other

amounts that are due or may come due will be paid in accordance with the Medsphere

Agreement. The District will cure the defaults under the Medsphere contract, however the

District and Medsphere have reached an agreement, whereby over a period of time the

District will cure the defaults due in December 2019 and deferred monthly payments in

accordance with the payment plan set forth in the Medsphere Agreement.

In the event that there is any inconsistency between the Medsphere Agreement

and other provisions of the Plan, the Medsphere Agreement shall control. No Claims of

Medsphere shall be discharged, and Medsphere shall be able to enforce the Medsphere

Agreement, in accordance with its terms, and all of its rights and remedies thereunder and

under applicable law in this Bankruptcy Court or in any non-bankruptcy court without

further order of the Bankruptcy Court notwithstanding any provision in the Plan to the

contrary.

Notwithstanding anything in the other provisions of the Plan to the contrary, nothing

in the Plan is intended to or shall impair or interfere with the rights of Medsphere under the

Medsphere Agreement or applicable law.  The Confirmation Order will incorporate all of

the provisions of the Plan that apply to Medsphere and will provide that Medsphere can

enforce the Medsphere Agreement, in accordance with its terms, and all of its rights and

remedies thereunder and under applicable law in this Bankruptcy Court or in any non-

bankruptcy court without further order of the Bankruptcy Court notwithstanding any provision in the Plan to the contrary.

Additionally, the provision stated in Section II.E. shall not apply to Medsphere or its claim against the District.

**E.　Deadline for the Filing and Assertion of Postpetition Claims, Administrative Claims, and Professional Claims**

**All proofs of Claim for Claims arising on or after the Petition Date, and requests for payment or any other means of preserving and obtaining payment of Administrative Claims that have not been paid, released, or otherwise settled, and all requests for a determination regarding the reasonableness of Professional Claims, must be filed with the Bankruptcy Court and served upon the District no later than thirty (30) days <u>before</u> the date set for the Confirmation Hearing.** Any proof of Claim for Claims arising on or after the Petition Date, or request for payment of an Administrative Claim or a Professional Claim that is not timely filed will be forever barred and holders of such Claims shall be barred from asserting such Claims in any manner against the District.

**III.　DESIGNATION OF CLASSES OF CLAIMS**

Pursuant to sections 1122 and 1123(a)(1), made applicable to chapter 9 via section 901, all Claims other than Administrative Claims are classified for all purposes, including voting, confirmation, and distribution pursuant to this Plan, as follows:

<u>Class 1</u> – Secured Claims

　　　<u>Class 1A</u> – Action Capital Corporation

　　　<u>Class 1B</u> – Bank of the West

　　　<u>Class 1C</u> – Canon Financial Services, Inc.

　　　<u>Class 1D</u> – Cardinal Health 110, LLC

　　　<u>Class 1E</u> – Healthcare Resource Group

　　　<u>Class 1F</u> – US Foods, Inc.

　　　<u>Class 1G</u> – Optum Bank, Inc.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000　Fax 714-966-1002

Class 1H – Vi Healthcare Finance, Inc.

Class 2 – Post-Petition Contracts Not Terminated

Class 3 – Terminated Post-Petition Contract Claims

Class 4 – General Unsecured Claims

Class 5 – Convenience Class Claims.

IV. **TREATMENT OF CLAIMS**

A. **Class 1 – Secured Claims**[5]

1. **Class 1A – Action Capital Corporation**

Class 1A consists of the Claim asserted by Action Capital Corporation (also known as Coast to Coast Healthcare) in the amount of $185,600.35, which is purportedly secured by all accounts receivable of the District arising on or before January 31, 2015.

a. Impairment and Voting

Class 1A is Impaired by this Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of Action Capital Corporation. Accordingly, this Class is entitled to vote to accept or reject the Plan.

b. Treatment

Action Capital Corporation's Class 1A Claim is purportedly secured solely by accounts receivable generated on or before January 31, 2015, which the District estimates to be worth $0.00. Accordingly, in full satisfaction, release and discharge of the Class 1A Claim, Action Capital Corporation shall receive an allowed General Unsecured Claim in the amount of $185,600.35, which shall be included in and treated in accordance with the treatment provided for Class 4 claims.

2. **Class 1B – Bank of the West/Thermo Fisher Financial Services, Inc.**

---

[5] In Schedule D, the District scheduled as Secured Claims certain Claims asserted by General Electric Capital Corporation, HCCA, Marlin Leasing Corporation, and Siemens Healthcare Diagnostics, Inc. (also known as Siemens Financial Services, Inc.). The foregoing claimants are not treated as secured creditors under the Plan for the reasons set forth in Section V.A.5 of the Disclosure Statement.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Class 1B consists of the Claims asserted by Bank of the West ("**BOW**") in the amount of $7,189.61 and Thermo Fisher Financial Services, Inc. ("**Thermo**") in the amount of $12,443.46,[6] which are purportedly secured by an Abbott iSTAT 1 Upgrade from 200 Series and the related equipment and documentation.

### a. Impairment and Voting

Class 1B is Impaired by this Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of BOW and/or Thermo. Accordingly, this Class is entitled to vote to accept or reject the Plan.

### b. Treatment

In full satisfaction, release and discharge of the Class 1B Claims, the District shall surrender to BOW or Thermo the collateral for the underlying agreements—namely, one Abbott iSTAT 1 Upgrade from 200 Series and the related equipment and documentation. The District shall surrender the subject equipment and documentation on or as soon as practicable following the Effective Date. The remainder of the Claim asserted by BOW and Thermo shall be allowed as a General Unsecured Claim in Class 4 in accordance with the Proofs of Claim filed by BOW and Thermo.

### 3. **Class 1C – Canon Financial Services, Inc.**

Class 1C consists of the Claim asserted by Canon Financial Services, Inc. ("**Canon**") in the amount of $84,275.90, which is purportedly secured by certain office equipment subject to the agreements by and between the District and Canon or its affiliates.

### a. Impairment and Voting

---

[6] BOW and Thermo each filed proofs of Claim asserting secured claims in the subject collateral. Per the documentation provided in support of the proofs of Claim, it appears that Thermo assigned its rights under the agreement with the District to BOW in or about June 2013. Accordingly, under this Plan, the Claims asserted by BOW and Thermo are treated as one and the same.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Class 1C is Impaired by this Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of Canon Financial Services, Inc. Accordingly, this Class is entitled to vote to accept or reject the Plan.

b.    Treatment

In full satisfaction, release and discharge of the Class 1C Claim, the District shall surrender to Canon the collateral for the underlying agreement. The District shall surrender the subject equipment and documentation on or as soon as practicable following the Effective Date. The remainder of the Claim asserted by Canon shall be allowed as a General Unsecured Claim in Class 4 in accordance with the proof of Claim filed by Canon.

