Filed 06/19/20    Case 16-10015    Doc 1027

**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone   714-966-1000
Facsimile   714-966-1002

Attorneys for Debtor
SOUTHERN INYO HEALTHCARE DISTRICT

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>    Debtor. | Case No. 1:16-bk-10015-FEC<br><br>Chapter 9<br><br>WGG-7<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW APPROVING PLAN FOR THE ADJUSTMENT OF DEBTS OF SOUTHERN INYO HEALTHCARE DISTRICT DATED AS OF JUNE 8, 2020**<br><br>Date:    June 11, 2020<br>Time:   9:00 a.m.<br>Place:   501 I. Street<br>            Sacramento, CA<br>            Courtroom 28 |

On or about May 19, 2020, the hearing ("Confirmation Hearing") to consider confirmation of the Seventh Amended Plan for the Adjustment of Debts of Southern Inyo Healthcare District ("Debtor" or "District"), dated as of March 16, 2020 ("March Plan"), came before the above-captioned court ("Bankruptcy Court"). Appearances were as noted

1279019.1                                                   FINDINGS OF FACT AND CONCLUSIONS
                                                                                          OF LAW

RECEIVED
June 19, 2020
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006791905

on the record. The Confirmation Hearing was continued to June 11, 2020, at 9:00 a.m. ("Continued Confirmation Hearing"). At the continued Confirmation Hearing the Bankruptcy Court considered confirmation of the Modified Seventh Amended Plan for the Adjustment of Debts of Southern Inyo Healthcare District, dated as of June 8, 2020 (the "Plan"). Appearances were as noted on the record.

The Bankruptcy Court considered, among other things:

(i) The March Plan [Docket No. 915].

(ii) The District's Motion for Order Approving Non-Material Modifications to the District's March 16 Plan [Docket No. 1000] ("Motion to Modify").

(iii) The District's Supplement to Motion for Order Approving Non-Material Modifications to the District's March Plan and the fully executed agreement attached thereto [Docket No. 1012] ("Supplement to Motion to Modify").

(iv) The Plan [Docket No. 1010];

(v) The absence of any objections or responses to the Plan;

(vi) The Disclosure Statement for the Plan of Adjustment filed on March 12, 2020 (the "Disclosure Statement") [Docket No. 908], approved by the Order Approving Seventh Amended Disclosure Statement and Plan Confirmation Scheduling Order, entered on March 16, 2020 ("Disclosure Statement Order") [Docket No. 917], finding and holding, among other things, that the Disclosure Statement contained adequate information for use in connection with the solicitation of acceptances of the March Plan (collectively the "Solicitation Materials");

(vii) The proofs of service for the Plan, Disclosure Statement, ballots and notice of the date and time of the Confirmation Hearing, Continued Confirmation Hearing, and the deadlines to vote on and object to confirmation of the Plan;

(viii) Declaration of Kelly Adele [Docket No. 942] to which is attached each returned ballot received by the ballot tabulation deadline, which confirms that

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000　Fax 714-966-1002

the District received no timely ballots voting against the Plan, and holders of impaired classes 1E, 1F, 1G, 1H, 2, 3, 4, and 5 voted to confirm the Plan;

(ix) The Motion to Confirm Seventh Amended Plan for Adjustment of Debts of Southern Inyo Healthcare District, filed April 21, 2020 ("Motion for Confirmation") [Docket No. 938];

(x) The declarations of Jeffrey I. Golden [Docket No. 940], Don Fife [Docket No. 941], and Peter J. Spiers [Docket No. 946] in support of the Motion for Confirmation;

(xi) The requests for determination of reasonableness (collectively, the "Requests for Reasonableness") filed by (a) Province, Inc. [Docket No. 948], (b) Jeffrey S. Shinbrot, APLC [Docket No. 952], (c) Baker & Hostetler LLP [Docket No. 953] ("Baker"), (d) Nave Law Office, P.C. [Docket No. 955], (e) Hahn Fife [Docket No. 957], (e) Dentons US LLP [Docket No. 959], (f) Weiland Golden Goodrich LLP [Docket No. 963], and (g) Foley & Lardner LLP [Docket No. 1003] (each a "Professional" and collectively the "Professionals");

(xii) The supplemental requests for determination of reasonableness ("Supplemental Requests for Reasonableness") filed by (a) Weiland Golden Goodrich LLP [Docket No. 994], (b) Hahn Fife [Docket No. 995], (c) Nave Law Office, P.C. [Docket No. 996], and (d) Foley & Lardner LLP [Docket No. 1014];

(xiii) The stipulation entered into between the District and Baker ("Baker Stipulation") [Docket No. 993];

(xiv) The Declaration of Ashley M. McDow in support of (1) Statement of Fees and Expenses Incurred by Foley & Lardner and Request for A determination of Reasonableness under 11 U.S.C. § 943; and (2) Supplemental Statement of Fees and Expenses Incurred by Foley & Lardner LLP and Request for a Determination of Reasonableness under 11 U.S.C. § 943 [Docket No. 1022];

(xv) The record and proceedings in the above-captioned bankruptcy proceeding ("Bankruptcy Case"); and

(xvi) The arguments of counsel at the Confirmation Hearing and Continued Confirmation Hearing.