4.    **Class 1D – Cardinal Health 110, LLC**

Class 1D consists of the Claim asserted by Cardinal Health 110, LLC in the amount of $838.28, which is purportedly secured by certain funds presently held by Cardinal Health 110, LLC.

a.    Impairment and Voting

Class 1D is Unimpaired by this Plan since the treatment of this Class will not affect the legal, equitable, or contractual rights of Cardinal Health 110, LLC. Accordingly, this Class is **not** entitled to vote to accept or reject this Plan.[7]

b.    Treatment

In full satisfaction, release and discharge of the Class 1D Claim, Cardinal Health 110, LLC shall be entitled to retain the funds presently in its possession, which total $838.28. The remainder of the Claim asserted by Cardinal Health 110, LLC shall be allowed as a General Unsecured Claim in Class 4 in accordance with the proof of Claim filed by Cardinal Health 110, LLC with the Bankruptcy Court.

5.    **Class 1E – Healthcare Resource Group**

---

[7] The Unimpaired status of the Class 1D Claim held by Cardinal Health 110, LLC shall not affect the right of Cardinal Health 11, LLC, if any, to cast a vote for or against the Plan on account of the portion of its Claim categorized as a General Unsecured Claim in Class 4.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Class 1E consists of the Claim asserted by Healthcare Resource Group ("**HRG**") in the amount of $151,562.73, which is purportedly secured by the District's accounts, equipment, and other personal property.

a.    <u>Impairment and Voting</u>

Class 1E is Impaired by the Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of HRG. Accordingly, this Class is entitled to vote to accept or reject the Plan.

b.    <u>Treatment</u>

HRG's claim shall be satisfied by the payment of $74,781.37, to be paid on or before October 15, 2020, in full satisfaction, release and discharge of the Class 1E Claim,

6.    **Class 1F – US Foods, Inc.**

Class 1F consists of the Claim asserted by US Foods, Inc. ("**US Foods**") in the amount of $35,540.41, which is purportedly secured by all of the District's personal property.

a.    <u>Impairment and Voting</u>

Class 1F is Impaired by the Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of US Foods. Accordingly, this Class is entitled to vote to accept or reject the Plan.

b.    <u>Treatment</u>

US Foods' claim shall be satisfied by payment of $21,324.00 in three (3) equal monthly installments following the Effective Date of $7,108.00 per payment, in full satisfaction, release and discharge of the Class 1F Claim.

7.    **Class 1G – Optum Bank, Inc.**

Class 1G is comprised of the Disputed Claim asserted by Optum in the amount of $2,556,473.27, as of October 31, 2019, which is purportedly secured by the District's real property as well as personal property and general intangible assets to the extent not limited by 11 U.S.C. § 552(a). The validity and enforceability of the Optum Claim is the subject of the Optum Adversary.

Weiland Golden Goodrich LLP<br>650 Town Center Drive, Suite 600<br>Costa Mesa, California 92626<br>Tel 714-966-1000 Fax 714-966-1002

### a.    Impairment and Voting

Class 1G is Impaired by this Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of Optum. As Class 1G is comprised solely of the Disputed Claim of Optum, Class 1G is not entitled to vote on the Plan; however, the District and Optum entered into a stipulation permitting Optum to vote in Class 1G. As such, Class 1G is entitled to vote to accept or reject the Plan.

### b.    Treatment

As a Disputed Claim, the Optum Claim shall not receive any distributions under the Plan unless and until a court of competent jurisdiction enters a Final Order allowing the Optum Claim. If the Optum Claim is adjudged valid, enforceable and secured in whole or in part, the District shall pay Optum Cash in an amount equal to the portion of the Optum Claim allowed as a Secured Claim, including interest and costs, and expenses incurred by Optum in association with the underlying loan, to the extent permitted under the Optum loan agreement, the bankruptcy code, and allowed by the Court, as asserted by Optum, over one hundred and fifteen (115) months following the entry of a Final Order allowing the Optum Claim with an interest rate of 5.25%. Any unsecured portion of Optum's Claim will be paid in accordance with the treatment provided in Class 4. The projections[8] estimate that the Final Order adjudicating the amount of the Optum Claim will be entered in approximately August 2020. If the Optum Claim is adjudged valid and enforceable but not wholly secured, the portion of the Optum Claim adjudged to be a Secured Claim, in accordance with the procedure indicated below, including interest and costs, and expenses incurred by Optum in association with the underlying loan, to the extent permitted under the Optum loan agreement, the bankruptcy code, and allowed by the Court, shall be treated pursuant to the preceding sentence and any order(s) entered in the Optum Adversary and the remaining Allowed Claim, if any, shall be treated as an

---

[8] The projections attached as Exhibit 4 to the Plan reflect the estimated examples of Plan payments.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1　unsecured claim pursuant to Class 4. In the event that Optum asserts an Allowed Secured

2　Claim, the District will seek cramdown pursuant to 11 U.S.C. § 1129(b).

3　　　　　The District believes that Optum's alleged Claim is higher in amount than the value

4　of the District's real property and/or personal property. Optum asserts that is has a lien

5　that attaches to both the real and the personal property of the District, whereas the District

6　asserts that Optum does not have a valid security interest in either the District's real or

7　personal property. The District asserts that, even if Optum is found to have an allowed

8　secured claim, secured by both the District's real and personal property, Optum will be

9　undersecured since the value of the District's real and personal property is less than

10　Optum's asserted claim amount. Optum asserts that if the Bankruptcy Court determines

11　that it has an enforceable lien on the District's real and personal property, its claim will be

12　fully secured.

13　　　　　The District has obtained appraisals on both the District's personal and real

14　property to determine the value of the collateral. The appraisal performed on the personal

15　property was performed by Anthony E. Fitzgerald, of Braun International ("**Braun**"), who is

16　a director of Braun's valuation group, has certification from the Fellow of the Royal

17　Institute of Chartered Surveyors a senior appraiser designation with the American Society

18　of Appraisers, and is a Certified General Real Estate Appraiser in the state of California.