(xvii) Any and all matters of which the Bankruptcy Court can take judicial notice.

Having reviewed each of the above, the Court hereby makes the following Findings of Fact and Conclusions of Law[1]:

1. This Court has jurisdiction over the above-captioned bankruptcy case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The District is a proper debtor under 11 U.S.C. § 109 and the proper proponent of the Plan under 11 U.S.C. § 941.

2. The Solicitation Materials were transmitted and served upon all interested parties in compliance with the Disclosure Statement Order and in compliance with the Bankruptcy Rules, and such transmittal and service was adequate and sufficient. Notice of the Confirmation Hearing and Continued Confirmation Hearing and all deadlines in the Disclosure Statement order was given in compliance with the Bankruptcy Rules and the Disclosure Statement Order and was good and sufficient notice in accordance with Bankruptcy Rule 2002 and 3020, and no other or further notice is or was required. Votes for acceptance or rejection of the Plan were solicited in good faith, after transmittal of the Disclosure Statement containing adequate information, and otherwise in compliance with Bankruptcy Code sections 1125 and 1126 and Bankruptcy Rules 3016 and 3020.

3. Impaired Classes 1E, 1F, 1G, 1H, 2, 3, 4, and 5 voted to accept the Plan pursuant to the requirements of 11 U.S.C. §§ 1124 and 1126. At least one impaired class of Claims has voted to accept the Plan pursuant to 11 U.S.C. § 1129(a)(10).

---

[1] These written findings and conclusions supplement the oral findings and conclusions stated by the Court at the Confirmation Hearing and Continued Confirmation Hearing. Any inconsistency between the oral rulings and the written rulings shall be resolved by giving deference to the written rulings.

1279019.1      4      FINDINGS OF FACT AND CONCLUSIONS OF LAW

4.　　Class 1D is not impaired under the Plan and is deemed to have accepted the Plan pursuant to 11 U.S.C. § 1126(f).

5.　　Classes 1A, 1B, and 1C are impaired classes that were entitled to vote, but did not cast a ballot. Impaired classes 1E, 1F, 1G, 1H, 2, 3, 4, and 5 voted to accept the Plan and are not insiders. The Plan is fair and equitable pursuant to 11 U.S.C. § 1129(b)(2)(B). The Plan does not unfairly discriminate against any class pursuant to 11 U.S.C. § 1129(b)(1). The Plan proposes to pay each nonaccepting secured Claim[2] holder the full amount of its secured claim, with the remainder of such claim allowed as a general unsecured claim in Class 4. The Plan meets the cramdown requirements of 11 U.S.C. § 1129(b).

6.　　The District timely filed its Plan pursuant to 11 U.S.C. § 941.

7.　　Pursuant to Section 1122(a), the Plan classifies each Claim against the District into a Class containing only substantially similar Claims. Pursuant to 11 U.S.C. § 1123(a)(1), the Plan properly classifies all Claims that require classification. Pursuant to 11 U.S.C. § 1123(a)(2), the Plan properly identifies and describes each Class of Claims that is not impaired under the Plan. Pursuant to 11 U.S.C. § 1123(a)(3), the Plan properly identifies and describes the treatment of each Class of Claims that is impaired under the Plan. Pursuant to 11 U.S.C. § 1123(a)(4), the Plan provides the same treatment for each Claim of a particular Class.

8.　　Pursuant to 11 U.S.C. § 1123(a)(5), the Plan provides adequate means for its implementation.

9.　　Pursuant to 11 U.S.C. § 1123(b)(1), the Plan impairs or leaves unimpaired each Class of Claims. Pursuant to 11 U.S.C. § 1123(b)(2), the Plan provides for the assumption and assignment, or rejection of all executory contracts and/or unexpired leases that have not been previously assumed and assigned, or rejected pursuant to 11

---

[2] Any and all capitalized terms not expressly defined herein shall have the same meaning ascribed to them in the Plan.

1279019.1　　　　　　　　　　　5　　　　　　　FINDINGS OF FACT AND CONCLUSIONS OF LAW

U.S.C. § 365 and orders of the Court. Pursuant to 11 U.S.C. § 1123(b)(3), the Plan provides that the District shall retain all of its claims, causes of action, rights of recovery, rights of offset, recoupments rights to refunds, and similar rights. Pursuant to 11 U.S.C. § 1123(b)(5), the Plan modifies or leaves unaffected the rights of holders of Claims in each Class. Pursuant to 11 U.S.C. § 1123(b)(6), the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

10. Pursuant to 11 U.S.C. § 1129(a)(2), the District has complied with the applicable provisions of the Bankruptcy Code. The District has complied with the requirements of 11 U.S.C. §§ 1125 and 1126. Specifically, in the Disclosure Statement Order, the Court ruled that the Disclosure Statement satisfied the requirements of 11 U.S.C. § 1125(b). On or prior to March 17, 2020, the District served by mail the Solicitation Materials on all parties entitled to vote on the Plan. Therefore, the District has complied with the requirements of 11 U.S.C. § 1129(a)(2).