19　Braun's opinion of value of the personal property of the District was $225,000.00.

20　　　　　Braun performed a Restricted Appraisal Report of the real property, located at 501

21　E. Locus Street, Lone Pine, California, that allegedly acts as collateral for Optum's Claim,

22　and determined that the market value of the real property is $1,200,000.

23　　　　　If the Bankruptcy Court determines that Optum has an enforceable lien on the

24　District's real and/or personal property in the Optum Adversary, the District shall within

25　twenty-one (21) days of the Bankruptcy Court's entry of a final judgment in the Optum

26　Adversary (which is no longer subject to any pending appeal) file a motion or claim

27　objection in accordance with Fed. R. Bankr. P. 3012 to value the collateral securing the

28　Optum Claim (the "**Section 506(a) Proceeding**").

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000　Fax 714-966-1002

If the Optum Claim is adjudged to be wholly unsecured, then Optum's Claim shall be treated solely as an unsecured claim in Class 4.

If the Optum Claim is adjudged invalid and unenforceable, Class 1G shall not receive any distributions under the Plan.

Optum shall retain any and all valid liens granted under the Optum Loan Documents until any such lien is invalidated or Optum's secured claim is paid in full.

Optum shall have until five (5) business days after the entry of a final judgment in the Section 506(a) Proceeding to make an election under 11 U.S.C. § 1111(b). If Optum makes the election under section 1111(b), the District shall pay Optum's claim as follows: (i) the amount of the Optum Claim shall be paid ratably over 115 months and (ii) if payments described in (i) are less than the present value of the Optum Claim, as secured by collateral, the District shall instead make payments to Optum in an amount equal to the present value of the collateral that secures the Optum Claim, ratably over 115 months.

8.    **Class 1H – Vi Healthcare Finance, Inc.**

Class 1F is comprised of any and all funds advanced to the District by ViHF pursuant to the ViHF LOC.

a.    Impairment and Voting

Class 1H is Impaired by the Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of ViHF; this Class is entitled to vote to accept or reject the Plan.

b.    Treatment

The District, ViHF, HCCA, and others have reached a settlement ("**ViHF Agreement**"), subject to documentation[9], whereby no later than thirty (30) days after the effective date, as defined in the ViHF Agreement, ("**Closing Date**"), the District shall pay to ViHF the total sum of nine hundred thousand dollars ($900,000) (the "**ViHF Settlement**

---

[9] In the event that HCCA/ViHF and the District are unable to memorialize their agreement for any reason, HCCA and ViHF shall have the authority to reassert their Claims and the District shall have the right to reassert any objections to such Claims.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**Claim**") as follows: six hundred thousand dollars ($600,000) on the Closing Date and three hundred thousand dollars ($300,000) payable in four (4) installments of seventy five thousand dollars ($75,000) per annum (the **"Annual Payments"**), with the first of the Annual Payments payable on January 15, 2021 (the "**Annual Payment Date**"), and thereafter on each anniversary of the Annual Payment Date until the ViHF Settlement Claim has been paid in full.  The Annual Payments shall be made by wire transfer directly from the Inyo County Treasurer to ViHF per instructions provided by ViHF.  No interest shall be payable on the ViHF Settlement Claim.

Upon the Closing Date, the District shall deliver to ViHF a duly executed promissory note in the amount of three hundred thousand dollars ($300,000) the obligations contained therein of which will be secured by the tax revenues collected by the District.

ViHF shall reconvey the prior security interest to the District on the Closing Date and cancel the promissory notes secured thereby, as well as any other security document in which the District is the obligor and HCCA and/or ViHF is the original payee, evidencing all prior obligations owed by the District to ViHF and HCCA. All such obligations which shall be deemed paid in full on the Closing Date.  If there is a conflict between this treatment and the ViHF Agreement, the ViHF Agreement shall control.

## B.    Class 2 – Post-Petition Contracts Not Terminated

Class 2 is comprised of the Claims listed in Exhibit 5.

### 1.    Impairment and Voting

Class 2 is Impaired by this Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of the holders of Class 2 Claims. Accordingly, this Class is entitled to vote to accept or reject the Plan.

### 2.    Treatment

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Except with respect to Professional Claims, in full satisfaction, release and discharge of the Class 2 Claims, holders of Class 2 Claims shall receive monthly distributions under the Plan equal to 12% of its claim, as listed in Exhibit 5, beginning on the first full month after the Effective Date until December 2029.

**C.**     **Class 3 – Terminated Post-Petition Contract Claims**

Class 3 consists of the Claims listed in Exhibit 6 of the Plan Exhibits.

**1.**     **Impairment and Voting**

Class 3 is Impaired by the Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of the holders of Class 3 Claims. Accordingly, this Class is entitled to vote to accept or reject the Plan.

**2.**     **Treatment**

In full satisfaction, release and discharge of the Class 3 Claims, holders of Class 3 Claims shall receive monthly distributions under the Plan equal to 12% of its claim, as listed in Exhibit 6, beginning on the first full month after the Effective Date until December 2029.

**3.**     **Class 5 Election**

Holders of Terminated Post-Petition Contract Claims in Class 3 may elect to have their Claim(s) treated as Class 5 Claim(s) by so noting on the Ballot. Any Class 3 Claim electing treatment under Class 5 shall irrevocably forfeit its status as a Class 3 Terminated Post-Petition Contract Claim and the holder of such Claim shall be deemed to have accepted payment as a holder of a Claim in Class 5 in full satisfaction, release and discharge of their Claim.

**D.**     **Class 4 – General Unsecured Claims**

Class 4 is comprised of the Claims listed in Exhibit 7.[10]

**1.**     **Impairment and Voting**

---

[10] Exhibit 7 does not include any estimate(s) on account of the potential General Unsecured Claim of Optum, if any. If the Bankruptcy Court rules that Optum is entitled to an allowed General Unsecured Claim, such Claim shall be entitled to a distribution according to Class 4.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Class 4 is Impaired by this Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of the holders of Class 4 Claims. Accordingly, this Class is entitled to vote to accept or reject the Plan.

### 2. Treatment

Except with respect to Professional Claims, in full satisfaction, release and discharge of the Class 4 Claims, holders of Class 4 Claims shall receive monthly distributions under the Plan equal to 12% of its claim, as listed in Exhibit 7, beginning on the first full month after the Effective Date until December 2029.