11. Pursuant to 11 U.S.C. § 1129(a)(3) the Plan was proposed in good faith and not by any means forbidden by law. No party has objected to the Plan or voted to reject the Plan. Therefore, the District has satisfied the requirements of 11 U.S.C. § 1129(a)(3).

12. The Plan does not contain any rate changes that are subject to any governmental rate-setting commission, and 11 U.S.C. § 1129(a)(6) is therefore not applicable.

13. The Plan complies with 11 U.S.C. § 1129(a)(10) as the impaired classes 1E, 1F, 1G, 1H, 2, 3, 4, and 5 voted in favor of the Plan. None of these listed impaired classes is an insider of the District.

14. The Plan complies with 11 U.S.C. § 943(b)(2). The Plan's compliance in 11 U.S.C. §§ 941 and 942 is discussed above, and the Plan's compliance in 11 U.S.C. § 943 is discussed below.

15. The District has complied with 11 U.S.C. § 943(b)(3) and each Professional that has been paid by, or will be paid by, the District relating to the Bankruptcy Case has disclosed the amounts paid or to be paid by the District pursuant to the Requests for

Reasonableness and the Supplemental Requests for Reasonableness and the Court has found that such payments are reasonable for purposes of 11 U.S.C. § 943(b)(3).

16. Pursuant to the Baker Stipulation, Baker has agreed to the Plan's treatment of its claim solely as a Class 4 General Unsecured Claim.

17. The District intends to comply with all laws, regulations, and ordinances following confirmation, and nothing in the Plan proposes an action in violation of existing applicable laws. Accordingly, the District has satisfied the requirements of 11 U.S.C. § 943(b)(4).

18. The Plan satisfies the requirements of 11 U.S.C. § 943(b)(5).

19. The District does not need to obtain any regulatory or electoral approval under non-applicable law in order to carry out the provisions of the Plan. Therefore, the Plan satisfies the requirements of 11 U.S.C. § 943(b)(6).

20. Confirmation of the Plan is in the best interest of the District's creditors and dismissal is not in the best interests of the District's creditors pursuant to 11 U.S.C. § 943(b)(7).

21. The Plan is feasible pursuant to 11 U.S.C. § 943(b)(7).

###

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

APPROVED AS TO FORM:

Dated: June 19, 2020                    STRADLING YOCCA CARLSON & RAUTH, P.C.

                                        By: *Paul R. Glassman by JB*
                                            Paul R. Glassman
                                            Attorneys for Medsphere
                                            Systems Corporation

Dated: June 19, 2020                    SHIPMAN & GOODWIN LLP


                                        By: _____
                                            Eric S. Goldstein
                                            Attorneys for Optum Bank,
                                            Inc.

Dated: June 19, 2020                    WENGER JONES HELSLEY PC


                                        By: _____
                                            Christopher A. Lisieski
                                            Attorneys for Healthcare
                                            conglomerate Associates,
                                            LLC and Vi Healthcare
                                            Finance, Inc.

1279019.1                          8            FINDINGS OF FACT AND CONCLUSIONS
                                                                          OF LAW

**APPROVED AS TO FORM:**

Dated: June 19, 2020                    STRADLING YOCCA CARLSON & RAUTH, P.C.

                                        By: _____
                                        Paul R. Glassman
                                        Attorneys for Medsphere
                                        Systems Corporation

Dated: June 19, 2020                    SHIPMAN & GOODWIN LLP

                                        By:  */s/ Eric S. Goldstein*
                                        Eric S. Goldstein
                                        Attorneys for Optum Bank,
                                        Inc.

Dated: June 19, 2020                    WENGER JONES HELSLEY PC

                                        By: _____
                                        Christopher A. Lisieski
                                        Attorneys for Healthcare
                                        conglomerate Associates,
                                        LLC and Vi Healthcare
                                        Finance, Inc.

APPROVED AS TO FORM:

Dated: June 19, 2020     STRADLING YOCCA CARLSON & RAUTH, P.C.

By: _____
Paul R. Glassman
Attorneys for Medsphere
Systems Corporation

Dated: June 19, 2020     SHIPMAN & GOODWIN LLP

By: _____
Eric S. Goldstein
Attorneys for Optum Bank, Inc.

Dated: June 19, 2020     WANGER JONES HELSLEY PC

By: _____
Christopher A. Lisieski
Attorneys for Healthcare
conglomerate Associates,
LLC and Vi Healthcare
Finance, Inc.

It is so ordered.

Dated: Jun 19, 2020

_____
Fredrick E. Clement
United States Bankruptcy Judge