### 3. Class 5 Election

Holders of General Unsecured Claims in Class 4 may elect to have their Claim(s) treated as Class 5 Claim(s) by so noting on the Ballot. Any Class 4 Claim electing treatment under Class 5 shall irrevocably forfeit its status as a Class 4 General Unsecured Claim and the holder of such Claim shall be deemed to have accepted payment as a Class 5 Claim in full satisfaction, release and discharge of their Claim.

### E. Class 5 – Convenience Claims

Class 5 is comprised of the Claims in an amount of $250.00 or less. A list of all Class 5 Claims is set forth in Exhibit 8.

### 1. Impairment and Voting

Class 5 is Impaired by this Plan since the treatment of this Class will affect the legal, equitable, or contractual rights of the holders of Class 5 Claims. Accordingly, this Class is entitled to vote to accept or reject the Plan.

### 2. Treatment

In full satisfaction, release and discharge of the Class 5 Claims, holders of Class 5 Claims shall receive Cash on the Effective Date, or as soon thereafter as practicable, in an amount equal to the lesser of (a) the amount of their Allowed Class 4 Claims or (b) $100.00.

### V. ACCEPTANCE OR REJECTION; CRAMDOWN

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

### A.   Voting of Claims

Each holder of an Allowed Claim classified into Classes 1A, 1B, 1C, 1E, 1F, 1G, 1H, 2, 3, 4, and 5 shall be entitled to vote each such Claim to accept or reject this Plan.

With respect to any Class of Impaired Claims that fails to accept this Plan, the District intends to request that the Bankruptcy Court nonetheless confirm this Plan pursuant to the so-called "cramdown" powers set forth in section 1129(b).

## VI.   TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A.   Assumption of Executory Contracts and Unexpired Leases

Without the need to file any further motions, the District intends to assume and will assume as of the Effective Date all executory contracts and unexpired leases to which it is a party and which was entered into prior to the Petition Date, except (i) for those unexpired leases and executory contracts specifically identified in subsection C. below or (ii) as otherwise provided in this Plan.

### B.   Cure Payments

To cure any purported default or arrears under the executory contracts and unexpired leases the District plans to assume through the Plan, the District shall make the cure payments listed on Exhibit 9 on the Effective Date unless otherwise agreed to.[11] The Bankruptcy Court shall resolve all disputes regarding: (i) the amount of any cure payment to be made in connection with the assumption of any contract or lease; (ii) the ability of the District to provide "adequate assurance of future performance" within the meaning of section 365 under the contract or lease to be assumed; and (iii) any other matter pertaining to such assumption and assignment. If any party to an executory contract or unexpired lease that is to be assumed by the District asserts that the proposed cure

---

[11] If an executory contract or unexpired lease is not identified on Exhibit 9, the District shall not make any cure payment to any party or parties to such agreement as the District does not have any record of any outstanding amount owing under the subject agreement. The omission of the subject contract or lease, however, shall not in any way affect the assumption of the subject agreement by and through the Plan.

payment is insufficient or some other performance is required to assume the subject

contract or lease, such party shall file with the Bankruptcy Court and serve upon the

District a written statement and accompanying declaration in support thereof specifying

the basis for its position and accounting for the purported amount owing under the subject

contract or lease not later than thirty (30) days **before** the Confirmation Hearing. The

failure to timely file and serve such a statement shall be deemed to be a waiver of any and

all objections to the proposed assumption, including, without limitation, any objection

pertaining to the adequacy of the proposed cure payment.

**C.** **Rejection of Executory Contracts and Unexpired Leases**[12]

Without the need to file any further motions, the District elects to reject and shall be

deemed to have rejected as of the Effective Date the following executory contracts and

unexpired leases:[13]

- Master Lease Agreement dated as of November 13, 2012 between the
  District, as lessee, and General Electric Capital Corporation, as lessor, and
  all other leases based thereon, pertaining to, among other things, a Proteus
  X Ray XR/a 65W Radiographic System;

- Lease dated March 7, 2013 between the District, as lessee, and Thermo
  Fisher Financial Services, Inc., as lessor, and/or Bank of the West, as
  assignee of Thermo Fisher Financial Services, Inc., pertaining to an Abbott
  iSTAT 1 Upgrade from 200 Series and related equipment and
  documentation;

- Agreement dated October 9, 2014, between the District and Thermo Fisher
  Financial Services, Inc., pertaining to a VITROS 350 Chemistry System;

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

---

[12] The Management Services Agreement ("**MSA**") by and between the District and HCCA was rejected via stipulation prior to the preparation and submission of the Plan. *See* Docket No. 377. As such, the MSA is not listed in this section. The exclusion of the MSA shall not in any way alter the prior rejection of the MSA or the agreement(s) of the District and HCCA relation to such rejection.

[13] Any reference contained herein to an agreement as a "lease" shall not constitute an admission regarding whether the subject constitutes "true lease" under applicable law.

- Lease between the District, as lessee, and Healthland, Inc., as lessor, pertaining to certain medical billing hardware and software;

- Lease No. x005 between the District, as lessee, and Canon Financial Services, as lessor, pertaining to Canon ImageRunner 1730iF (serial number x4453);

- Lease No. x006 between the District, as lessee, and Canon Financial Services, as lessor, pertaining to Canon ImageRunner Advance 6255 (serial number x1950);

- Lease No. x007 between the District, as lessee, and Canon Financial Services, as lessor, pertaining to Canon ImageRunner 1730iF (serial number x4451);

- Lease no. x008 between the District, as lessee, and Canon Financial Services, as lessor, pertaining to IRA 4235 (serial number x1785), IRA 1025iF (serial number x5469), IRA 400iF (serial number x2533), IRA 400iF (serial number x1857), IRA 400iF (serial number x1862), and IR 1730iF (service only) (serial number x5155);

- Agreement between the District and Celleration Inc.;

- Agreement between the District, as employer, and Dr. Kenneth L. Saeger, as employee;

- Agreement between the District, as employer, and Dr. Milton R. Jones, as employee;

- Agreement between the District, as employer, and Dr. Steve Chong Luo, as employee;

- Service Agreement between the District and Laboratory Specialists International, as service provider;

- Lease between the District, as lessee, and Marlin Leasing Corporation, as lessor, pertaining to certain medical equipment, including a Horiba Medical Pentra 60 C+, two Unimac Natural Gas Dryers, and one Ultrascan table;

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

- Agreement between the District and T System, Inc; and

- Agreement between the District and Tosoh Bioscience, Inc.

**D.    Claims Arising from Rejection**

Unless otherwise agreed by the District and the counterparty or counterparties to the subject contract or lease, proofs of Claim arising from the rejection of executory contracts or unexpired leases must be filed with the Bankruptcy Court and served on the District no later than thirty (30) days after the Effective Date. The failure to properly and timely assert a rejection damages Claim pursuant to this Section VI.D. shall result in such Claim being forever barred and rendered unenforceable against the District or its assets, properties, or interests in property. Unless otherwise ordered by the Bankruptcy Court, all such Claims that are timely filed as provided herein shall be classified into Class 4 (General Unsecured Claims) and treated accordingly.

**VII.    IMPLEMENTATION AND MEANS FOR IMPLEMENTATION OF THIS PLAN**

Under the Plan, the District shall be required to make Cash disbursements totaling approximately $5,894,951.00[14] to the holders of Allowed Claims over a term of approximately ten (10) years while paying an estimated $10,000,000 per year in revenues for the costs and expenses associated with maintaining the operations of the District's facilities and services, including, without limitation, costs associated with staffing, supplies and equipment, and capital expenditures for the acquisition of new property and maintenance of current property. As discussed in greater detail in the Disclosure Statement, the Plan will be funded utilizing the following sources:

- Cash on Hand. The District estimates that it will have approximately $906,626.00 in cash on hand on the Effective Date.

---

[14] In this section, the numbers used refer to the projection that is the "worst case" scenario, or the fourth scenario where Optum's claim is secured up to the full amount of its claim.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

- Operations. The District estimates that it will generate approximately $10,500,000 per year as of the Effective Date from the operations, and ramping up to $15,000,000 per year by 2026.

- Federal Grants. The District estimates that it will receive approximately $540,000 per year in federal grants through its partnership with Merchant McIntyre, a federal funding lobbying group, and that funds will begin to arrive in 2020.

- Los Angeles Department of Water and Power ("**LADWP**"). The District estimates that it will receive funding from LADWP beginning in 2020 and lasting approximately five (5) years in the amount of approximately $1,000,000 per year.

- Great Basin Air Pollution Control District ("**GBAPCD**"). The District estimates that it will receive a block grant from GBAPCD in the approximate amount of $600,000 in 2020.

- Ad Valorem Tax. The District receives Ad Valorem taxes and other related taxes totaling approximately $540,000 per year. Additionally approximately $600,000 in Ad Valorem taxes have accumulated. Any Ad Valorem taxes collected after ViHF is paid $600,000 from the segregated taxes will be used to fund the Plan.

- Parcel tax. The District receives parcel taxes in the approximate amount of $375,000 per year.

- Toiyabe Project. The District is working with the Toiyabe tribe in order to become the provider of health services for the tribe.

- Litigation Proceeds. As discussed in the Disclosure Statement, the District intends to commence litigation against certain individuals and entities. If successful, the District may obtain damages. Such funds will be available for the payment of Claims under the Plan and the maintenance of the District's operations.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

- The District will apply for, and hopes to obtain, a Revenue Bond that shall remain special revenues and shall be used for the payment of Plan payments in accordance with the terms of the Revenue Bond and the requirements regarding use of the funds.

In sum, pursuant to the Plan, the District shall have approximately $906,626.00 in cash on hand on the Effective Date and $10,500,000 per year in revenues as of the Effective Date from the operations, and ramping up to $15,000,000 per year by 2026 in revenues per year. As a result, and as the projections reflect, the District shall be able to maintain operations so that it can continue providing desperately needed medical treatment to the community at large and make all payments required under the Plan.

## VIII.    RESERVATION OF RIGHTS OF ACTION

All of the District's claims, causes of action, rights of recovery, rights of offset, rights of recoupment, rights to refunds, and similar rights shall be retained by the District. The failure to list in the Disclosure Statement any potential or existing Right of Action retained by the District is not intended to and shall not limit the rights of the District to pursue any such action. Unless a Right of Action is expressly waived, relinquished, released, compromised, or settled (in this Plan or otherwise), the District expressly reserves all Rights of Action for later adjudication and, as a result, no preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Rights of Action upon or after the confirmation or consummation of this Plan or the Effective Date. In addition, the District expressly reserves the right to pursue or adopt against any other entity any claims alleged in any lawsuit in which the District is a defendant or an interested party.

## IX.    DISTRIBUTIONS

### A.    Disbursing Agent

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

On and after the Effective Date, the District shall serve as disbursing agent for payments to be made under this Plan in accordance with section 944. Notwithstanding, the District may retain one or more agents to perform or assist it in making distributions pursuant to this Plan, which agents may serve without bond. The District may provide reasonable compensation to any such agent(s) without further notice or Bankruptcy Court approval.

**B.    Delivery of Distributions**

All distributions to any holder of an Allowed Claim shall be made at the address of such holder as set forth in the books and records of the District or its agents unless (i) the holder has designated an alternate address for payment in a proof of Claim filed with Bankruptcy Court or (ii) specifies an alternate address on its Ballot. Any and all notifications of address changes and all address confirmations should be mailed to: Kelly Adele at Weiland Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa, California 92626, or rbeall@wgllp.com.

**C.    Undeliverable Distributions**

**1.    Holding of Undeliverable Distributions**

If any distribution to a holder of an Allowed Claim is returned to the District or its agent as undeliverable, no further distributions shall be made to such holder unless and until the District is notified in writing of such holder's then-current address. Unless and until the District is so notified, such distribution shall be deemed to be "Unclaimed Property" and shall be set aside and held in a segregated account to be administered pursuant to Section IX.

**2.    Notification and Forfeiture of Unclaimed Property**

On the first anniversary of the Effective Date, the District will file with the Bankruptcy Court a list of Unclaimed Property, together with a schedule that identified the name and last-known address of the individuals and entities entitled to the Unclaimed Property. The District shall not be otherwise required to attempt to locate any such individual or entity. On the second anniversary of the Effective Date, all remaining

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1 Unclaimed Property and accrued interest or dividends earned thereon will be remitted to

2 and vest in the District. Additionally, such individuals and entities shall be deemed to have

3 waived and forfeited their right to any future payments under the Plan and such funds

4 shall be retained by the District. Notwithstanding the non-payment of any forfeited Claims,

5 such Claims shall be deemed satisfied and discharged as if paid pursuant to the terms of

6 the Plan.

7       **D.**   **Distribution of Cash**

8       Any payment of Cash to be made by the District or its agent pursuant to this Plan

9 shall be made by check drawn on a domestic bank or by wire transfer, at the sole option

10 of the District.

11       **E.**   **Timeliness of Payments**

12       Any payments or distributions to be made pursuant to this Plan shall be deemed to

13 be timely made if made within fourteen (14) Business Days after the date(s) specified in

14 this Plan. Whenever any distribution to be made under this Plan is due on a day that is not

15 a Business Day, such distribution instead shall be made, without interest, on the

16 immediately succeeding Business Day, but shall be deemed to have been made on the

17 date due.

18       **F.**   **Default and Cure**

19       The following provision shall apply except as otherwise provided for in an

20 agreement between the District and another party. In the event the District fails to make

21 any payment required under this Plan in a timely manner, the affected creditors shall

22 serve the District with a notice of default not later than thirty (30) days after the purported

23 default along with any documentation supporting the allegation of an alleged default. Not

24 later than sixty (60) days after receipt of the notice of default, the District shall either (i)

25 cure the default or (ii) serve the affected creditor(s) with a statement and supporting

26 documentation contesting the allegation of default. In the event the District contests an

27 alleged default, not later than five (5) Business Days after serving a response to a

28 purported default, the District shall file a motion with the Bankruptcy Court requesting a

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

resolution of the dispute relating to the alleged default and set the motion for hearing on the first available hearing date not sooner than fourteen (14) days after filing the motion. If the Bankruptcy Court rules that the non-payment constitutes an event of default under the Plan, the District shall cure the purported default not later than five (5) Business Days following the entry of a Final Order of the Bankruptcy Court adopting the finding with respect to the purported default.

**G.**     **Compliance with Tax Requirements**

Any and all distributions pursuant to the Plan shall be subject to any applicable tax withholding and reporting requirements imposed on it by any governmental unit. In connection with each distribution which requires the filing of an information return (such as Internal Revenue Service Form 1099 or 1042) or withholding, the District shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such distribution, or effect any such withholding and deposit all moneys so withheld to the extent required by law. With respect to any entity from whom a tax identification number, certified tax identification number, or other tax information is required by law to avoid withholding has not been received by the District at the time the district is to be made, the District, at its sole option, may withhold the amount required and distribute the balance to such entity or the District may decline to make such distribution(s) until the information is received.

**H.**     **Time Bar to Cash Payments**

Checks issued by the District on account of Allowed Claims will be null and void if not negotiated with ninety (90) days from and after the date of issuance thereof. Requests for reissuance of any check shall be submitted in writing to: Ryan W. Beall at Weiland Golden Goodrich LLP, 650 Town Center Drive, Suite 600, Costa Mesa, California 92626, or via email addressed to rbeall@wgllp.com. Any request for reissuance of an expired check must be not later than 180 calendar days following the initial issuance of the subject check. After such date, the amounts stated in the voided check(s) shall be deemed forfeited and the District shall retain such funds. Any amounts forfeited pursuant to the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   preceding sentence shall be deemed paid to and received by the subject claimant for

2   purposes of calculating the amounts owing to such creditor under the Plan.

3         **I.      No *De Minimis* Distributions**

4         With the exception of Class 5 Claims (Convenience Class Claims), no payment of

5   less than ten dollars (US$10.00) will be made by the District on account of any Allowed

6   Claim.

7         **J.      No Distributions on Account of Disputed Claims or Disallowed Claims**

8         Notwithstanding anything to the contrary in this Plan, no distributions shall be made

9   on account of any part of any Disputed Claim or Disallowed Claim unless and until such

10  Claim becomes an Allowed Claim and only to the extent such Claim constitutes an

11  Allowed Claim. Distributions made after the Effective Date with respect to Claims that

12  were not Allowed Claims as of the Effective Date, but are later determined to be Allowed

13  Claims, shall be deemed to have been made on time and in accordance with the terms of

14  the Plan.

15        If any distributions are made prior to the resolution of a dispute pertaining to a

16  Claim, the portion that would be payable on account of such Claim if such Claim was an

17  Allowed Claim, shall be held in a segregated bank account. If the Claim is subsequently

18  adjudicated to be an Allowed Claim, the segregated funds shall be distributed to the

19  holder of such Claim. Any interest accrued on account of the segregated funds shall be

20  paid to and retained by the District.

21        **K.      No Post-Petition Date Accrual**

22        Unless otherwise specifically provided in the Plan, specifically agreed to by the

23  District in writing, or allowed by order of the Bankruptcy Court, the District will not be

24  required to pay to any holder of a Claim any interest, penalty or late charge accruing with

25  respect to such Claim on or after the Petition Date.

26  **X.    DISPUTED CLAIMS; OBJECTIONS TO CLAIMS; PROSECUTION OF**

27        **OBJECTIONS TO DISPUTED CLAIMS**

28        **A.      Claim Objection Deadline; Prosecution of Objections**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    The District shall have the right to object to the allowance of Claims filed with the

2    Bankruptcy Court with respect to which liability or allowance is disputed in whole or in

3    part. Unless otherwise ordered by the Bankruptcy Court, the District shall file and serve

4    any such objections to Claims (whether by motion or commencement of an adversary

5    proceeding) by not later than one hundred and eighty (180) days after the Effective Date

6    (or, in the case of Claims properly filed after the Effective Date, by not later than one

7    hundred and eighty (180) days after the date of filing of such Claims).

8    **B.    Reserves, Payments and Distributions with Respect to Disputed**

9    **Claims**

10    At such time as a Disputed Claim becomes an Allowed Claim, in whole or in part,

11    the District or its agent shall distribute to the holder thereof the distributions, if any, to

12    which such holder is then entitled under the Plan in the manner set forth in the Plan. Such

13    distributions, if any, shall be made as soon as practicable after the date that the order or

14    judgment of the Bankruptcy Court allowing such Claim becomes a Final Order, but in no

15    event more than sixty (60) days thereafter, unless otherwise provided in the Plan, order of

16    the Bankruptcy Court, or agreement between the District and the subject Claim holder.

17    Unless otherwise specifically provided in the Plan or allowed by order of the Bankruptcy

18    Court, no interest will be paid on Disputed Claims that later become Allowed Claims.

19    **XI.    EFFECT OF CONFIRMATION**

20    **A.    Discharge of the District**

21    Pursuant to section 944, upon the substantial consummation of this Plan, the

22    District shall be discharged from all debts (as defined in the Bankruptcy Code) of the

23    District and Claims against the District other than (i) any debt specifically and expressly

24    excepted from discharge by this Plan or the Confirmation Order and (ii) any debt owed to

25    an entity that, before the confirmation of this Plan, had neither notice nor actual

26    knowledge of the Chapter 9 Case. Substantial consummation, as defined in 11 U.S.C. §

27    1101(2), shall mean: (1) a transfer of all or substantially all of the property proposed by the

28    Plan to be transferred; (2) assumption by the District or by any successor to the District

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  under the Plan of the business or of the management of all or substantially all of the

2  property dealt with by the Plan; and (3) commencement of Distributions under the Plan.

3  Upon substantial consummation of the Plan, the District shall file with the Court and serve

4  upon all interested parties a notice of substantial consummation of the Plan.

5          The rights afforded in this Plan and the treatment of all holders of Claims, whether

6  Impaired or Unimpaired, shall be in exchange for and in complete satisfaction, discharge

7  and release of all Claims of any nature whatsoever arising on or before the Effective Date,

8  known or unknown, including any interest accrued or expenses incurred thereon from and

9  after the Petition Date, whether against the District or any of its properties, assets or

10 interests in property. Except as otherwise provided herein, upon the Effective Date, all

11 Claims against the District shall be deemed satisfied, discharged, and released in full,

12 whether Impaired or Unimpaired.

13         **B.**     **Injunction**

14         **EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS PLAN, ALL**

15 **ENTITIES WHO HAVE HELD, HOLD OR MAY HOLD PRE-CONFIRMATION DATE**

16 **CLAIMS SHALL BE PERMANENTLY ENJOINED FROM AND AFTER THE**

17 **CONFIRMATION DATE FROM: (I) COMMENCING OR CONTINUING IN ANY MANNER**

18 **ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY**

19 **SUCH PRE-CONFIRMATION DATE CLAIMS AGAINST THE DISTRICT OR ITS**

20 **PROPERTY; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY**

21 **ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER**

22 **AGAINST THE DISTRICT OR ITS PROPERTY WITH RESPECT TO SUCH PRE-**

23 **CONFIRMATION DATE CLAIMS; (III) CREATING, PERFECTING, OR ENFORCING**

24 **ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST THE DISTRICT OR ITS**

25 **PROPERTY; AND (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR**

26 **RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE TO THE DISTRICT**

27 **WITH RESPECT TO ANY SUCH PRE-CONFIRMATION DATE CLAIMS.**

28         **C.**     **Term of Existing Injunctions or Stays**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

Unless otherwise provided, all injunctions or stays provided for in the Chapter 9 Case pursuant to sections 105, 362, or 922, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect unless and until the District receives a discharge in accordance with Section XI.A.

**D.    Exculpation**

Except with respect to obligations specifically arising pursuant to or preserved in this Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, cause of action or liability for any claim in connection with or arising prior to or on the Effective Date for any act taken in connection with, or related to, (i) the administration of the Chapter 9 Case, (ii) the negotiations, pursuit, confirmation, solicitation of votes for, consummation or implementation of the Plan, (iii) the administration of the Plan or property to be distributed under the Plan, (iv) the Cal. Gov't Code § 53760 process or compliance therewith, (v) any document, release, contract, or other instrument entered into in connection with, or related to, the Plan, and/or (vi) any other transaction contemplated by or entered into in connection with the Plan or entered into during the administration of the Chapter 9 Case; *provided*, *however*, that nothing in this Section XI.D. shall be deemed to release or exculpate any Exculpated Party for its willful misconduct or gross negligence. In all respects, each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan.

**E.    Good Faith Compromise**

In consideration for the distributions and other benefits provided under this Plan, the provisions of this Plan, including, without limitation, the exculpation provision contained in Section XI.D. of this Plan, constitute a good faith compromise and settlement of all Claims, causes of action and/or controversies relating to the rights that a holder of a Claim may have with respect to the District, any distributions to be made pursuant to the Plan on account of any such Claim, and any and all Claims and causes of action of any party. The entry of the Confirmation Order constitutes the Bankruptcy Court's approval, as

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  of the Effective Date, of the compromise or settlement of all such Claims and/or

2  controversies and the Bankruptcy Court's finding that all such compromises or settlements

3  are in the best interests of the District and the holders of Claims, and are fair, equitable,

4  and reasonable.

5  **XII.     RETENTION OF AND CONSENT TO JURISDICTION**

6          Following the Effective Date, and in accordance with section 945, the Bankruptcy

7  Court shall retain and have exclusive jurisdiction over any matter arising under the

8  Bankruptcy Code and relating to the District and/or arising in or related to the Chapter 9

9  Case or this Plan or the documents filed in support thereof, including, but not limited to:

10         1. The assumption, assumption and assignment, or rejection of any executory

11  contract or unexpired lease to which the District is a party or with respect to which the

12  District may be liable, and to hear, determine, and, if necessary, liquidate any Claims

13  arising therefrom;

14         2. The entry or orders as may be necessary or appropriate to implement or

15  consummate the provisions of this Plan, and all other contracts, settlement agreements,

16  instruments, releases, exculpations, and other agreements or documents related to this

17  Plan;

18         3. Any and all motions, adversary proceedings, applications, and contested or

19  litigated matters that may be pending on the Effective Date or that, pursuant to the Plan,

20  may be instituted by the District after the Effective Date or that are instituted by any holder

21  of a Claim before or after the Effective Date concerning any matter based upon, arising

22  out of, or relating to the Chapter 9 Case, whether or not such action is initially filed in the

23  Bankruptcy Court or any other court, including, without limitation, the Optum Adversary;

24         4. Distributions to holders of Allowed Claims pursuant to this Plan;

25         5. Any objections to Claims or to proofs of Claim filed, both before and after the

26  Effective Date, including any objections to the classification of any Claim, and motions to

27  allow, disallow, determine, liquidate, classify, estimate or establish the priority of or

28  secured or unsecured status of any Claim, in whole or in part;

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

6. The entry of orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, reversed or vacated;

7. The entry of orders in aid of execution of this Plan, to the extent authorized by section 1142(b);

8. Modifications to this Plan, the cure of any defect or omission, or the reconciliation any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

9. Disputes or controversies arising in connection with or relating to this Plan or the Confirmation Order or the interpretation, implementation, or enforcement of this Plan or the Confirmation Order or the extent of any entity's obligations incurred in connection with, released, enjoined, or exculpated under this Plan or the Confirmation Order;

10. The issuance of injunctions, entry and implementation of other orders, or such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of this Plan;

11. Any other matters that may arise in connection with or are related to this Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document related to this Plan or the Disclosure Statement;

12. Any other matter for any purpose specified in the Confirmation Order that is not inconsistent with the Bankruptcy Code; and

13. Any and all disputes or controversies arising in connection with or relating to the terms or enforcement of any relevant agreements.

14. The ability of the District to obtain funding, including revenue bonds ("**Revenue Bond**").

## XIII. CONDITIONS PRECEDENT

### A. Condition Precedent to Confirmation

The Plan shall not be confirmed unless and until the following conditions precedent have been satisfied or waived: (1) the Plan satisfies the requirements of section 943(b), as

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

applicable; (2) the District has received any and all authorizations, consents, regulatory

approvals, rulings, no-action letters, opinions, and documents that are necessary to

implement the Plan and that are required by law, regulation or order, including, but not

limited to, those required under section 943(b)(6); and (3) the Bankruptcy Court enters a

Confirmation Order in a form and substance satisfactory to the District.

**B.      Conditions Precedent to Effective Date**

The Effective Date shall not occur and this Plan shall be of no force and effect

unless or until following conditions precedent have been satisfied or waived:

1.      **Confirmation Order**. The Confirmation Order shall have been

entered, shall be in full force and effect, and shall be a Final Order.

2.      **Plan Documents**. All agreements and instruments contemplated by,

or to be entered into pursuant to, this Plan shall be in form and substance acceptable to

the District and shall have been duly and validly executed and delivered, or deemed

executed by the parties thereto, and all conditions to their effectiveness shall have been

satisfied or waived.

3.      **Timing**. The Effective Date shall occur on the first Business Day after

which the conditions set forth in Section XII.B are satisfied or waived.

**C.      Waiver of Conditions Precedent to Effective Date**

The District may waive in whole or in part any condition to the Effective Date of this

Plan or the payment of any Claim on or as soon as practicable after the Effective Date.

Any such waiver of a condition may be effected at any time, without notice or leave or

order of the Bankruptcy Court and without any formal action, other than the filing of a

notice of such waiver with the Bankruptcy Court.

**D.      Effect of Failure of Conditions**

In the event that the conditions to the Effective Date of this Plan have not been

timely satisfied or waived, and upon notification submitted by the District to the Bankruptcy

Court, (i) the Confirmation Order shall be vacated, (ii) no distributions under this Plan shall

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

be made, (iii) the District and all holders of Claims shall be restored to the *status quo ante* as of the day immediately preceding the Confirmation Date as though the Confirmation Date never occurred, and (iv) all of the District's obligations with respect to the Claims shall remain unchanged and nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the District or any other entity or to prejudice in any manner the rights, remedies, or claims of the District or any entity in any further proceeding involving the District.

### E.    No Admission of Liability

The Plan constitutes a settlement and compromise between and among the District and various parties. The Plan shall not be deemed an admission or concession with respect to any factual or legal contention, right, defense, or position taken by the District.

## XIV.    MISCELLANEOUS PROVISIONS

### A.    Dissolution of the Committee

On the Effective Date, the Committee shall be released and discharged of and from all further authority, duties, responsibilities, and obligations relating to and arising from and in connection with the Chapter 9 Case and the Committee shall be deemed dissolved and its appointment terminated. Any professionals retained by the Committee and/or the members thereof shall not be entitled to compensation or reimbursement of expenses for any services rendered or expenses incurred.

### B.    Severability

If any term or provision of this Plan is held by the Bankruptcy Court or any other court of competent jurisdiction to be invalid, void, or unenforceable, the Bankruptcy Court, in each such case at the election of and with the consent of the District, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of this Plan shall remain in full

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**C.**   **Governing Law**

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the laws of the State of California, without giving effect to principles of conflicts of laws.

**D.**   **Effectuating Documents and Further Transactions**

Each of the officials and employees of the District is authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and provisions of this Plan. Without limiting the foregoing, from and after the Effective Date, the District is authorized to execute, deliver, and perform under any and all documents relating to the Revenue Bond. For the avoidance of all doubt, all applicable revenues and revenue bond funds pledged or otherwise used for payment shall remain special revenues as defined in Section 902 of the Bankruptcy Code.

**E.**   **Acceleration of Payments**

The District in its sole and absolute discretion may accelerate the payment(s) of any or all of the payments required under the Plan without the need for further order of the Bankruptcy Court, *so long as* the acceleration of payment(s) does not render the District unable to pay operational expenses on a going forward basis or meet its obligations under the Plan. The accelerated payment of any Claim pursuant to this provision shall not result in any pre-payment penalty or premium or any additional liability for the District.

**F.**   **Delivery of Notices**

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Unless otherwise provided herein, any and all notices required under this Plan shall be delivered to counsel for the District via email addressed to kadele@wgllp.com and jgolden@wgllp.com **and** by U.S. Mail, postage prepaid, addressed to:

Southern Inyo Healthcare District
c/o Jeffrey I. Golden
Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626

The District may change the address for service of notices under the Plan at any time by filing a notice of change of address with the Bankruptcy Court and serving the same on all creditors and interested parties. Any notice that is not delivered in accordance with this paragraph or as directed in any change of address notification for the District shall be deemed ineffective.

1    **G.    Notice of Effective Date**

2    On or before fourteen (14) days after occurrence of the Effective Date, the District

3    or its agent shall mail or cause to be mailed to all holders of Allowed Claims a notice that

4    informs such holders of: (i) entry of the Confirmation Order; (ii) the occurrence of the

5    Effective Date; (iii) the deadline for the filing of Claims arising from such rejection of any

6    executory contract or unexpired lease; (iv) the deadline established under this Plan for the

7    filing of Administrative Claims and/or Professional Claims; (v) the procedures for changing

8    an address of record pursuant to Section IX.B.; and (vi) such other matters as the District

9    deems to be appropriate.

10

11   Dated:  March 12, 2020                    SOUTHERN INYO HEALTHCARE DISTRICT

12

13                                             By:  _____
                                                    Jaque Hickman
14                                             President of the Board of Directors for
                                               Southern Inyo Healthcare District
15

16   Dated:  March 12, 2020                    WEILAND GOLDEN GOODRICH LLP

17                                             By:  _/s/ Jeffrey I. Golden_____
                                                    Jeffrey I. Golden
18                                             Attorneys for Debtor
                                               Southern Inyo Healthcare
19                                             District

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1260605.1                          45                   SEVENTH AMENDED PLAN